PERKINS COIE LLP
Sarah Fowler (Bar No. 264838)
Amisha Manek (Bar No. 305163)
3150 Porter Drive
Palo Alto, CA 94304-1212
Phone: 650.838.4300
SFowler@perkinscoie.com
AManek@perkinscoie.com

PERKINS COIE LLP
Gene W. Lee (*pro hac vice* to be filed)
Thomas Matthew (*pro hac vice* to be filed)
1155 Avenue of the Americas, 22nd floor
New York, NY 10112-0015
212.262.6900
GLee@perkinscoie.com
TMatthew@perkinscoie.com

*Attorneys for Plaintiff Twitter, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TWITTER, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>VOIP-PAL.COM, INC., a Nevada corporation,<br><br>Defendant. | No. 21-cv-2769<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

## I. INTRODUCTION

1. This Complaint for declaratory judgment of noninfringement ("Declaratory Judgment Complaint") arises from a real, substantial, immediate, and justiciable controversy between plaintiff Twitter, Inc. ("Twitter"), and defendant VoIP-Pal.com Inc. ("VoIP-Pal"), as to whether Twitter infringes any claims of U.S. Patent 9,935,872 ("the '872 patent"; Exhibit 1), which is entitled, "Producing Routing Messages For Voice Over IP Communications." This action is related to prior litigations between VoIP-Pal and Twitter that began in 2016.

2. The '872 patent is a continuation patent from a patent family that includes six other patents that VoIP-Pal asserted in prior lawsuits against Twitter, Apple, AT&T, Verizon, and Amazon that VoIP-Pal filed in 2016 and 2018 in the District of Nevada. Those actions were later transferred to this Court ("the 2016 and 2018 Cases"). The '872 patent shares a common specification with the six previously-asserted patents. All six of the previously-asserted patents were found to be invalid under 35 U.S.C. § 101 for claiming ineligible subject matter, including U.S. Patent 9,179,005 ("the '005 patent"; Exhibit 2) and U.S. Patent 8,542,815 ("the '815 patent"), which VoIP-Pal asserted in the 2016 Case against Twitter. *E.g.*, *VoIP-Pal.com, Inc. v. Twitter, Inc.*, Case No. 18-cv-04523-LHK, ECF No. 82 (Mar. 25, 2019).

3. In April 2020, VoIP-Pal filed lawsuits in the Western District of Texas asserting U.S. Patent 10,218,606 ("the '606 patent"; Exhibit 3) against Facebook, WhatsApp, Google, Amazon, Apple, AT&T, and Verizon ("the Texas lawsuits"). The '606 patent is a continuation of the '872 patent and is a member of the same family of patents asserted in the 2016 and 2018 Cases, and shares a common specification with the six patents asserted in the 2016 and 2018 Cases and the '872 patent. The claims of the '606 patent asserted in those new lawsuits are very similar to the claims of the patents that VoIP-Pal previously asserted in the 2016 and 2018 Cases and were found to be invalid by this Court.

4. On April 8, 2020, VoIP-Pal issued a press release stating that VoIP-Pal is considering taking further action and is not finished taking action in the wake of a recent decision by the Court of Appeals for the Federal Circuit in favor of Twitter, Apple, AT&T, and Verizon

that affirmed this Court's judgment in the 2016 Cases that two of VoIP-Pal's previously-asserted patents are invalid under 35 U.S.C. § 101 (Exhibit 4).

5. On April 8, 2020, after seeing VoIP-Pal's lawsuits in Texas against Facebook, WhatsApp, Google, Amazon, and Apple and VoIP-Pal's press release, Twitter filed an action for declaratory judgment of noninfringement of the '606 patent against VoIP-Pal in this Court (Case No. 20-cv-02397). Soon thereafter, Apple, AT&T, and Verizon filed similar declaratory judgment actions against VoIP-Pal based on the '606 patent. On April 14, 2020, Apple filed a first amended complaint that added claims for declaratory judgment of noninfringement and invalidity for the '872 patent.

6. In June 2020, counsel for Twitter asked counsel for VoIP-Pal whether VoIP-Pal would be willing to grant Twitter a covenant not to sue for the '606 patent, but VoIP-Pal declined to discuss a covenant not to sue. On June 26, 2020, Twitter filed a first amended complaint that added a claim for a declaratory judgment of invalidity of the '606 patent.

