Lewis E. Hudnell, III (CASBN 218736)
lewis@hudnelllaw.com
Nicolas S. Gikkas (CASBN 189425)
nick@hudnelllaw.com
HUDNELL LAW GROUP P.C.
800 W. El Camino Real Suite 180
Mountain View, California 94040
Telephone: 650.564.3698
Facsimile: 347.772.3034

Attorneys for Defendant
VOIP-PAL.COM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TWITTER, INC.,<br><br>              Plaintiff,<br><br>v.<br><br>VOIP-PAL.COM, INC,<br><br>              Defendant. | Case No. 5:21-CV-02769-LHK<br><br>DEFENDANT VOIP-PAL'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1), 12(b)(2), AND 12(b)(3); MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Honorable Lucy H. Koh<br><br>Date: October 21, 2021<br>Time: 1:30p<br>Courtroom 8, 4th Floor |

## TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................... 2

II. STATEMENT OF RELEVANT FACTS ................................................................. 3

   A. Prior Litigation ..................................................................................................... 3

   B. The Instant Case .................................................................................................. 4

III. ARGUMENT .......................................................................................................... 8

   A. This Court Should Dismiss This Case For Lack Of Subject-Matter Jurisdiction. ........................ 8

   B. This Court Should Dismiss This Case For Lack Of Personal Jurisdiction. .............................. 13

     1. Legal Standard ................................................................................................ 13

     2. The Court lacks personal jurisdiction because VoIP-Pal has never enforced the '872 patent in this District. ................................................................................ 14

     3. The claims do not arise out of and relate to contacts with the NDCA. .................................. 14

     4. Personal jurisdiction is not reasonable and fair……………………………………………18

   C. This Case Should Be Dismissed For Improper Venue. ........................................... 19

IV. CONCLUSION ........................................................................................................ 20

DEFENDANT VOIP-PAL'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1), 12(b)(2), AND 12(b)(3); MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:21-CV-02769-LHK

# TABLE OF AUTHORITIES

**Cases**

*3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372 (Fed. Cir. 2012) ................................... 12

*AAB Inc. v. Cooper Indus., LLC*, 635 F.3d 1345 (Fed. Cir. 2011) ...................................... 9

*ActiveVideo Networks, Inc. v. Trans Video Electronics, Ltd.*, 975 F. Supp. 2d 1083
  (N.D. Cal. Sept. 30, 2013).......................................................................................... 9, 17

*Applera Corp. v. Michigan Diagnostics, LLC*, 594 F. Supp. 2d 150 (D. Mass. 2009)................. 11, 12

*Association for Molecular Pathology v. Myriad Genetics, Inc.*, 133 S. Ct. 2107 (2013)..................... 8

*Association for Molecular Pathology v. U.S. Patent & Trademark Office*,
  689 F.3d 1303 (Fed. Cir. 2012)......................................................................... 8, 9, 11

*Autogenomics, Inc. v. Oxford Gene Technology Ltd.*, 566 F.3d 1012 (Fed. Cir. 2009) ..................... 15

*Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324 (Fed. Cir. 2009) ...................................... 17

*Bailey et al. v. Household Finance Corp. of Cal. et al.*, Case No. 10-cv-857
  WQH (RBB), 2010 U.S. Dist. LEXIS 117866 (S.D. Cal. 2010)........................................ 17

*Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980 (N.D. Cal. 2011)...................................... 11

*Breckenridge Pharm., Inc. v. Metabolite Labs, Inc.*, 444 F.3d 1356 (Fed. Cir. 2006) ...................... 14

*Cepheid v. Roche Molecular Sys., Inc.*, No. C-12-4411 EMC,
  2013 U.S. Dist. LEXIS 7446 (N.D. Cal. Jan. 17, 2013) ........................................... 9, 11, 12

*Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115 (9th Cir. 2010) ...................................... 8

*Daimler AG v. Bauman*, 134 S. Ct. 746 (2014) ................................................................ 14

*Dex Products, Inc. v. Barbara Houghteling*, No. C 05-05126 SI,
  2006 U.S. Dist. LEXIS 45237 (N.D. Cal. June 23, 2006) ........................................... 20

*Dow Chemical Co. v. Calderon*, 422 F.3d 827, 834 (9th Cir. 2005) ...................................... 16

*Electronics for Imaging, Inc. v. Coyle*, 340 F.3d 1344 (Fed. Cir. 2003) ........................................... 18

*Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358 (Fed. Cir. 2009)...........................................9

*In re Qualcomm Litig.*, Case No. 17-cv-00108-GPC-MDD,

    2017 U.S. Dist. LEXIS 185481(S.D. Cal. Nov. 8, 2017) ................................................9

*Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*, 599 F.3d 1377 (Fed. Cir. 2010) ............... 11, 12

*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)...........................................................13

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in*

    *Amministrazione Straordinaria*, 937 F.2d 445 (2nd Cir. 1991) .......................................17

*Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134 (Fed. Cir. 2018) .................................20

*MedImmune, Inc. v. Genentech*, 549 U.S. 118 (2007) ...........................................................9

*Micron Tech. Inc. v. MOSAID Techs, Inc.*, 518 F.3d 897 (Fed. Cir. 1998) .......................................10

*Neuralstem, Inc. v. StemCells, Inc.*, 573 F.Supp. 2d 888, 898 (D. Md. 2008)...........................17

*Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955) ...........................................................16

*Petzilla, Inc. v. Anser Innovation LLC*, 2015 U.S. App. LEXIS 13623 (Fed. Cir., July 28, 2015) ..... 14

*Petzilla, Inc. v. Anser Innovation LLC*, No. C-14-1354 EMC,

    2014 U.S. Dist. LEXIS 134115 (N.D. Cal. Sep. 23, 2014)...........................................14

*Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329 (Fed. Cir. 2008)................................... 11, 12

*Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785 (Fed. Cir. 2011)................................... 14, 18

*Ranza v. Nike, Inc.*, 793 F.3d 1059 (9th Cir. 2015) ...........................................................13

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.,* 148 F.3d 1355 (Fed. Cir. 1998)......................18

*SanDisk Corp. v. ST Microelecs., Inc.*, 480 F.3d 1372 (Fed. Cir. 2007) ......................................9

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)........................................8

*Savage v. Glendale Union High School*, 343 F.3d 1036 (9th Cir. 2003)........................................8

*Snyder v. Massachusetts*, 291 U.S. 97 (1934)...........................................................19

DEFENDANT VOIP-PAL'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1),
12(b)(2), AND 12(b)(3); MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:21-CV-02769-LHK