7. In July 2020, VoIP-Pal filed motions to dismiss Twitter's, Apple's, AT&T's and Verizon's declaratory judgment complaints in this Court for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue. In December 2020, the Court denied VoIP-Pal's motions to dismiss. *E.g.*, *Twitter, Inc. v. VoIP-Pal.com, Inc.*, Case No. 20-cv-02397, ECF No. 50 (Dec. 14, 2020) (Exhibit 5); *Apple Inc. v. VoIP-Pal.com, Inc.*, Case No. 20-cv-02460, ECF No. 60 (Dec. 11, 2020) (Exhibit 6).

8. Between December 2020 and April 2021, VoIP-Pal and Twitter had multiple communications about possible resolution of Twitter's declaratory judgment action against the '606 patent and a possible broader resolution that includes VoIP-Pal's other patents, including the '872 patent. Those communications have not resulted in a resolution of the dispute between VoIP-Pal and Twitter concerning VoIP-Pal's patents.

9. On March 24, 2021, VoIP-Pal filed another motion to dismiss the declaratory judgment actions filed by Twitter, Apple, AT&T, and Verizon—this time based on a limited covenant not to sue for infringement of the '606 patent. *E.g.*, *Twitter*, Case No. 20-cv-02397, ECF No. 62 (Mar. 21, 2021). That limited covenant not to sue was insufficient to eliminate

subject matter jurisdiction for Twitter's declaratory judgment claims for the reasons explained in Twitter's opposition to that motion. *Id.*, ECF No. 66 (Apr. 7, 2021). In response to Twitter's opposition, on April 9, 2021, VoIP-Pal offered a broader covenant not to sue based on the '606 patent and asked Twitter to stipulate to dismissal of Twitter's declaratory judgment action.

10.   On April 12, 2021, Twitter responded in part that, at a minimum, any covenant not to sue to resolve Twitter's declaratory judgment action against the '606 patent should also include the '872 patent. Twitter also stated that it expects VoIP-Pal to sue Twitter in the future and that even a broader covenant that includes the '606 and '872 patents would not be sufficient to resolve the broader dispute between Twitter and VoIP-Pal concerning VoIP-Pal's patent portfolio. On April 13, 2021, VoIP-Pal responded that its broader covenant not to sue was intended to address only the issues raised by Twitter in opposition to VoIP-Pal's motion to dismiss and declined to extend the covenant to include the '872 patent or other VoIP-Pal patents.

11.   Twitter's and VoIP-Pal's dispute concerning the '872 patent is related to VoIP-Pal's 2016 Case against Twitter and Twitter's declaratory judgment action involving the '606 patent. The claims of the '872 patent are very similar to the claims of the six patents that VoIP-Pal previously asserted in the 2016 and 2018 Cases and were found to be invalid by this Court, including the '005 patent, which was asserted against Twitter (Exhibits 1 and 2). The Federal Circuit affirmed this Court's judgment of invalidity for those six patents, including the '005 patent, which was asserted against Twitter. The claims of the '872 patent are also very similar to the claims of the '606 patent (Exhibits 1 and 3), which is the subject of the pending Texas lawsuits and the declaratory judgment actions filed by Twitter, Apple, AT&T, and Verizon in this Court. Apple has filed a claim for declaratory judgment of noninfringement and invalidity for the '872 patent, and this Court has found that subject matter jurisdiction exists for that claim.

12.   Twitter believes that it does not infringe and has not infringed any claims of the '872 patent. VoIP-Pal has offered to Twitter a license for its patents in the family that includes the '606 and '872 patents but on terms that are unreasonable and unacceptable to Twitter.

13.   VoIP-Pal's actions have created a real, substantial, and immediate controversy between VoIP-Pal and Twitter as to whether Twitter's products and/or services infringe any

4

claims of the '872 patent.  The facts and allegations recited herein show that there is a real, substantial, immediate, and justiciable controversy concerning these issues.

## II.  PARTIES

14. Plaintiff Twitter is a company incorporated under the laws of Delaware, with headquarters at 1355 Market Street, Suite 900, San Francisco, California.