*Torrent Pharmaceuticals Limited v. Daiichi Sankyo, Inc.*,

   196 F. Supp. 3d 871, 878 (N.D. Ill. 2016) ............................................................ 17

*Voip-Pal.com, Inc. v. Twitter, Inc.*, 798 Fed. Appx. 644 (Fed. Cir. Mar. 16, 2020)............................ 3

*Webb v. Onizuka*, CV. No. 08-00487 DAE-BMK, 2009 U.S. Dist. LEXIS 30075

   (D. Haw. Apr. 8, 2009) ............................................................................................ 11

**Statutes**

28 U.S.C. § 1391 .......................................................................................................... 20

28 U.S.C. § 1391(b) ...................................................................................................... 20

28 U.S.C. § 1391(b)(1) .................................................................................................. 20

28 U.S.C. § 1391(c)(2) .................................................................................................. 20

Cal. Code Civ. P. § 410.10 ............................................................................................ 13

**Rules**

Fed. R. Civ. P. 12(b)(1).............................................................. 1, 4, 5, 12, 18, 20

Fed. R. Civ. P. 12(b)(2).............................................................. 1, 3, 13, 15, 20

Fed. R. Civ. P. 12(b)(3).............................................................. 1, 3, 20

DEFENDANT VOIP-PAL'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1),
12(b)(2), AND 12(b)(3); MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:21-CV-02769-LHK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 21, 2021 at 1:30 p.m. in Courtroom 8, 4th Floor before the Honorable Lucy H. Koh of the United States District Court for the Northern District of California ("NDCAL"), Defendant VoIP-Pal.com, Inc. ("VoIP-Pal") will move the Court, under Rules 12(b)(1), 12(b)(2), and 12(b)(3) of the Federal Rules of Civil Procedure, to dismiss this action. The grounds for this Motion, as set forth in detail below, are simply that this case does not belong in this Court: the Court lacks personal jurisdiction over VoIP-Pal, venue is improper as to VoIP-Pal, and the Court lacks subject-matter jurisdiction over U.S. Patent No. 9,935,872 ("the '872 patent"). Accordingly, this case should be dismissed.

## ISSUES TO BE DECIDED

1. Whether the Court should dismiss this declaratory-judgment action because the Court lacks subject matter jurisdiction over this case under Fed. R. Civ. P. 12(b)(1)?

2. Whether the Court should dismiss this declaratory-judgment action because the Court lacks personal jurisdiction over VoIP-Pal under Fed. R. Civ. P. 12(b)(2)?

3. Whether the Court should dismiss this declaratory-judgment action because venue is improper as to VoIP-Pal under Fed. R. Civ. P. 12(b)(3)?

DEFENDANT VOIP-PAL'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1),
12(b)(2), AND 12(b)(3); MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:21-CV-02769-LHK

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Twitter, Inc.'s ("Twitter's") declaratory-judgment complaint should be dismissed because it suffers from serious jurisdictional infirmities.  The Court lacks subject-matter jurisdiction because there is no case or controversy between Twitter and VoIP-Pal, despite Twitter's attempts to manufacture a dispute over the '872 patent.  VoIP-Pal has never attempted to assert the '872 patent against Twitter or any other party.  The last time VoIP-Pal sued Twitter on any patent was *five years ago*—in a 2016 case that was transferred to this District from Nevada despite VoIP-Pal's opposition. That case has been closed for over two years.  Since that time, *Twitter* has sued VoIP-Pal twice.  But VoIP-Pal has not retaliated.  In fact, VoIP-Pal has granted Twitter a covenant-not-to-sue on the related U.S. Patent No. 10,218,606 ("the '606 patent"), which is the subject of a co-pending declaratory-judgment actions filed by Twitter in this Court (Case No. 5:20-cv-2397-LHK, "*Twitter I*").  VoIP-Pal did not even assert a counterclaim against Twitter in that suit.  Rather, VoIP-Pal has made numerous offers to settle the dispute with Twitter; in fact, many of these offers included the '872 patent.  As will be discussed below, Twitter twisted VoIP-Pal's settlement offers in a self-serving misrepresentation that it has used as the basis for filing its declaratory-judgment action.  By way of the attached supporting declaration, VoIP-Pal presents evidence to make a factual attack on the allegations Twitter is using to justify its declaratory-judgment action.  More importantly, Twitter's Complaint expressly admits that VoIP-Pal has offered Twitter a license on the '872 patent, but Twitter did not like the offer.

The Court also lacks personal jurisdiction over VoIP-Pal because VoIP-Pal has not directed enforcement activities regarding the '872 patent against Twitter in this District.  Consequently, venue is also improper as to VoIP-Pal because VoIP-Pal does not reside in California and the Court does not otherwise have personal jurisdiction over VoIP-Pal.  Accordingly, the Court should dismiss this action because it lacks a proper jurisdictional basis.

## II. STATEMENT OF RELEVANT FACTS

### A. Prior Litigation

In 2016, Defendant VoIP-Pal filed lawsuits in the District of Nevada against Twitter, Apple, Inc. ("Apple"), AT&T Corp., ("AT&T"), and Cellco Partnership dba Verizon Wireless ("Verizon"), alleging infringement of U.S. Patent Nos. 8,542,815 and 9,179,005 (the "'815 patent" and "'005 patent," respectively).   Between August and November of 2018, all four of those actions were transferred to this Court and consolidated for pretrial purposes: Twitter (Case No. 5:18-cv-04523-LHK), Verizon (Case No. 18-cv-06054-LHK), AT&T (Case No. 3:18-cv-06177-LHK), and Apple (Case No. 3:18-cv-06217-LHK).   The Twitter action was transferred to this District as a result of an opposed motion to transfer venue that Twitter filed in the District of Nevada.   *See* Case No. 5:18-cv-04523-LHK, Dkt. Nos. 41-42.

In this District, Twitter and the other defendants in those cases filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) that the asserted claims of the '815 and '005 patents are invalid under 35 U.S.C. § 101.   On March 25, 2019, this Court granted the motion to dismiss and found all asserted claims of the '815 and '005 patents to be invalid and closed the case.   *See* Case No. 5:18-cv-04523-LHK, Dkt. Nos. 83-84.   VoIP-Pal appealed.   On March 16, 2020, the Federal Circuit affirmed this Court's judgment of invalidity.   *See VoIP-Pal.com, Inc. v. Twitter, Inc.*, 798 Fed. Appx. 644 (Fed. Cir. Mar. 16, 2020).