15. Twitter operates a global Internet platform for public self-expression and conversation in real time.  People with a Twitter account can post "Tweets"—messages of 280 characters or less, sometimes with pictures or video, and those messages can be read by other people using the Twitter platform.  They may, in turn, "Retweet" those messages to their own followers.  Users can include "hashtagged" keywords (indicated by a "#") in their Tweets to facilitate searching for messages on the same topic.  People who use Twitter can also send direct messages to other users that can contain images and video.  Each day, people post hundreds of millions of Tweets, engaging in public conversation on virtually every conceivable topic.  Twitter's products and services are provided through the Twitter platform.

16. Based on information and belief, defendant VoIP-Pal is a company incorporated under the laws of Nevada and recently relocated its principal place of business from Bellevue, Washington, to 7215 Bosque Blvd, Suite 102, Waco, Texas 76710.  *See* https://www.voip-pal.com/contact-us; Exhibit 7.

17. Based on information and belief, VoIP-Pal is the owner of the '872 patent.

## III.  JURISDICTION AND VENUE

18. This Declaratory Judgment Complaint includes a count for declaratory relief under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.

19. Twitter seeks declaratory relief under 28 U.S.C. §§ 2201 and 2202.

20. This Court has subject matter jurisdiction over the claims alleged in this action under 28 U.S.C. §§ 1331, 1332, 1338, 2201, and 2202 because this Court has exclusive jurisdiction over declaratory judgment claims arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.  Jurisdiction is also proper under 28 U.S.C.

§ 1332 because Twitter and VoIP-Pal are citizens of different states, and the value of the controversy exceeds $75,000.

21.  This Court can provide the declaratory relief sought in this Declaratory Judgment Complaint because an actual case and controversy exists between the parties within the scope of this Court's jurisdiction pursuant to 28 U.S.C. § 2201.  An actual case and controversy exists at least because:

- VoIP-Pal previously filed lawsuits against Twitter and other defendants in the 2016 and 2018 Cases alleging infringement of six patents in the same family as the '606 and '872 patents;
- VoIP-Pal is asserting the '606 patent in the Texas lawsuits against Facebook, Google, Amazon, Apple, AT&T, and Verizon;
- Twitter, AT&T, and Verizon have filed actions in this Court seeking declaratory judgment of noninfringement and invalidity of the '606 patent, and Apple has filed an action in this Court seeking declaratory judgment of noninfringement and invalidity of the '606 and '872 patents;
- the '872 patent shares a common specification with VoIP-Pal's six patents asserted in the 2016 and 2018 Cases and the '606 patent;
- this Court denied VoIP-Pal's motions to dismiss Twitter's, Apple's, AT&T's, and Verizon's declaratory judgment lawsuits against the '606 patent for lack of subject matter jurisdiction, personal jurisdiction, and improper venue and also denied VoIP-Pal's motion to dismiss Apple's declaratory judgment claims against the '872 patent for lack of subject matter jurisdiction;
- the claims of the '872 patent are very similar to the claims of the six patents that VoIP-Pal previously asserted in the 2016 and 2018 Cases (including the '005 patent that VoIP-Pal asserted against Twitter), and the claims of the '606 patent;
- all six patents previously asserted by VoIP-Pal in the 2016 and 2018 Cases were held invalid under 35 U.S.C. § 101 by this Court, and—based on the substantial similarities

between those invalid claims and the claims of the '606 and '872 patents—the '606 and '872 patents are invalid for at least the same reasons;

- In April 2020, VoIP-Pal filed lawsuits in Texas against prior defendants Amazon, Apple, AT&T, and Verizon for infringement of the '606 patent;

- On April 8, 2020, VoIP-Pal made public statements to the effect that it is considering taking further action and is not finished taking action in the wake of the Federal Circuit's decision in April 2020 affirming the judgment that the claims of the two patents that VoIP-Pal asserted in the 2016 Cases against Twitter and others are invalid;

- VoIP-Pal's infringement allegations in the Texas lawsuits are similar to VoIP-Pal's infringement allegations in the 2016 and 2018 Cases (including against many of the same prior defendants) and are directed to accused instrumentalities that are similar to Twitter's products and services—for example, communications involving text, images, and videos;