On April 8, 2020, Twitter filed a complaint for declaratory judgment on the '606 patent in *Twitter I*.   *See Twitter I*, Dkt. No. 1.   On June 16, 2020, Twitter filed a first amended complaint adding one count for invalidity under § 101.   *See id.* at Dkt. No. 29.   On July 10, 2010, VoIP-Pal filed a motion to dismiss *Twitter I* for lack of subject-matter jurisdiction, lack of personal jurisdiction, and lack of venue.   On December 14, 2020, the Court denied the motion.   *See id.* at Dkt. No. 50.   On December 28, 2020, VoIP-Pal filed an answer to Twitter's amended complaint.   Notably, VoIP-Pal did not file counterclaims for infringement against Twitter in *Twitter I*.

DEFENDANT VOIP-PAL'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1),
12(b)(2), AND 12(b)(3); MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:21-CV-02769-LHK

**B. The Instant Case**

On April 16, 2021, Twitter filed this second action seeking a declaration of non-infringement of the '872 patent ("*Twitter II*").  *See* Dkt. No. 1.  At the time Twitter filed *Twitter II*, VoIP-Pal had not sued Twitter or any other party over the '872 patent in any court and had not sued Twitter on any patent since 2016—five years ago.  Neither had VoIP-Pal threatened to sue Twitter, nor taken any other steps toward enforcing the '872 patent against Twitter.  In fact, VoIP-Pal did the opposite of trying to enforce the '872 patent – *VoIP-Pal offered to grant Twitter a license* so that it could relieve Twitter of any concerns regarding any imminent enforcement of all VoIP-Pal patent assets, including the '872 patent.  Twitter's Complaint admits the following:

> *Twitter believes that it does not infringe and has not infringed any claims of the '872 patent. VoIP-Pal has offered to Twitter a license for its patents in the family that includes the '606 and '872 patents but on terms that are unreasonable and unacceptable to Twitter.*

Dkt. No. 1 at ¶ 12.

> *On January 11, 2021, counsel for Twitter and VoIP-Pal had a telephone call in which VoIP-Pal proposed to enter into a settlement for the '606 patent and "all family members" (which includes the '872 patent), for a payment by Twitter of $1 million. On January 15, 2021, Twitter declined VoIP-Pal's offer based in part on the belief that the '606 and '872 patents and other patents in the same family are invalid under 35 U.S.C. § 101.*

*Id.* at ¶ 46.

Thus, in a transparent bid to obtain more leverage against VoIP-Pal, Twitter has twisted VoIP-Pal's good faith attempts to reach a settlement with Twitter into a new complaint against VoIP-Pal.  The Court should see through these shenanigans and not indulge Twitter by dismissing its sham declaratory-judgment complaint.

Because Twitter's Complaint fail to allege any facts that establish jurisdiction at the time Twitter filed its Complaint, this Court lacks subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1),

personal jurisdiction over VoIP-Pal under Fed. R. Civ. P. 12(b)(2), and venue here is improper under Fed. R. Civ. P. 12(b)(3).  Accordingly, Twitter's Complaint should be dismissed.

### C.  *Twitter I* Settlement Chronology Just Prior to the Filing of *Twitter II*

A review of the settlement discussions between the parties in *Twitter I* before the filing of *Twitter II* clearly shows that there is no evidence of a case or controversy between the parties as to either the '606 patent or the '872 patent.

On February 26, 2021, the parties were ordered to meet and confer regarding the Court's ADR program and to file a joint statement on whether they are willing to engage in ADR; on March 8 the parties filed a joint stipulation agreeing to participate in ADR; and on March 9 the parties were ordered to ADR.  *Twitter I* at Dkt. Nos. 58-60; Ex. 2.

In *Twitter I* on March 24, 2021, VoIP-Pal filed a motion to dismiss Twitter's claims for declaratory judgment of non-infringement and invalidity of the '606 patent.  *Twitter I,* Dkt. No. 62. VoIP-Pal's motion granted Twitter a covenant not to sue on the '606 patent and therefore divested the court of subject-matter jurisdiction over Twitter's claims.

An important event to note in this chronology is that also on March 24, 2021, VoIP-Pal filed a motion to dismiss in the pending Apple declaratory-judgment action in this Court, where VoIP-Pal granted Apple a covenant not to sue on both the '606 and '872 patents.  *See* Case No. 5:20-cv-02460-LKH at Dkt. No. 75.  The covenant not to sue granted to Apple provides a motive for the filing of *Twitter II* as Twitter is trying to piggyback on the relief that Apple received.

On April 7, 2021, Twitter filed an opposition to VoIP-Pal's motion.  *Twitter I*, Dkt. No. 66. Although Twitter argued that the covenant not to sue is insufficient to divest the Court of subject-matter jurisdiction over the '606 patent, Twitter never argued that the covenant is insufficient because it does not extend to the '872 patent.

DEFENDANT VOIP-PAL'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1), 12(b)(2), AND 12(b)(3); MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:21-CV-02769-LHK

On April 9, 2021, in order to resolve VoIP-Pal's motion to dismiss, VoIP-Pal inquired whether Twitter would stipulate to a revised covenant not to sue regarding the '606 patent. Hudnell Decl., ¶ 21, Ex. 4.

On April 12, 2021, Twitter responded in part that, at a minimum, a covenant not to sue to resolve Twitter's declaratory-judgment action against the '606 patent should also include the '872 patent. *Id.*, ¶ 22. This email marked *the first time* that Twitter claimed that an actual controversy existed as to '872 patent and that VoIP-Pal's proposed covenant as to the '606 patent must extend to the '872 patent in order to divest the court of jurisdiction over the '606 patent. *Id.*, Ex. 4 at pp. 2-3. Still, Twitter did not request a covenant not to sue as to the '872 patent. *Id.*, Ex. 4 at pp. 1-2.

On April 13, 2021, recognizing that Twitter was likely trying to manufacture jurisdiction as to the '872 patent, VoIP-Pal responded that it would discuss issues unrelated to VoIP-Pal's motion to dismiss only under "FRE 408 and/or at the settlement conference." *Id.* at ¶ 23, Ex. 4 at p. 1.

On April 15, 2021, representatives of the parties and their counsel participated in a 3.5 hour settlement conference via Zoom before the Hon. Virginia K. DeMarchi. As part of the ADR process, the parties discussed potential resolutions that would have included the '872 patent. The substance of those discussions, however, cannot be disclosed to the Court in support of this Motion because they are protected from disclosure under ADR L.R. 7-4(a). If the Court is not inclined to grant this Motion, then VoIP-Pal respectfully requests that the Court permit VoIP-Pal to provide a summary of these discussions *in camera* under ADR L.R. 7-4(b)(7) as further evidence of a lack of case or controversy concerning the '872 patent.