- Twitter has told VoIP-Pal that Twitter expects to be sued in the future by VoIP-Pal for patent infringement, and VoIP-Pal has not denied Twitter's stated expectation;

- Twitter has requested a covenant not to sue or a license that includes the '872 patent, but, to date, VoIP-Pal and Twitter have not been able to agree on the terms of a covenant not to sue or a license for the '872 patent;

- VoIP-Pal has offered to Twitter a license for its patents in the family that includes the '606 and '872 patents but on terms that are unreasonable and unacceptable to Twitter; and

- Twitter does not infringe and has not infringed any claims of the '872 patent.

22. This Court has personal jurisdiction over VoIP-Pal because VoIP-Pal has engaged in actions in this District that form the basis of Twitter's claim against VoIP-Pal—namely, prosecuting a prior patent infringement lawsuit involving the '005 patent against Twitter in this District, voluntarily transferring from Nevada to this District the 2016 Cases against Apple, AT&T, and Verizon and the 2018 Cases against Apple and Amazon. VoIP-Pal also has retained counsel located in California to prosecute its patent portfolio and to represent VoIP-Pal in the

7

2016 and 2018 Cases, the Texas lawsuits, and the declaratory judgment actions filed by Twitter, Apple, AT&T, and Verizon in this Court, including Lewis Hudnell of the Hudnell Law Group in Mountain View, California.  On information and belief, on or about April 20, 2016, VoIP-Pal representative Ray Leon met with representatives of Apple in the Northern District of California in connection with VoIP-Pal's patent enforcement campaign.  VoIP-Pal moved to dismiss Twitter's, Apple's, AT&T's, and Verizon's declaratory judgment actions in this Court against the '606 patent and Apple's declaratory judgment claims against the '872 patent for lack of personal jurisdiction, but the Court denied VoIP-Pal's motions and found personal jurisdiction over VoIP-Pal to exist.

23.     As a result of VoIP-Pal's actions described above, there is a real, substantial, live, immediate, and justiciable case or controversy concerning the '872 patent between VoIP-Pal and Twitter, a company that resides and operates in this District.  As a result of VoIP-Pal's actions described above, VoIP-Pal has established sufficient minimum contacts with the Northern District of California such that VoIP-Pal is subject to specific personal jurisdiction in the Northern District of California for this action.  Further, the exercise of personal jurisdiction based on those repeated and highly-pertinent contacts does not offend traditional notions of fair play and substantial justice.

24.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400, including because, under Ninth and Federal Circuit law, venue in declaratory judgment actions for noninfringement of patents is determined under the general venue statute, 28 U.S.C. § 1391.

25.     Under 28 U.S.C. § 1391(b)(1), venue is proper in any judicial district where a defendant resides.  An entity with the capacity to sue and be sued, such as VoIP-Pal, is deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question under 28 U.S.C. § 1391(c).

26.     As discussed above, VoIP-Pal is subject to personal jurisdiction with respect to this action in the Northern District of California, and thus, for the purposes of this action, VoIP-Pal resides in the Northern District of California and venue is proper under 28 U.S.C. § 1391.

## IV. FACTUAL BACKGROUND

### A. VoIP-Pal's Prior Lawsuits (2016 and 2018 Cases)

27. In 2016, VoIP-Pal filed lawsuits in the District of Nevada against Twitter, Apple, AT&T, and Verizon, alleging infringement of the '815 and '005 patents. Between August and November of 2018, all four of those actions were transferred to this Court and consolidated for pretrial purposes: Twitter (Case No. 5:18-cv-04523-LHK), Verizon (Case No. 18-cv-06054-LHK), AT&T (Case No. 3:18-cv-06177-LHK), and Apple (Case No. 3:18-cv-06217-LHK) (collectively, the 2016 Cases).

28. In the 2016 Cases, Twitter, Apple, AT&T, and Verizon filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) that the asserted claims of the '815 and '005 patents are invalid under 35 U.S.C. § 101. On March 25, 2019, this Court granted the motion to dismiss and found all asserted claims of the '815 and '005 patents to be invalid (Exhibit 8). VoIP-Pal appealed. On March 16, 2020, the Federal Circuit affirmed this Court's judgment of invalidity.