The very next day after the settlement conference, Twitter filed *Twitter II* seeking a declaration of non-infringement of the '872 patent. *See* Dkt. Nos. 1, 1-1 through 1-10. The *Twitter II* complaint is largely based on the parties' failed settlement negotiations. Indeed, the *Twitter II*

DEFENDANT VOIP-PAL'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1), 12(b)(2), AND 12(b)(3); MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:21-CV-02769-LHK

complaint discloses several of VoIP-Pal's prior confidential settlement offers and falsely alleges that VoIP-Pal offered to pay Twitter $250,000 to accept a license to the '606 patent. *Id.* at ¶¶25-26. *See* Dkt. No. 1 at ¶¶12, 44-46, 48 and 55.

On April 21, 2021, VoIP-Pal requested that Twitter amend its Complaint to address the misstatements and confidential settlement communications in the *Twitter II* complaint. Hudnell Decl. at ¶26, Ex. 5 at pp. 2-3. On April 22, Twitter refused, claiming that it had not misstated the parties' prior settlement communications and that those communications were not confidential. *Id.* at ¶ 27, Ex. 6. On April 23, VoIP-Pal demanded that Twitter makes itself available to meet and confer regarding these issues as VoIP-Pal intended to raise a protective order dispute regarding the confidential settlement communications disclosed in the *Twitter II* complaint. *Id.* at ¶ 28, Ex. 7. The parties filed a discovery dispute letter with the Court on May 7, 2021. *Twitter I,* Dkt. No. 72. The Court, however, found no violation of the Protective Order. *Twitter I,* Dkt. No. 73.

The foregoing chronology of the communications and discussions regarding settlement evidence only one thing: VoIP-Pal's good faith efforts to reach an accommodation with Twitter in the context of ending litigation. There is not a shred of evidence that VoIP-Pal implicitly or explicitly threatened Twitter with enforcement of the '872 patent that could give rise to a fresh action for declaratory judgment. Indeed, if a party could bring a declaratory-judgment action merely because a patent owner offered terms for purposes of settlement that were not acceptable to that party, the courts would be clogged with declaratory-judgment actions. Such actions do not give rise to a case or controversy, nor should they.

Because VoIP-Pal raises new jurisdictional facts in this Motion and argues jurisdiction is lacking on the basis of the new facts, VoIP-Pal's jurisdictional motion is a factual attack on the jurisdiction of this Court. To resolve a factual attack on jurisdiction, the Court may review evidence beyond the Complaint, including the exhibits to the Hudnell Declaration. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035,

7

1039 (9th Cir. 2004); *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) ("Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.").

### III. ARGUMENT

### A. This Court Should Dismiss This Case For Lack Of Subject-Matter Jurisdiction.

If there is not subject-matter jurisdiction over a case, it must be dismissed. *See* Fed. R. Civ. P. 12(b)(1); *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).  Twitter bears the burden of establishing jurisdiction. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).  The Declaratory Judgment Act provides, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *See* 28 U.S.C. § 2201(a).  "The phrase 'a case of actual controversy' in the Act refers to the types of 'cases' and 'controversies' that are justiciable under Article III of the Constitution."  *See Association for Molecular Pathology v. U.S. Patent & Trademark Office*, 689 F.3d 1303, 1318 (Fed. Cir. 2012), *rev'd in part on other grounds by Association for Molecular Pathology v. Myriad Genetics, Inc.*, 133 S. Ct. 2107 (2013). Thus, in a declaratory-judgment case, if there is no case or controversy, there can be neither a claim for declaratory relief nor Article III subject-matter jurisdiction. *See ActiveVideo Networks, Inc. v. Trans Video Electronics, Ltd.*, 975 F. Supp. 2d 1083, 1086 (N.D. Cal. Sept. 30, 2013) (citing *SanDisk Corp. v. ST Microelecs., Inc.*, 480 F.3d 1372, 1378 (Fed. Cir. 2007)).

A controversy must be "definite and concrete, touching the legal relations of parties having adverse legal interests." *Id.* (quoting *MedImmune, Inc. v. Genentech*, 549 U.S. 118 (2007)).  It is no longer sufficient for a declaratory-judgment plaintiff to have a "reasonable apprehension of imminent suit"; rather, an actual controversy requires "an injury in fact traceable to the patentee," which exists

only if the plaintiff alleges "both (1) an affirmative act by the patentee related to the enforcement of his patent rights and (2) meaningful preparation to conduct potentially infringing activity." *See Association for Molecular Pathology*, 689 F.3d at 1318.

Courts in this District have identified 13 factors to examine to determine whether an affirmative act has taken place, including "the depth and extent of infringement analysis conducted by the patent holder," and "whether the patent holder imposed a deadline to respond." *See Cepheid v. Roche Molecular Sys., Inc.*, No. C-12-4411 EMC, 2013 U.S. Dist. LEXIS 7446 (N.D. Cal. Jan. 17, 2013). The *Twitter II* Complaint merely alleges that VoIP-Pal has sued Twitter in the past, related to infringement of different patents, and that VoIP-Pal issued a press release about enforcement of the '872 patent in another jurisdiction, over other parties. *See* Dkt. No. 1, ¶¶ 27, 29, 32, 36. However, an examination of the relevant factors shows that none of these actions is sufficient independently, and they are not enough together, to constitute an affirmative act under Ninth Circuit law:

(1) VoIP-Pal has not provided an infringement analysis of the '872 patent to Twitter or any other party at all, let alone an in-depth one. *See Cepheid*, 2013 U.S. Dist. LEXIS 7446, at *9; *see also SanDisk*, 480 F.3d at 1374-76;

(2)-(3) VoIP-Pal has not sent Twitter any threatening language about the '872 patent, and has had no reason to impose a deadline to respond. *See Cepheid*, 2013 U.S. Dist. LEXIS 7446, at *9; *see also AAB Inc. v. Cooper Indus., LLC*, 635 F.3d 1345, 1346-47 (Fed. Cir. 2011); *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1362-63 (Fed. Cir. 2009);

(4)-(5) There has been prior litigation between the parties, but none related to the '872 patent, and VoIP-Pal has never sued Twitter or any other party in any court to enforce the '872 patent. *See id.*; *Micron Tech., Inc. v. MOSAID Techs., Inc.*, 518 F.3d 895, 899 (Fed. Cir. 1998). In fact, VoIP-Pal has not sued Twitter in *five years* and that action closed over two years ago. *See* Case No. 5:18-cv-04523-LHK, Dkt. Nos. 1, 84. Although there is ongoing litigation between the parties initiated by Twitter in *Twitter I* regarding the related '606 patent, VoIP-Pal has not asserted counterclaims for infringement against Twitter in *Twitter I*. Thus, VoIP-Pal has no present infringement claims against Twitter on any of VoIP-Pal's patents and has not had any such claims for over two years. Moreover,