29. In May and June 2018, VoIP-Pal filed two additional lawsuits against Apple and Amazon in the District of Nevada (collectively, "the 2018 Cases"), alleging infringement of four patents, U.S. Patents 9,537,762; 9,813,330; 9,826,002; and 9,948,549. Those four patents are in the same family as, and share a common specification with, the '815 and '005 patents that were asserted in the 2016 Cases. The asserted claims of the four patents in the 2018 Cases are very similar to the asserted claims of the two patents in the 2016 Cases.

30. In October and November 2018, VoIP-Pal voluntarily agreed to transfer to this Court the 2018 Cases against Apple (Case No. 5:18-cv-06216-LHK) and Amazon (Case No. 5:18-cv-07020-LHK).

31. In the 2018 Cases, Apple and Amazon filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) that the asserted claims of the four asserted patents are invalid under 35 U.S.C. § 101. On November 1, 2019, this Court granted Apple's and Amazon's motion to dismiss and found all asserted claims of the patents in the 2018 Cases to be invalid (Exhibit 9). VoIP-Pal appealed. On November 3, 2020, the Federal Circuit affirmed this Court's judgment of invalidity.

**B.     VoIP-Pal's Texas Lawsuits And Press Release, And Twitter's, Apple's, AT&T's, And Verizon's Declaratory Judgment Actions In This Court**

32.     During April 2-7, 2020, VoIP-Pal filed four new lawsuits in the Western District of Texas, Waco Division, asserting the '606 patent against defendants Facebook and WhatsApp (Case No. 20-cv-267), Google (Case No. 20-cv-269), and previously-sued defendants Amazon (Case No. 20-cv-272) and Apple (Case No. 20-cv-275).  On April 24, 2020, VoIP-Pal filed new lawsuits in the Western District of Texas asserting the '606 patent against AT&T (Case No. 20-cv-325) and Verizon Wireless (Case No. 20-cv-327).

33.     The '606 patent is entitled, "Producing Routing Messages For Voice Over IP Communications," and, on its face, issued on February 26, 2019 (Exhibit 3).  The '606 patent is in the same family as and shares a common specification with the six patents that VoIP-Pal asserted in the 2016 and 2018 Cases and were found to be invalid by this Court and also is a continuation of the '872 patent.  During prosecution of the '606 and '872 patents, the named inventors terminally disclaimed the terms of those patents in view of one or more of VoIP-Pal's patents asserted in the 2018 Cases.

34.     The claims of the '606 patent that VoIP-Pal asserts in the Texas lawsuits are very similar to claims of the six patents that VoIP-Pal asserted against Twitter, Apple, AT&T, and Verizon in the 2016 and 2018 Cases (for example, claim 74 of the '005 patent) and were held to be invalid.

35.     VoIP-Pal's infringement allegations in the Texas lawsuits are similar to VoIP-Pal's infringement allegations in the 2016 and 2018 Cases (including against many of the same prior defendants) and are directed to accused instrumentalities that are similar to Twitter's products and services (for example, communications involving text, images, and videos).

36.     On April 8, 2020, VoIP-Pal issued a press release that announced the filing of the Texas lawsuits against Facebook, WhatsApp, Google, Amazon, and Apple (Exhibit 4 and https://www.voip-pal.com/voip-pal-new-patent-lawsuits-april-).  The press release also mentioned the Federal Circuit's affirmance of this Court's judgment of invalidity in the 2016 Cases against Twitter, Apple, AT&T, and Verizon.  The press release states that, in the wake of the Federal

1  Circuit decision, VoIP-Pal is considering taking further action and "planning their next moves."
2  VoIP-Pal's CEO is quoted as saying, "Our legal team is assessing our next moves regarding this
3  Alice decision and we expect to announce our intentions soon. *I can tell you; we are not*
4  *finished*," and "We remain firm in our resolve to achieve monetization for our shareholders and
5  will continue to see this fight through until a successful resolution is reached. Patience is a
6  virtue." (Exhibit 4 (emphasis added).)