9

the only action involving the '872 patent is Apple's declaratory-judgment action against VoIP-Pal. Apple filed an amended complaint seeking declaratory judgment as to the '872 patent over a year before Twitter filed *Twitter II*.  *See* Case No. 5:20-cv-2460-LHK, Dkt. No. 10.  Yet even in the Apple action, VoIP-Pal did not file counterclaims for infringement on the '872 patent.  If Twitter still believed that the presence of the '872 patent in the Apple declaratory-judgment action gave rise to a case or controversy between Twitter and VoIP-Pal as to the '872 patent, then Twitter could have and should have amended its *Twitter I* complaint to seek declaratory-judgment as to the '872 patent. Tellingly, Twitter amended its complaint to seek declaratory judgment of invalidity of the '606 patent *two months after* Apple amended its complaint to seek declaratory judgment of invalidity and non-infringement of the '872 patent.  *See Twitter I*, Dkt. No. 29.  Yet, Twitter did not amend its complaint to include a declaratory-judgment claim as to the '872 patent.  *Id.*  Indeed, the deadline to amend pleadings in *Twitter I* expired almost nine months ago.  *See Twitter I*, Dkt. No. 77 (setting September 22, 2020 as the deadline to amend pleadings).  Further, Twitter filed *Twitter II* almost *one month after* VoIP-Pal granted Apple a covenant not to sue on the '872 patent.  *See* Case No. 5:20-cv-2460-LHK, Dkt. No. 75.  Thus, Twitter cannot credibly claim that the Apple declaratory-judgment action supports a case or controversy as to the '872 patent in *Twitter II*;

(6) Since VoIP-Pal has made no explicit threats, there is no reason to think that Twitter would have changed its behavior to avoid infringing the '872 patent.  A simple press release about other lawsuits involving the '872 patent that does not identify Twitter but merely states "we are not finished" is not enough.  *See Cepheid*, 2013 U.S. Dist. LEXIS 7446, at *9; *Association for Molecular Pathology*, 689 F.3d at 1318;

(7) While VoIP-Pal has contacted Twitter prior to this lawsuit, it was Twitter that first contacted VoIP-Pal about the '872 patent, not the other way around, and this only in the context of settlement negotiations on the '606 patent. *See Cepheid*, 2013 U.S. Dist. LEXIS 7446, at *9-*10; *Hewlett-Packard*, 587 F.3d at 1364;

(8)-(9) VoIP-Pal is not "simply a holding company with no sources of income other than enforcing patent rights," and has had no reason to give assurance that it would not enforce its patent.

DEFENDANT VOIP-PAL'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1), 12(b)(2), AND 12(b)(3); MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:21-CV-02769-LHK

*See Cepheid*, 2013 U.S. Dist. LEXIS 7446, at *10; *see also Hewlett-Packard*, 587 F.3d at 1364; *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1334 (Fed. Cir. 2008).  While Twitter claimed just before it filed this lawsuit that there was a case or controversy as to the '872 patent, there are no affirmative acts by VoIP-Pal that gave rise to subject-matter jurisdiction at the time of filing of the Complaint.  *See* Dkt. No. 1, ¶ 48; *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 984 (N.D. Cal. 2011); *Webb v. Onizuka*, CV. No. 08-00487 DAE-BMK, 2009 U.S. Dist. LEXIS 30075, at *7 (D. Haw. Apr. 8, 2009) ("Federal courts are courts of limited subject matter jurisdiction and there is no presumption that a court has jurisdiction in any particular case.  *See* U.S. Const. art. III.  Hence, in order to properly sue in federal court, a plaintiff must affirmatively establish at the outset that subject matter jurisdiction existed at the time of filing.").  If anything, Twitter initiated the discussion regarding the '872 patent in an attempt to create a controversy, which weighs against finding jurisdiction.  *See Cepheid*, 2013 U.S. Dist. LEXIS 7446, at *20 (citing *Innovative Therapies, Inc. v. Kinetic Concepts, Inc.*, 599 F.3d 1377, 1380 (Fed. Cir. 2010)); Hudnell Decl. at ¶¶22-23.

(10) VoIP-Pal did not identify the '872 patent to Twitter nor identify any Twitter products that allegedly infringe it.  *See Cepheid*, 2013 U.S. Dist. LEXIS 7446, at *10; *Applera Corp. v. Michigan Diagnostics, LLC*, 594 F. Supp. 2d 150, 158-60 (D. Mass. 2009) *see also In re Qualcomm Litig.*, Case No.: 17-cv-00108-GPC-MDD, 2017 U.S. Dist. LEXIS 185481, at *36 (S.D. Cal. Nov. 8, 2017) (rejecting contention that discussion of an entire portfolio, without identifying the specific patents-in-suit, gave rise to subject matter jurisdiction);

(11) There is no identified product with which VoIP-Pal would be familiar.  *See Cepheid*, 2013 U.S. Dist. LEXIS 7446, at *10; *Prasco*, 537 F.3d at 1334; and

(12)-(13) No time has transpired after VoIP-Pal asserted infringement of the '872 patent, as VoIP-Pal has made no such assertion against Twitter, and aside from communications between Twitter and VoIP-Pal related to other lawsuits, there are no communications from Twitter to VoIP-Pal that would appear to attempt to create a controversy in anticipation of filing this lawsuit.  *See Cepheid*, 2013 U.S. Dist. LEXIS 7446, at *10; *Innovative Therapies*, 599 F.3d at 1380, *cert. denied*, 131 S. Ct. 424 (U.S. 2010).

DEFENDANT VOIP-PAL'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1), 12(b)(2), AND 12(b)(3); MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:21-CV-02769-LHK