7  37. As a result of the events described above, on April 8, 2020, Twitter filed an action
8  for declaratory judgment of noninfringement of the '606 patent against VoIP-Pal in this Court
9  (Case No. 20-cv-02397). On June 26, 2020, Twitter filed a first amended complaint that added a
10 claim for a declaratory judgment of invalidity of the '606 patent.

11 38. On April 10, 2020, Apple filed an action for declaratory judgment of
12 noninfringement and invalidity of the '606 patent against VoIP-Pal in this Court (Case No. 20-cv-
13 02460). On April 14, 2020, Apple filed a first amended complaint that added claims for
14 declaratory judgment of noninfringement and invalidity of the '872 patent.

15 39. On April 24, 2020, VoIP-Pal filed lawsuits in the Western District of Texas
16 asserting the '606 patent against AT&T and Verizon.

17 40. On April 30, 2020, AT&T filed an action for declaratory judgment of
18 noninfringement and invalidity of the '606 patent against VoIP-Pal in this Court (Case No. 20-cv-
19 02995).

20 41. On May 5, 2020, Verizon filed an action for declaratory judgment of
21 noninfringement and invalidity of the '606 patent against VoIP-Pal in this Court (Case No. 20-cv-
22 03092).

23 42. On June 4, 2020, counsel for Twitter asked counsel for VoIP-Pal whether VoIP-
24 Pal would be willing to grant Twitter a covenant not to sue based on the '606 patent. On June 11,
25 2020, counsel for VoIP-Pal declined to discuss a covenant not to sue.

26 43. On July 10, 2020, VoIP-Pal filed motions to dismiss Twitter's, AT&T's, and
27 Verizon's declaratory judgment actions against the '606 patent and Apple's declaratory judgment
28 action against the '606 and '872 patents for lack of subject matter jurisdiction, lack of personal

jurisdiction, and improper venue. In December 2020, this Court denied VoIP-Pal's motions to dismiss, finding that subject matter jurisdiction and personal jurisdiction exist and that venue is proper. *E.g.*, *Twitter, Inc. v. VoIP-Pal.com, Inc.*, Case No. 20-cv-02397, ECF No. 50 (Dec. 14, 2020) (Exhibit 5); *Apple Inc. v. VoIP-Pal.com, Inc.*, Case No. 20-cv-02460, ECF No. 60 (Dec. 11, 2020) (Exhibit 6).

44. On December 2, 2020, counsel for Twitter and VoIP-Pal had a telephone call in which VoIP-Pal offered to pay Twitter $250,000 for Twitter to dismiss its declaratory judgment action against the '606 patent. Twitter informed VoIP-Pal that Twitter is not interested in a piecemeal settlement in view of VoIP-Pal's other patents, including the '872 patent, which was the subject of declaratory judgment claims advanced by Apple, and the likelihood that VoIP-Pal would sue Twitter again in the future. Twitter's counsel asked if VoIP-Pal would be willing to discuss a global settlement by which VoIP-Pal would agree not to sue Twitter on any of its patents. VoIP-Pal's counsel declined to discuss such a global settlement.

45. On January 4, 2021, counsel for Twitter corresponded with counsel for VoIP-Pal to state that, in view of VoIP-Pal's litigation history and patent portfolio, Twitter is not interested in pursuing a piecemeal resolution that would resolve only the current action and to note that VoIP-Pal declined to discuss a broader resolution that would include the '872 patent.

46. On January 11, 2021, counsel for Twitter and VoIP-Pal had a telephone call in which VoIP-Pal proposed to enter into a settlement for the '606 patent and "all family members" (which includes the '872 patent), for a payment by Twitter of $1 million. On January 15, 2021, Twitter declined VoIP-Pal's offer based in part on the belief that the '606 and '872 patents and other patents in the same family are invalid under 35 U.S.C. § 101.

47. On March 24, 2021, VoIP-Pal filed additional motions to dismiss Twitter's, AT&T's, and Verizon's declaratory judgment actions against the '606 patent and Apple's declaratory judgment action against the '606 and '872 patents—this time based on covenants not to sue that VoIP-Pal granted in the motions. *E.g.*, *Twitter*, Case No. 20-cv-02397, ECF No. 62 (Mar. 21, 2021). That covenant was insufficient to eliminate subject matter jurisdiction for reasons explained in Twitter's opposition. *Id.*, ECF No. 66 (Apr. 7, 2021). In response, on

April 9, 2021, VoIP-Pal offered a broader covenant not to sue based on the '606 patent and asked Twitter to stipulate to dismissal of Twitter's declaratory judgment action.