Here, the face of the *Twitter II* Complaint indicates that there has not been a specific, substantive threat from VoIP-Pal to Twitter about the '872 patent, and there can be neither a genuine concern nor an actual case or controversy under Article III and for the purposes of Fed. R. Civ. P. 12(b)(1).  *See, e.g.*, *Applera*, 594 F. Supp. 2d at 160 (finding no subject-matter jurisdiction in a declarative judgment action even where the patent holder had sent a letter to the defendant mentioning a dispute over the patent in question).  The only evidence of an alleged affirmative act that Twitter points to is a VoIP-Pal press release regarding the outcome of the appeal of Case No. 5:18-cv-04523.  *See* Dkt. No. 1, ¶ 36.  The press release, however, did not mention Twitter, did not identify any Twitter products or services that infringe the '872 patent, did not provide Twitter any infringement analysis of the '872 patent, and did not threaten Twitter, or any entity, with litigation. *Id.*; Dkt. No. 1-4.  In fact, the portion of the press release that Twitter cites in its Complaint is plainly referring to moves that VoIP-Pal intended to take with respect to the appeal in this case, not Twitter: "Our legal team is assessing our next moves *regarding this Alice decision* and we expect to announce our intentions soon."  *Id.* (emphasis added).  That move became evident on April 15, 2020, when VoIP-Pal filed its Combined Petition for Panel Rehearing and Rehearing *En Banc*.  *See VoIP-Pal.com v. Twitter, Inc.*, Case No. 19-1808 (Fed. Cir.), Dkt. No. 89.  Moreover, that press release is stale because it issued before VoIP-Pal failed to assert counterclaims for infringement against Twitter in *Twitter I*, before VoIP-Pal failed to assert counterclaims for infringement against Apple on the '872 patent, before VoIP-Pal granted Twitter a covenant not to sue on the '606 patent, before VoIP-Pal granted Apple a covenant not to sue on the '872 patent, and before VoIP-Pal offered Twitter multiple settlements involving the '872 patent before Twitter filed *Twitter II*.   Under the circumstances of *Twitter II*, Twitter cannot show that VoIP-Pal took affirmative steps to enforce the '872 patent against Twitter such that a concrete case or controversy exists between the parties. Furthermore, settlement discussions exploring an accommodation to end litigation are not *affirmative acts* on the part of VoIP-Pal and are plainly not a basis for subject-matter jurisdiction.  Dkt. No. 1, ¶ 48.  The Federal Circuit has held that a declaratory-judgment plaintiff must allege an affirmative act by the patentee relating to the enforcement of his patent rights.  *See 3M Co. v. Avery Dennison Corp.*,

DEFENDANT VOIP-PAL'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1), 12(b)(2), AND 12(b)(3); MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:21-CV-02769-LHK

673 F.3d 1372, 1377 (Fed. Cir. 2012). Thus, there is no subject-matter jurisdiction over Twitter's claims related to the '872 patent and they should be dismissed.

### B. This Court Should Dismiss This Case For Lack Of Personal Jurisdiction.

#### 1. Legal standard

This case should also be dismissed because this Court does not have personal jurisdiction over VoIP-Pal. Federal Rule of Civil Procedure 12(b)(2) authorizes a defendant to seek dismissal of an action for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). Faced with a challenge to a court's personal jurisdiction over a defendant, the plaintiff bears the burden of establishing that jurisdiction is proper. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). When no federal statute governs personal jurisdiction, a district court applies the long-arm statute of the state in which it sits. *See id.* California's long-arm statute permits a court to exercise personal jurisdiction consistent with constitutional due process. *See* Cal. Code Civ. P. § 410.10. Due process, in turn, requires that a non-resident defendant have minimum contacts with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citations and quotation marks omitted). Minimum contacts may be satisfied in two ways: general jurisdiction or specific jurisdiction. General jurisdiction applies where a nonresident defendant's "affiliations with the State are so 'continuous and systematic' as to render it essentially at home in the forum state." *See Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (internal citations and quotation marks omitted). In contrast, specific jurisdiction exists when the defendant's contacts with the forum state are more limited, but the plaintiff's claims arise out of or relate to those contacts. *Id.* at 754.

In a declaratory-judgment action for patent infringement or non-infringement and validity or invalidity, "[t]he relevant inquiry for specific personal jurisdiction purposes then becomes to what extent has the defendant patentee 'purposefully directed [such enforcement activities] at residents of the forum,' and the extent to which the declaratory-judgment claim 'arises out of or relates to those activities.'" *See Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1332 (Fed. Cir. 2009)

DEFENDANT VOIP-PAL'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1), 12(b)(2), AND 12(b)(3); MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:21-CV-02769-LHK

(quoting *Breckenridge Pharm., Inc. v. Metabolite Labs, Inc.*, 444 F.3d 1356, 1362 (Fed. Cir. 2006)).

In other words, the relevant inquiry is whether the declaratory-judgment claim "arises out of or

relates to the activities of the defendant patentee in enforcing the patent or patents in suit" in this

District. *Id.* at 1332; *see also Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 789 (Fed. Cir. 2011)

("[O]nly those activities of the patentee that relate to the enforcement or defense of *the patent* can

give rise to specific personal jurisdiction for such an action.") (emphases added); *Petzilla, Inc. v.*

*Anser Innovation LLC*, No. C-14-1354 EMC, 2014 U.S. Dist. LEXIS 134115, at *9 (N.D. Cal. Sep.

23, 2014), *aff'd by Petzilla, Inc. v. Anser Innovation LLC*, 2015 U.S. App. LEXIS 13623 (Fed. Cir.,

July 28, 2015).  A declaratory-judgment claim arises out of the patentee's contacts with the forum

state only if those contacts "relate in some material way to the enforcement or the defense of the

patent."  *See Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1138 (Fed. Cir. 2018)

(quoting *Avocent*, 552 F.3d at 1336).

### 2. The Court lacks personal jurisdiction because VoIP-Pal has never enforced the '872 patent in this District.

Twitter makes no allegation of general jurisdiction here, and so the only question is whether

the Court may exercise specific personal jurisdiction. *See* Dkt. No. 1, ¶¶18-23.  Twitter alleges that

the Court has personal jurisdiction because VoIP-Pal has engaged in "prosecuting a prior patent

infringement lawsuit involving the [a different] patent against Twitter in this District," has voluntarily

transferred to this District another lawsuit against Twitter, and has retained California counsel. *Id.* ¶¶

22.  But Twitter misapprehends the law: specific jurisdiction, in the context of patent declaratory-

judgment actions, must arise out of or relate to the activities that gave rise to the subject claim.  *See,*

*e.g.*, *Breckenridge*, 444 F.3d at 1362.  To the extent that Twitter claims that VoIP-Pal purposefully

directed allegations of infringement of the '872 patent against Twitter in this District, Twitter is

mistaken: VoIP-Pal has never accused Twitter or any other party of infringing the '872 patent, in this

jurisdiction or any other jurisdiction.  *See supra* § II.B.  Further, litigating other cases against other

parties in this District, or even other cases against Twitter in this District, is not enough to establish

specific personal jurisdiction in this particular case, as VoIP-Pal has done nothing that might give rise

DEFENDANT VOIP-PAL'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1),
12(b)(2), AND 12(b)(3); MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:21-CV-02769-LHK

to the subject claims. *See, e.g.*, *Breckenridge*, 444 F.3d at 1362. Although Twitter alleges that VoIP-Pal consented to the transfer of other cases from Nevada to this District, there can be no legitimate claim that VoIP-Pal consented to personal jurisdiction over it and the '872 patent in the instant case. *See* Dkt. No. 29, ¶¶ 24-29. Twitter's assertion of personal jurisdiction fails, and the case should be dismissed for that reason. *See* Fed. R. Civ. P. 12(b)(2); *see, e.g.*, *Autogenomics, Inc. v. Oxford Gene Technology Ltd.*, 566 F.3d 1012, 1024 (Fed. Cir. 2009) (affirming district court decision finding no specific personal jurisdiction in a declaratory-judgment action).