48. On April 12, 2021, Twitter responded in part that, at a minimum, a covenant not to sue to resolve Twitter's declaratory judgment action against the '606 patent should also include the '872 patent in view of Twitter's and Voip-Pal's prior discussions about the '872 patent, VoIP-Pal's initial refusal to discuss a global resolution that includes the '872 patent, Apple's existing declaratory judgment claims against the '872 patent and the fact that Twitter can file the same declaratory judgment claims against the 872 patent, and VoIP-Pal's unreasonable settlement demands. Twitter also stated that it expects VoIP-Pal to sue Twitter in the future and that even a broader covenant that includes the '606 and '872 patents would not be sufficient to resolve the broader dispute between Twitter and VoIP-Pal based on VoIP-Pal's patent portfolio. VoIP-Pal responded by declining to discuss at that time a covenant not to sue for more than the '606 patent.

49. Twitter's and VoIP-Pal's dispute concerning the '872 patent is related to the prior litigations between VoIP-Pal and Twitter that began in 2016. The claims of the '872 patent are very similar to the claims of the six patents that VoIP-Pal previously asserted in the 2016 and 2018 Cases and were found to be invalid by this Court. For example, claim 1 of the '872 patent is very similar to claim 74 of the '005 patent, which was previously asserted against Twitter, Apple, AT&T, and Verizon in the 2016 Cases. Both claims define methods of routing communications between devices of first and second participants in an Internet-connected network ('872 patent) or a packet switched network ('005 patent), using "identifiers" of the participants. The participants are associated with first and second "network elements" ('872 patent) or "portions" of the network that are controlled or not controlled by an "entity" ('005 patent). The first participant identifier is used to locate a first participant "profile" that includes a plurality of "attributes" associated with the first participant. At least one of the attributes are (1) processed to determine whether the communication to the second participant is allowed to proceed, and, if so, to produce a routing message that identifies an Internet address associated with a first or second network element to establish communication with the second participant device ('872 patent), or

(2) compared to a "criterion" to produce a routing message that identifies an address in a first or second portion of the packet switched network.

50. The '606 patent is a continuation of the '872 patent. During prosecution of the '606 and '872 patents, the named inventors terminally disclaimed the terms of those patents in view of one or more of VoIP-Pal's patents asserted in the 2018 Cases. The claims of the '872 patent are very similar to the claims of the '606 patent (Exhibits 1 and 3), which is the subject of the pending Texas lawsuits and the declaratory judgment actions filed by Twitter, Apple, AT&T, and Verizon in this Court. For example, claim 1 of the '872 patent is very similar to claims 1, 8, 15, and 19 of the '606 patent, which are exemplary asserted claims identified by VoIP-Pal in the Texas lawsuits.

51. Twitter believes that it does not infringe and has not infringed any claims of the '872 patent.

## INTRADISTRICT ASSIGNMENT

52. For purposes of intradistrict assignment under Civil Local Rules 3-2(c) and 3-5(b), this Intellectual Property Action will be assigned on a district-wide basis. Twitter believes that the case should be assigned to the Honorable Lucy H. Koh, who presided over the prior lawsuits between VoIP-Pal and Twitter, Apple, AT&T, Verizon, and Amazon. *E.g.*, *VoIP-Pal.com, Inc. v. Twitter, Inc.*, Case No. 18-cv-04523-LHK; *Twitter, Inc. v. VoIP-Pal.com, Inc.*, Case No. 20-cv-02397.

## FIRST CLAIM FOR RELIEF
(DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '872 PATENT BY TWITTER)

53. The facts and allegations contained in the preceding paragraphs are incorporated by reference herein.

54. In view of the facts and allegations set forth above, there is an actual, substantial, immediate, and justiciable controversy between Twitter and VoIP-Pal regarding whether Twitter's products and services infringe any claims of the '872 patent.