In its opposition to VoIP-Pal's motion to dismiss the *Twitter I* complaint, Twitter relied heavily on *Neuralstem, Inc. v. StemCells, Inc.* where the declaratory-judgment defendant had availed itself of the forum by bringing actions on related patents. *See Neuralstem, Inc. v. StemCells, Inc.*, 573 F.Supp. 2d 888, 898 (D. Md. 2008). *See Twitter I*, Dkt. No. 36 at 13. But VoIP-Pal never purposely directed its activities to this forum because VoIP-Pal filed the 2016/2018 cases in the District of Nevada, not in the NDCAL. *See VoIP-Pal.com, Inc. v. Apple, Inc.*, Case No. 2:16-cv-00260, Dkt. No. 1 (D. Nev.); *VoIP-Pal.com, Inc. v. Verizon Wireless Services, LLC, et al.*, Case No. 2:16-cv-00271, Dkt. No. 1 (D. Nev.); *VoIP-Pal.com, Inc. v. Twitter, Inc.*, Case No. 2:16-cv-02338, Dkt. No. 1 (D. Nev.); *VoIP-Pal.com, Inc. v. Apple, Inc.*, Case No. 2:18-cv-00953, Dkt. No. 1 (D. Nev.); *VoIP-Pal.com, Inc. v. Amazon.com, Inc., et al.*, Case No. 2:16-cv-01076, Dkt. No. 1 (D. Nev.). In 2018, chiefly based on the holding in *TC Heartland*, Twitter moved to transfer the Twitter District of Nevada case under 28 U.S.C. § 1400(b) and § 1406(a) to the NDCAL. *See* Ex. 13. VoIP-Pal opposed Twitter's motion but the District of Nevada granted the motion. *See* Case No. 2:16-cv-02338, Dkt. Nos. 27, 41 (D. Nev.); Ex. 12.

A plaintiff's consent to a statutory transfer motion is a procedural convenience for the litigation at hand, and Twitter previously cited no authority for the proposition that consenting to transfer as a plaintiff in one case is a waiver for contesting personal jurisdiction as a defendant in

DEFENDANT VOIP-PAL'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1), 12(b)(2), AND 12(b)(3); MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:21-CV-02769-LHK

another case.  Further, a transfer under § 1404(a) does not result in a dismissal of a case in one district and a re-filing in another; rather, it is a statutory mechanism that allows for an efficient and seamless transfer of an action to a different courtroom.  *See* 28 U.S.C. § 1404(a).  The Supreme Court indicated that § 1404(a) was not meant to be a mere codification of *forum non conveniens*; rather, it was meant to be a revision.  *See Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). As proof, the Court looked to the fact that the harshest part of the doctrine, dismissal under the common law doctrine of *forum non conveniens*, was replaced.  *Id.*  Even if VoIP-Pal consented to personal jurisdiction in cases transferred to the NDCAL, that does not mean that VoIP-Pal cannot now contest personal jurisdiction in this case just as it did in *Twitter I*.  Indeed, courts have held that not challenging personal jurisdiction in a prior case does not subject a party to a waiver of contesting personal jurisdiction in the same court in another case.

The Ninth Circuit has held that "personal jurisdiction exists where a defendant . . . independently seeks *affirmative* relief in a separate action before the same court concerning the same transaction or occurrence." *Dow Chemical Co. v. Calderon*, 422 F.3d 827, 834 (9th Cir. 2005) (emphasis in original).  VoIP-Pal has never independently sought affirmative relief in this Court, much less concerning the same transaction or occurrence.  As the Southern District of California has recognized, "[a] party's consent to jurisdiction in one case does not necessarily subject it to jurisdiction in another case." *Bailey et al. v. Household Finance Corp. of Cal. et al.*, Case No. 10-cv-857 WQH (RBB), 2010 U.S. Dist. LEXIS 117866, at *25 (S.D. Cal. 2010) citing *Dow Chemical Co.*, 422 F.3d 833-34; *see also Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria,* 937 F.2d 44, 50 n.5 (2nd Cir. 1991).  Furthermore, the Northern District of Illinois has declined to extend *Neuralstem* holding that "where a party itself has not instituted an action in the district and has merely failed to contest jurisdiction in some prior case,

DEFENDANT VOIP-PAL'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1), 12(b)(2), AND 12(b)(3); MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:21-CV-02769-LHK

equity does not require the party to adhere to that position in a later case." *Torrent Pharmaceuticals Limited v. Daiichi Sankyo, Inc.*, 196 F.Supp.3d 871, 878 (N.D. Ill. 2016).

Twitter also relied on *ActiveVideo Networks, Inc. v. Trans Video Electronics Ltd.*  But that case also is unavailing because it makes clear that "other activities directed at that forum and related to the cause of action" by the declaratory-judgment defendant must be "*initiating* judicial or extrajudicial patent enforcement within the forum," which is not the case here.  *ActiveVideo Networks, Inc. v. Trans Video Electronics Ltd.*, 975 F. Supp. 2d 1083, 1097 (N.D. Cal. 2013) (emphasis added) citing *Avocent*, 552 F.3d at 1334.  VoIP-Pal has not initiated enforcement activities in the NDCAL with respect to the '872 patent against any party.

**3.      The claims do not arise out of and relate to contacts with the NDCAL.**

Though not relevant to the specific jurisdiction analysis, Twitter alleges that "VoIP-Pal representative Ray Leon met with representatives of Apple in the Northern District of California in connection with VoIP-Pal's patent enforcement campaign."  *See* Dkt. No. 1 at ¶22.  First, these discussions concerned Apple, who is not a party to this suit, and therefore cannot be used to establish personal jurisdiction in this case.  Second, these discussions occurred before the '872 patent was even filed and therefore do not relate to the claims in these cases.  Third, attempts to negotiate a licensing agreement are excluded from the specific jurisdiction analysis.  *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.,* 148 F.3d 1355, 1361 (Fed. Cir. 1998); *see also Radio Sys. Corp. v. Accession, Inc.*, 148 F.3d 785, 789 (Fed. Cir. 2011) (holding that attempts to sell a product or license a patent do not give rise to personal jurisdiction in declaratory-judgment actions for non-infringement or invalidity). *See Avocent*, 552 F.3d at 1332.