55. For example, an actual case and controversy exists at least because:

- VoIP-Pal previously filed lawsuits against Twitter and other defendants in the 2016 and 2018 Cases alleging infringement of six patents in the same family as the '606 and '872 patents;
- VoIP-Pal is asserting the '606 patent in the Texas lawsuits against Facebook, Google, Amazon, Apple, AT&T, and Verizon;
- Twitter, AT&T, and Verizon have filed actions in this Court seeking declaratory judgment of noninfringement and invalidity of the '606 patent, and Apple has filed an action in this Court seeking declaratory judgment of noninfringement and invalidity of the '606 and '872 patents;
- the '872 patent shares a common specification with VoIP-Pal's six patents asserted in the 2016 and 2018 Cases and the '606 patent;
- this Court denied VoIP-Pal's motions to dismiss Twitter's, Apple's, AT&T's, and Verizon's declaratory judgment lawsuits against the '606 patent for lack of subject matter jurisdiction, personal jurisdiction, and improper venue and also denied VoIP-Pal's motion to dismiss Apple's declaratory judgment claims against the '872 patent for lack of subject matter jurisdiction;
- the claims of the '872 patent are very similar to the claims of the six patents that VoIP-Pal previously asserted in the 2016 and 2018 Cases (including the '005 patent that VoIP-Pal asserted against Twitter), and the claims of the '606 patent;
- all six patents previously asserted by VoIP-Pal in the 2016 and 2018 Cases were held invalid under 35 U.S.C. § 101 by this Court, and—based on the substantial similarities between those invalid claims and the claims of the '606 and '872 patents—the '606 and '872 patents are invalid for at least the same reasons;
- In April 2020, VoIP-Pal filed lawsuits in Texas against prior defendants Amazon, Apple, AT&T, and Verizon for infringement of the '606 patent;
- On April 8, 2020, VoIP-Pal made public statements to the effect that it is considering taking further action and is not finished taking action in the wake of the Federal

       Circuit's decision in April 2020 affirming the judgment that the claims of the two patents that VoIP-Pal asserted in the 2016 Cases against Twitter and others are invalid;

- VoIP-Pal's infringement allegations in the Texas lawsuits are similar to VoIP-Pal's infringement allegations in the 2016 and 2018 Cases (including against many of the same prior defendants) and are directed to accused instrumentalities that are similar to Twitter's products and services—for example, communications involving text, images, and videos;

- Twitter has told VoIP-Pal that Twitter expects to be sued in the future by VoIP-Pal for patent infringement, and VoIP-Pal has not denied Twitter's stated expectation;

- Twitter has requested a covenant not to sue or a license that includes the '872 patent, but, to date, VoIP-Pal and Twitter have not been able to agree on the terms of a covenant not to sue or a license for the '872 patent;

- VoIP-Pal has offered to Twitter a license for its patents in the family that includes the '606 and '872 patents but on terms that are unreasonable and unacceptable to Twitter; and

- Twitter does not infringe and has not infringed any claims of the '872 patent.

56. Twitter does not infringe and has not infringed any claims of the '872 patent because, for example, no Twitter product or service meets or embodies the limitation of "processing the second participant identifier based on at least one of the plurality of first participant attributes located using the first participant identifier, using the at least one processor, to determine whether the second network element is the same as the first network element," "when the second network element is determined to be the same as the first network element, producing a routing message identifying a first Internet address associated with the first network element," and "when the second network element is determined not to be the same as the first network element, producing a routing message identifying a second Internet address associated with the second network element."

57. In view of the foregoing, there is an actual, substantial, immediate, and justiciable controversy between Twitter and VoIP-Pal regarding whether Twitter's products and services infringe any claims of the '872 patent.

58. Twitter is entitled to a judgment declaring that no Twitter products or services infringe the '872 patent.

## PRAYER FOR RELIEF

Twitter respectfully requests that this Court enter judgment against VoIP-Pal as follows:

A. A declaration that the Twitter products and services do not infringe any claims of the '872 patent;

B. For attorney's fees and costs;

C. Such other and further relief as this Court or a jury may deem just and proper.

DATED: April 16, 2021

**PERKINS COIE LLP**

By: /s/ *Amisha Manek*
    Sarah Fowler
    Amisha Manek
    Gene Lee
    Thomas Matthew

*Attorneys for Plaintiff Twitter, Inc.*