Finally, in its previous opposition, Twitter misapplied *Electronics for Imaging, Inc. v. Coyle* to support its contention that VoIP-Pal's representation by California attorneys demonstrates VoIP-Pal's activity directed at the forum.  *See* Dkt. No. 1 at ¶22; *Twitter I*, Dkt. No. 36 at 14-15.  The

DEFENDANT VOIP-PAL'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1), 12(b)(2), AND 12(b)(3); MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:21-CV-02769-LHK

patentee in *Elecs. for Imaging* hired a California attorney to communicate with the California-based plaintiff on the patentee's behalf on multiple occasions "to report on the progress of the [patentee's] pending application." *See Electronics for Imaging, Inc. v. Coy*le, 340 F.3d 1344, 1351 (Fed. Cir. 2003). As recognized by *Radio Sys. Corp. v. Accession, Inc.*, the attorney-client relationship effectively became an agency relationship in which the principal retained agents in the forum state to assist in enforcement of its patent rights. *See Radio Sys. Corp.,* 148 F. 3d at 790. Twitter has not alleged any facts that VoIP-Pal's California attorneys ever acted similarly as agents for VoIP-Pal, and VoIP-Pal's counsel in this case have never brought any enforcement action for VoIP-Pal in California.

### 4. Personal jurisdiction is not reasonable and fair.

Even if Twitter can meet its burden as to the first two prongs of the specific jurisdiction analysis, which they cannot, exercising personal jurisdiction over VoIP-Pal would not be reasonable and fair. First, VoIP-Pal is burdened by litigating in California because VoIP-Pal has no connection to California. VoIP-Pal is a foreign corporation and has no executives in California. *See* Exs. 10-11. Second, California has no interest in these cases. VoIP-Pal has not sought to enforce the '872 patent in California. The only reason that VoIP-Pal has litigated in California is because Twitter has hauled VoIP-Pal to California. Third, Twitter has no interest in obtaining relief in California because VoIP-Pal has not even accused Twitter of patent infringement. Fourth, the interests of the judicial system do not favor exercising personal jurisdiction of VoIP-Pal because VoIP-Pal has not availed itself of the NDCAL for disputes relating to the '872 patent. Fifth, federal patent law applies regardless of the forum; therefore California has no special interest in this case. As such, personal jurisdiction is lacking.

DEFENDANT VOIP-PAL'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1), 12(b)(2), AND 12(b)(3); MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:21-CV-02769-LHK

In addition, it would be fundamentally unjust for this Court to rule that a transferred plaintiff's decision not to contest personal jurisdiction in one case should be construed as a waiver to contest personal jurisdiction in later cases before the same court where the transferred plaintiff has no contacts. Due process is violated if a practice or rule "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *See Snyder v. Massachusetts*, 291 U.S. 97, 105 (1934). VoIP-Pal has not consented to be subject to personal jurisdiction in this Court for this case and such a finding would violate VoIP-Pal's due process rights under the Fifth and Fourteenth Amendments.

Finally, exercising personal jurisdiction over VoIP-Pal creates unforeseen problems with the statutory transfer framework established by Congress to make inter-district transfers more efficient. When faced with a transfer to a jurisdiction where the plaintiff has few, if any, contacts, like the NDCAL, the exercising personal jurisdiction in this case would set a very bad precedent; to wit, a plaintiff bringing actions in other districts and evaluating the prospect of transfer would face a difficult dilemma: either dismiss its originally-filed action and throw away its investment in preparing and litigating a case or be transferred and risk the continuous exposure of being hauled into court in a foreign district where it would not otherwise be subject to personal jurisdiction. Such a dilemma is neither reasonable nor fair for VoIP-Pal or for any other party transferred into the NDCAL.

### C. This Case Should Be Dismissed For Improper Venue.

Finally, this case should also be dismissed for improper venue. *See* Fed. R. Civ. P. 12(b)(3). Under Federal Circuit and Ninth Circuit law, venue in declaratory-judgment actions for patent matters is determined by the general venue statute, 28 U.S.C. § 1391. *See, e.g.*, *Dex Products, Inc. v. Barbara Houghteling*, No. C 05-05126 SI, 2006 U.S. Dist. LEXIS 45237, at *4 (N.D. Cal. June 23, 2006). Twitter asserts that venue is proper in this District only under 28 U.S.C. § 1391(b)(1). Under § 1391(b)(1), venue is proper in any judicial district where the defendant resides. *See* 28 U.S.C. §

19

1391(b)(1).  VoIP-Pal, however, does not reside in this District.  Under § 1391(c)(2), an entity resides where it is subject to the court's personal jurisdiction.  *See* 28 U.S.C. § 1391(c)(2).  As explained above, there is not personal jurisdiction over VoIP-Pal in this case, and so venue is not proper under 28 U.S.C. § 1391(b)(1).  As the Federal Circuit has consistently held, contacts between a defendant and a plaintiff in a patent declaratory-judgment action must be highly targeted and specific, and none of that took place here.  *See, e.g.*, *Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1139 (Fed. Cir. 2018).  Thus, the case should be dismissed under Fed. R. Civ. P. 12(b)(3) for improper venue.

## IV. CONCLUSION

In conclusion, VoIP-Pal respectfully asks the Court to dismiss *Twitter II* under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(3).


Dated: June 21, 2021                                 Respectfully submitted,

                                                     */s/ Lewis E. Hudnell, III*
                                                     Lewis E. Hudnell, III (CASBN 218746)
                                                     lewis@hudnelllaw.com
                                                     Nicolas S. Gikkas (CASBN 189425)
                                                     nick@hudnelllaw.com
                                                     HUDNELL LAW GROUP P.C.
                                                     800 W. El Camino Real Suite 180
                                                     Mountain View, California 94040
                                                     T: 650.564.3698
                                                     F: 347.772.3034

                                                     Attorneys for Defendant
                                                     VOIP-PAL.COM, INC.

DEFENDANT VOIP-PAL'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1), 12(b)(2), AND 12(b)(3); MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:21-CV-02769-LHK

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the forgoing NOTICE OF MOTION AND MOTION TO DIMISS UNDER FED.R.CIV.P. 12(b)(1), 12(b)(2), AND 12(b)(3); MEMORANDUM OF POINTS AND AUTHORIRIES via the Court's CM/ECF system pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5(b)(1) this 21st day of June, 2021.


By: */s/Lewis E. Hudnell, III*
Lewis E. Hudnell, III
Hudnell Law Group P.C.
800 W. El Camino Real Suite 180
Mountain View, California 94040
T: 650.564.3698
F: 347.772.3034
lewis@hudnelllaw.com

DEFENDANT VOIP-PAL'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1), 12(b)(2), AND 12(b)(3); MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:21-CV-02769-LHK