UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TWITTER, INC.,<br><br>              Plaintiff,<br><br>       v.<br><br>VOIP-PAL.COM, INC.,<br><br>              Defendant. | Case No. 21-CV-02769-LHK<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 25 |

Plaintiff Twitter, Inc. ("Twitter") brings the instant case against Defendant VoIP-Pal.com, Inc. ("Defendant") seeking a declaratory judgment that Twitter's products do not infringe U.S. Patent No. 9,935,872 ("the '872 patent").  ECF No. 1 ("Compl.").  Defendant moves to dismiss the instant case for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue.  ECF No. 25.  Having considered the parties' submissions, the relevant law, and the record in this case, the Court DENIES Defendant's motion to dismiss.

## I.       BACKGROUND

Over the past five years, Defendant has litigated numerous cases involving a family of patents that relate to methods and systems for communicating over an internet protocol ("IP") network.  *See VoIP-Pal.Com, Inc. v. Apple Inc.*, 375 F. Supp. 3d 1110, 1118 (N.D. Cal. 2019).

United States District Court
Northern District of California

Defendant has asserted at least eight patents in this family against various telecommunications and internet companies, including Twitter.  In turn, several companies, including Twitter, have filed actions against Defendant seeking declaratory judgments that those companies' products do not infringe Defendant's IP network patents and that those patents are invalid.

The '872 patent is part of the same patent family.  Accordingly, the instant case is the most recent dispute between the parties about whether Twitter has infringed one of Defendant's IP network patents.  Below, the Court describes in turn: (1) the parties; (2) the '872 patent and Defendant's patent family; (3) the previous cases involving Defendant's patent family; and (4) the procedural history of the instant case.

### A. The Parties

Twitter is a Delaware corporation with its principal place of business in San Francisco, California.  Compl. ¶ 14.  Twitter "operates a global Internet platform for public self-expression and conversation in real time." *Id.* ¶ 15.  "Twitter uses and sells messaging services using messaging application software and/or equipment, servers and/or gateways that route messages to computing devices such as smartphones, tablet computers, and personal computers." *Twitter, Inc. v. VoIP-Pal.Com, Inc.*, No. 20-CV-02397-LHK, 2021 WL 3861446, at *1 (N.D. Cal. Aug. 30, 2021) (internal quotation omitted).

Defendant is a Nevada corporation with its principal place of business in Waco, Texas.  Compl. ¶ 16.  Defendants own a family of patents related to communications over IP networks. *See VoIP-Pal.Com*, 375 F. Supp. 3d at 1118.

### B. The '872 Patent and Defendant's Patent Family

The '872 patent is titled "Producing Routing Messages for Voice Over IP Communications."  The '872 patent describes and claims "methods and apparatus[es] for routing and billing" communications over an IP network. *See* '872 patent, col. 1:20–29; *see, e.g., id.*, col. 37:28–38:10 (claiming a "method for routing a communication in a communication system between an Internet-connected first participant device associated with a first participant and an Internet-connected second participant device associated with a second participant").  The

Case No. 21-CV-02769-LHK
ORDER DENYING MOTION TO DISMISS

United States District Court
Northern District of California

application for the '872 patent was filed on October 11, 2017, and the '872 patent issued on April 3, 2018.

The '872 patent is directly related to at least seven other patents that Defendant owns. Specifically, the '872 patent issued from a continuation of U.S. Patent Application No. 15/396,344 ("the '344 application"), which is now U.S. Patent No. 9,813,330 ("the '330 patent"). U.S. Patent Nos. 9,948,549 ("the '549 patent") and 9,826,002 ("the '002 patent") also issued from continuations of the '344 application. In turn, the '344 application was a continuation of the application that became U.S. Patent No. 9,537,762 ("the '762 patent"), which issued from a continuation of the application that became U.S. Patent No. 9,179,005 ("the '005 patent"), which issued from a continuation of the application that became U.S. Patent No. 8,542,815 ("the '815 patent"). Finally, the '872 patent is the parent of U.S. Patent No. 10,218,606 ("the '606 patent").

Thus, these eight patents have the same title, identical figures, nearly identical specifications, and similar claims.

### C. Previous Related Cases

#### 1. The 2016 Cases Involving the '815 and '005 Patents

In 2016, Defendant filed four actions in the District of Nevada asserting that Twitter, Apple Inc. ("Apple"), AT&T Corp. ("AT&T"), and Verizon Wireless Services, LLC ("Verizon) infringed claims of the '815 and '005 patents. *See VoIP-Pal.Com*, 375 F. Supp. 3d at 1121–22. Because Apple filed petitions for inter partes reviews challenging the patentability of the asserted claims, the District of Nevada stayed all four cases. *Id.* After the Patent Trial and Appeal Board ("PTAB") of the U.S. Patent and Trademark Office ("PTO") rejected Apple's challenges, the District of Nevada lifted the stays. *Id.*

On February 28, 2018, Twitter moved to transfer Defendant's action against Twitter to the Northern District of California. *VoIP-Pal.Com, Inc. v. Twitter, Inc.*, Case No. 16-CV-02338, 2018 WL 3543031, at *1 (D. Nev. July 23, 2018). On July 23, 2018, the District of Nevada granted Twitter's motion and transferred the case. *Id.*

In October 2018, Defendant stipulated to transfer its actions against Apple, AT&T, and

Case No. 21-CV-02769-LHK
ORDER DENYING MOTION TO DISMISS

United States District Court
Northern District of California

1  Verizon to the Northern District of California as well.  *VoIP-Pal.Com*, 375 F. Supp. 3d at 1121.

2  As a result, all four cases were transferred and assigned to this Court.

3  In November 2018, this Court entered an order consolidating all four cases.  *Id.* at 1122.

4  On March 25, 2019, this Court granted Twitter, Apple, AT&T, and Verizon's consolidated

5  motion to dismiss all four cases.  *Id.* at 1117.  In a 45-page order, the Court concluded that the

6  asserted claims of the '815 and '005 patents were unpatentable under 35 U.S.C. § 101.  *Id.* at

7  1138, 1144.

8  On March 16, 2020, the Federal Circuit affirmed this Court's decision.  *VoIP-Pal.Com,*

9  *Inc. v. Apple, Inc.*, 798 F. App'x 644, 645 (Fed. Cir. 2020).

10  On April 8, 2020, Defendant issued a press release which stated that Defendant was

11  "undeterred in [its] fight to assert [its] intellectual property rights" and that Defendant "remain[ed]

12  firm in [its] resolve to achieve monetization for [its] shareholders."  *See* Compl. ¶ 4; ECF No. 1-4

13  at 2–3.

14  On April 15, 2020, Defendant filed a petition with the Federal Circuit requesting panel or

15  en banc rehearing of its appeal.  *VoIP-Pal.Com, Inc. v. Twitter*, Case No. 19-1808, ECF No. 89

16  (Fed. Cir. May 18, 2020).  On May 18, 2020, the Federal Circuit denied Defendant's petition.  *Id.*,

17  ECF No. 99.

18  **2.  The 2018 Cases Involving the '762, '330, '002, and '569 Patents**

19  In 2018, Defendant filed two actions in the District of Nevada asserting that Apple and

20  Amazon.Com, Inc. ("Amazon") had infringed claims of the '762, '330, '002, and '549 patents.

21  *See VoIP-Pal.Com, Inc. v. Apple Inc.*, 411 F. Supp. 3d 926, 934 (N.D. Cal. 2019).  After both

22  cases were transferred and assigned to this Court, this Court consolidated the two cases.  *Id.*

23  On November 1, 2019, this Court granted Apple and Amazon's consolidated motion to

24  dismiss both cases.  *Id.* at 930.  In a 68-page order, the Court concluded that the asserted claims of

25  the '762, '330, '002, and '549 patents were unpatentable under 35 U.S.C. § 101.  *Id.* at 941.

26  On November 3, 2020, the Federal Circuit affirmed this Court's decision.  *VoIP-Pal.Com,*

27  *Inc. v. Apple, Inc.*, 828 F. App'x 717, 717 (Fed. Cir. 2020).  On December 17, 2020, Defendant

28  4

filed a petition with the Federal Circuit requesting panel or en banc rehearing of its appeal.  *VoIP-Pal.com, Inc. v. Apple, Inc.*, Case No. 20-1241, ECF No. 52 (Fed. Cir. Jan. 26, 2021).  On January 26, 2021, the Federal Circuit denied Defendant's petition.  *Id.*, ECF No. 53.

On June 25, 2021, Defendant filed a petition for a writ of certiorari asking the United States Supreme Court to review the Federal Circuit's decision.  *See VoIP-Pal.com, Inc. v. Apple, Inc.*, Case No. 20-1809 (U.S. Oct. 4, 2021).  On October 4, 2021, the Supreme Court denied Defendant's petition.  *See id.*, 2021 WL 4507874, at *1.

### 3.  The 2020 Cases Involving the '606 and '872 Patents

On April 2, 2020, Defendant filed an action in the Waco Division of the Western District of Texas asserting that Facebook, Inc. ("Facebook") infringed claims of the '606 patent.  *VoIP-Pal.Com, Inc. v. Facebook, Inc.*, Case No. 20-CV-00267-ADA, ECF No. 1 (W.D. Tex. Apr. 2, 2020).

Between April 3, 2020 and April 7, 2020, Defendant filed actions in the Waco Division of the Western District of Texas asserting the '606 patent against Google LLC ("Google"), Amazon, and Apple.  *See VoIP-Pal.Com, Inc. v. Google LLC*, Case No. 20-CV-00269-ADA, ECF No. 1 (W.D. Tex. Apr. 3, 2020); *VoIP-Pal.Com, Inc. v. Amazon.Com, Inc..*, Case No. 20-CV-00272-ADA, ECF No. 1 (W.D. Tex. Apr. 6, 2020); *VoIP-Pal.Com, Inc. v. Apple Inc.*, Case No. 20-CV-00275-ADA, ECF No. 1 (W.D. Tex. Apr. 7, 2020).

On April 10, 2020, Apple filed an action in the Northern District of California seeking a declaratory judgment that Apple's products do not infringe the '606 and '872 patents and that certain claims of those patents are invalid.  *Id.*

On April 24, 2020, Defendant filed actions in the Waco Division of the Western District of Texas asserting the '606 patent against AT&T and Verizon.  *See VoIP-Pal.Com, Inc. v. AT&T Inc.*, Case No. 20-CV-00325-ADA, ECF No. 1 (W.D. Tex. Apr. 24, 2020); *VoIP-Pal.Com, Inc. v. Verizon Comms., Inc.*, Case No. 20-CV-00327-ADA, ECF No. 1 (W.D. Tex. Apr. 24, 2020).

On April 30, 2020, AT&T filed an action in the Northern District of California seeking a declaratory judgment that AT&T's products do not infringe the '606 patent.  *Id.*

Case No. 21-CV-02769-LHK
ORDER DENYING MOTION TO DISMISS

United States District Court
Northern District of California

On May 5, 2020, Verizon filed an action in the Northern District of California seeking a declaratory judgment that Verizon's products do not infringe the '606 patent. *Id.*

On July 8, 2020, AT&T moved to stay Defendant's action in the Western District of Texas. *VoIP-Pal.Com, Inc. v. AT&T, Inc.*, Case No. 20-CV-00325-ADA, ECF No. 22 (W.D. Tex. July 8, 2020). Specifically, AT&T argued that, because this Court previously had adjudicated cases involving Defendant's related patents, the Western District of Texas should stay Defendant's action in favor of AT&T's action in this Court. *Id.* at 1. On July 9, 2020, Apple and Verizon filed similar motions. *See VoIP-Pal.Com, Inc. v. Apple Inc.*, Case No. 20-CV-00275-ADA, ECF No. 17 (W.D. Tex. Jul. 9, 2020); *VoIP-Pal.Com, Inc. v. Verizon Comms., Inc.*, Case No. 20-CV-00327-ADA, ECF No. 17 (W.D. Tex. Jul. 9, 2020).

After Defendant sued Apple, Amazon, Facebook, and Google in the Waco Division of the Western District of Texas, Twitter, on April 8, 2020, filed an action in the Northern District of California seeking a declaratory judgment that Twitter's products do not infringe the '606 patent. *See Twitter*, 2021 WL 3861446, at *4. On June 26, 2020, Twitter filed a First Amended Complaint which challenged the validity of certain claims of the '606 patent. *Id.* at *5.

On July 10, 2020, Defendant filed a motion to dismiss Twitter's action in the Northern District of California for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue. *Twitter, Inc. v. VoIP-Pal.com, Inc.*, No. 20-CV-02397-LHK, 2020 WL 7342733, at *5 (N.D. Cal. Dec. 14, 2020).

Also on July 10, 2020, Defendant filed a consolidated motion to dismiss Apple's, AT&T's, and Verizon's actions in the Northern District of California. *Apple Inc. v. VoIP-Pal.com, Inc.*, 506 F. Supp. 3d 947, 957 (N.D. Cal. 2020). With respect to Apple's, AT&T's, and Verizon's claims relating to the '606 patent, Defendant argued that the Court should "decline to exercise jurisdiction under the first-to-file rule," that the Court lacked personal jurisdiction, and that venue was improper. *Id.* Additionally, Defendant argued that Apple's claims relating to the '872 patent should be dismissed for lack of subject matter jurisdiction. *Id.*

After Defendant moved to dismiss the Northern District of California actions, each of

6

Google, Amazon, and Facebook moved to stay its respective case in the Western District of Texas pending the resolution of Defendant's motions in the Northern District of California. *See VoIP-Pal.Com, Inc. v. Google LLC*, Case No. 20-CV-00269- ADA, ECF No. 18 (W.D. Tex. Jul. 10, 2020); *VoIP-Pal.Com, Inc. v. Amazon.Com, Inc.*, Case No. 20-CV-00272-ADA, ECF No. 26 (W.D. Tex. Jul. 15, 2020); *VoIP-Pal.Com, Inc. v. Facebook*, Case No. 20-CV-00267-ADA, ECF No. 26 (W.D. Tex. Jul. 29, 2020).

On September 29, 2020, the Western District of Texas stayed all six cases that were pending before it. *See VoIP-Pal.Com, Inc. v. Apple Inc.*, Case No. 20-CV-00275-ADA, ECF No. 43 (W.D. Tex. Sept. 29, 2020).

On December 11, 2020, this Court denied Defendant's motion to dismiss Apple's, AT&T's, and Verizon's actions alleging noninfringement and invalidity of claims of the '606 and '872 patents. *Apple*, 506 F. Supp. 3d at 969. Because the Court had already ruled on the patentability of six of Defendant's related patents, the Court declined to apply the first-to-file rule. *Id.* at 958–59. Additionally, because Defendant had purposefully directed its patent enforcement activities at California, the Court found that personal jurisdiction existed. *Id.* at 964–65. For the same reason, the Court concluded that venue was proper. *Id.* at 966. Finally, the Court concluded that the Court had subject matter jurisdiction over Apple's claims relating to the '872 patent. *Id.* at 968–69. The Court explained that Defendant had created an active controversy with respect to the '872 patent by enforcing related patents against Apple. *Id.*

On December 14, 2020, the Court denied Defendant's motion to dismiss Twitter's action alleging noninfringement and invalidity of claims of the '606 patent. *Twitter*, 2020 WL 7342733, at *5. Because Defendant had previously enforced related patents against Twitter, there was an active controversy between the parties with respect to the '606 patent. *Id.* at *7–8. Additionally, because Defendant had purposefully directed its patent enforcement activities at California, the Court found that personal jurisdiction existed. *Id.* at *10. For the same reason, the Court concluded that venue was proper. *Id.* at *13.

Defendant subsequently filed a petition for a writ of mandamus in the Federal Circuit

Case No. 21-CV-02769-LHK
ORDER DENYING MOTION TO DISMISS

United States District Court
Northern District of California

1  regarding this Court's declination to apply the first-to-file rule to Apple's, AT&T's, and Verizon's

2  actions. *In re VoIP-Pal.Com, Inc.*, 845 F. App'x 940 (Fed. Cir. 2021).

3  On February 19, 2021, the Federal Circuit denied Defendant's petition. *Id.* The Federal

4  Circuit held that "the conclusion that it would be far less efficient for the Western District of

5  Texas to resolve these cases based on the Northern District of California's familiarity with the

6  overlapping issues is particularly well supported" because all the relevant patents were related and

7  because all the cases involved "similar technology and accused products." *Id.* at 942.

8  On March 24, 2021, Defendant filed renewed motions to dismiss Twitter's, Apple's,

9  AT&T's, and Verizon's actions in the Northern District of California and, in each motion,

10  provided a covenant not to sue for infringement of the '606 patent. *See Twitter*, 2021 WL

11  3861446, at *6; *Apple Inc. v. VoIP-Pal.Com, Inc.*, No. 20-CV-02460-LHK, 2021 WL 3810263, at

12  *5 (N.D. Cal. Aug. 26, 2021); *AT&T Corp. v. VoIP-Pal.Com, Inc.*, No. 20-CV-02995-LHK, 2021

13  WL 3773611, at *5 (N.D. Cal. Aug. 25, 2021). Defendant also provided Apple with a covenant

14  not to sue for infringement of the '872 patent. *Apple*, 2021 WL 3810263, at *5.

15  The same day, Defendant voluntarily dismissed its actions against Apple, AT&T, and

16  Verizon in the Western District of Texas. *See VoIP-Pal.Com, Inc. v. Apple Inc.*, Case No. 20-CV-

17  00275-ADA, ECF No. 49 (W.D. Tex. Mar. 24, 2021); *VoIP-Pal.Com, Inc. v. AT&T Inc.*, Case No.

18  20-CV-00325-ADA, ECF No. 51 (W.D. Tex. Mar. 24, 2021); *VoIP-Pal.Com, Inc. v. Verizon

19  Comms., Inc.*, Case No. 20-CV-00327-ADA, ECF No. 47 (W.D. Tex. Mar. 24, 2021).

20  Additionally, Defendant filed a notice in the Western District of Texas stating that

21  Defendant's motions to dismiss the Northern District of California actions and Defendant's

22  voluntary dismissal of the Western District of Texas actions against Apple, AT&T, and Verizon

23  would "resolve all pending actions involving the '606 patent between [Defendant] and Apple,

24  AT&T, and Verizon." *VoIP-Pal.Com, Inc. v. Facebook, Inc.*, Case No. 20-CV-00267-ADA, ECF

25  No. 45 at 3 (W.D. Tex. Mar. 24, 2021). Accordingly, Defendant stated, "Defendant's cases

26  against Amazon, Google, and Facebook will soon be the only pending cases in any court involving

27  the '606 patent." *Id.* Defendant's actions in the Western District of Texas against Amazon,

28

United States District Court
Northern District of California

8

Facebook, and Google remain pending and have been stayed since September 29, 2020. *VoIP-Pal.Com, Inc. v. Facebook, Inc.*, Case No. 20-CV-00267-ADA, ECF No. 49 (W.D. Tex. Sept. 29, 2021).

On August 25, 2021, this Court denied Defendant's renewed motion to dismiss AT&T's action alleging noninfringement and invalidity of the '606 patent. *See AT&T*, 2021 WL 3773611, at *11. Although Defendant had granted AT&T a covenant not to sue, that covenant did not cover AT&T's customers. *Id.* at *10. The Court found that this fact weighed against dismissal because, in Defendant's action against AT&T in the Western District of Texas, Defendant had alleged "that AT&T's customers infringed the '606 patent" and that AT&T induced this infringement. *Id.* Additionally, the Court found it significant that Defendant had asserted seven directly related patents against AT&T in three different actions. *Id.* at *7–*8. Taken together, the Court explained, "Defendant's history of litigation against AT&T and the litigation circumstances under which Defendant granted the [covenant not to sue]" created an active controversy between Defendant and AT&T regarding the '606 patent. *Id.* at *10. On August 26, 2021, the Court denied Defendant's motion to dismiss Apple's action for similar reasons. *Apple*, 2021 WL 3810263, at *10–11.

On August 30, 2021, the Court granted Defendant's motion to dismiss Twitter's action alleging noninfringement and invalidity of the '606 patent. *Twitter*, 2021 WL 3861446, at *10. The Court explained that, unlike Apple and AT&T, Defendant had never enforced the '606 patent against Twitter. *Id.* at *9. Accordingly, the "Court conclude[d] that Defendant's covenant not to sue divest[ed] the Court of subject matter jurisdiction" over Twitter's action. *Id.* at *10.

**D. Procedural History of the Instant Case**

On April 16, 2021, Twitter filed a complaint seeking a declaratory judgment that the '872 patent is not infringed by Twitter's products. *See* Compl. ¶ 53–58. The instant case initially was assigned to U.S. District Judge James Donato. ECF No. 13.

On April 26, 2021, Twitter filed a motion requesting that the instant case be designated as related to *VoIP-Pal.com, Inc. v. Twitter, Inc.*, Case No. 18-cv-04523-LHK and *Twitter, Inc. v.*

Case No. 21-CV-02769-LHK
ORDER DENYING MOTION TO DISMISS

1    *VoIP-Pal.com, Inc.*, Case No. 20-cv-02397-LHK, both of which were pending before this Court.

2    ECF No. 14 at 2.  On May 17, 2021, the Court granted Twitter's motion to relate.  ECF No. 18.

3    The same day, the instant case was reassigned to the Court.  ECF No. 19.

4         On June 21, 2021, Defendant moved to dismiss the instant case.  ECF No. 25 ("Mot.").

5    Defendant offered three grounds for dismissal: (1) the Court lacks subject matter jurisdiction over

6    Twitter's action; (2) the Court does not have personal jurisdiction over Defendant; and (3) venue

7    is improper.  *See id.* at 8–9, 13, 19.  On July 20, 2021, Twitter filed an opposition to Defendant's

8    motion to dismiss.  ECF No. 31 ("Opp.").  On August 3, 2021, Defendant filed a reply in support

9    of its motion to dismiss.  ECF No. 35 ("Reply").

10   **II.     LEGAL STANDARD**

11           **A.  Motion to Dismiss Under Rule 12(b)(1)**

12           A defendant may move to dismiss for lack of subject matter jurisdiction pursuant to Rule

13   12(b)(1) of the Federal Rules of Civil Procedure.  Whereas lack of statutory standing requires

14   dismissal for failure to state a claim under Rule 12(b)(6), lack of Article III standing requires

15   dismissal for want of subject matter jurisdiction under Rule 12(b)(1).  *See Maya v. Centex Corp.*,

16   658 F.3d 1060, 1067 (9th Cir. 2011).

17           "A Rule 12(b)(1) jurisdictional attack may be facial or factual."  *Safe Air for Everyone v.*

18   *Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack, the challenger asserts that the

19   allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."

20   *Id.*  The Court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6):

21   Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's

22   favor, the court determines whether the allegations are sufficient as a legal matter to invoke the

23   court's jurisdiction."  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).  "[I]n a factual

24   attack," on the other hand, "the challenger disputes the truth of the allegations that, by themselves,

25   would otherwise invoke federal jurisdiction."  *Safe Air for Everyone*, 373 F.3d at 1039.  "In

26   resolving a factual attack on jurisdiction," the Court "may review evidence beyond the complaint

27   without converting the motion to dismiss into a motion for summary judgment."  *Id.*  The Court

28

Case No. 21-CV-02769-LHK
ORDER DENYING MOTION TO DISMISS

"need not presume the truthfulness of the plaintiff's allegations" in deciding a factual attack. *Id.*

Once the defendant has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of establishing the Court's jurisdiction. *See Chandler v. State Farm Mut. Auto Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

### B.  Motion to Dismiss Under Rule 12(b)(2)

In a motion challenging personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff, as the party seeking to invoke the jurisdiction of the federal court, has the burden of establishing that jurisdiction exists. *See In re Boon Global Ltd.*, 923 F.3d 643, 650 (9th Cir. 2019).  "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'"  *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (quoting *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011)).

However, this standard "is not toothless," and the party asserting jurisdiction "cannot simply rest on the bare allegations of its complaint."  *In re Boon Global Ltd.*, 923 F.3d at 650 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)).  Thus, courts may consider declarations and other evidence outside the pleadings to determine whether it has personal jurisdiction.  *See id.*  At this stage of the proceeding, "uncontroverted allegations in plaintiff's complaint must be taken as true, and '[c]onflicts between parties over statements contained in affidavits must be resolved in the plaintiff's favor.'"  *Id.* (quoting *Schwarzenegger*, 374 F.3d at 800).  On the other hand, courts "may not assume the truth of allegations in a pleading which are contradicted by affidavit."  *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

### C.  Motion to Dismiss Under Rule 12(b)(3)

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a complaint for improper venue.  Once the defendant has challenged the propriety of venue in a given court, the plaintiff bears the burden of showing that venue is proper.  *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).  When considering a motion to

United States District Court
Northern District of California

11

1  dismiss for improper venue, a court may consider facts outside of the pleadings. *Murphy v.*

2  *Schneider National, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

3      Pursuant to 28 U.S.C. § 1406(a), if the court determines that venue is improper, the court

4  must either dismiss the action or, if it is in the interests of justice, transfer the case to a district or

5  division in which it could have been brought.  Whether to dismiss for improper venue, or

6  alternatively to transfer venue to a proper court, is a matter within the sound discretion of the

7  district court.  *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

8          **D.  Leave to Amend**

9      If the Court determines that a complaint should be dismissed, it must then decide whether

10  to grant leave to amend.  Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to

11  amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose

12  of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities."

13  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation

14  marks omitted).  When dismissing a complaint for failure to state a claim, "a district court should

15  grant leave to amend even if no request to amend the pleading was made, unless it determines that

16  the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1130 (internal

17  quotation marks omitted).  Accordingly, leave to amend generally shall be denied only if allowing

18  amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the

19  moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532

20  (9th Cir. 2008).

21  **III.    DISCUSSION**

22      Defendant moves to dismiss Twitter's declaratory judgment action on three grounds.  First,

23  Defendant argues that the Court lacks subject matter jurisdiction over Twitter's action.  Mot. at 8–

24  13.  Second, Defendant argues that the Court lacks personal jurisdiction over Defendant.  *Id.* at

25  13–19.  Third, Defendant argues that the Northern District of California is not a proper venue for

26  the action.  *Id.* at 19–20.  The Court addresses each argument in turn.

27      **A.  The Court Has Subject Matter Jurisdiction Over the Instant Case**

28
Case No. 21-CV-02769-LHK
ORDER DENYING MOTION TO DISMISS

United States District Court
Northern District of California

1       Defendant argues that the Court lacks subject matter jurisdiction because Twitter has not

2  plausibly alleged that there is an "actual controversy" between the parties sufficient to establish

3  jurisdiction under the Declaratory Judgment Act.  Mot. at 8.  For the reasons below, the Court

4  rejects Defendant's argument.

5       In general, whether a court has subject matter jurisdiction "is a procedural question not

6  unique to patent law" and thus is governed by regional circuit law.  *Toxgon Corp. v. BNFL, Inc.*,

7  312 F.3d 1379, 1380 (Fed. Cir. 2002).  However, "[w]hether an actual case or controversy exists

8  so that a district court may entertain an action for declaratory judgment of non-infringement and/or

9  invalidity is governed by Federal Circuit law."  *3M Co v. Avery Dennison Corp.*, 673 F.3d 1372,

10  1377 (Fed. Cir. 2012).

11       The Declaratory Judgment Act provides that, "[i]n the case of actual controversy within its

12  jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may

13  declare the rights and other legal relations of any interested party in seeking such declaration." 28

14  U.S.C. § 2201(a).  "[T]he phrase 'case of actual controversy' in the Act refers to the type of

15  'Cases' and 'Controversies' that are justiciable under Article III."  *MedImmune, Inc. v. Genentech,*

16  *Inc.*, 549 U.S. 118, 127 (2007).  Thus, to bring a claim under the Declaratory Judgment Act, a

17  plaintiff must establish that there is a live case or controversy between the parties.  *ActiveVideo*

18  *Networks, Inc. v. TransVideo Elecs.*, *Ltd.*, 975 F. Supp. 2d 1083, 1086 (N.D. Cal. 2013).

19       To satisfy this requirement, Twitter must show that Defendant has taken affirmative acts

20  which indicate Defendant's intent to enforce the '827 patent against Twitter.  In general, a plaintiff

21  satisfies the case or controversy requirement if "the facts alleged, under all the circumstances,

22  show that there is a substantial controversy, between parties having adverse legal interests, of

23  sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *MedImmune*,

24  549 U.S. at 127.  The Federal Circuit has explained that, in the context of an action seeking a

25  declaration of patent rights, a plaintiff meets the *MedImmune* standard if the plaintiff plausibly

26  alleges "both (1) an affirmative act by the patentee related to the enforcement of his patent rights

27  and (2) meaningful preparation to conduct potentially infringing activity."  *Assoc. for Molecular*

28

Case No. 21-CV-02769-LHK
ORDER DENYING MOTION TO DISMISS

United States District Court
Northern District of California

*Pathology*, 689 F.3d at 1318.  In the instant case, "there is no dispute as to the second factor because Twitter's products and services at issue are already used in the marketplace."  Opp. at 6.

This test gives the Court a significant amount of discretion and allows the Court to look at a variety of factors.  Because the Court must evaluate "all the circumstances," the Court has "unique and substantial discretion in deciding whether to declare the rights of litigants." *MedImmune*, 549 U.S. at 136.  Indeed, although "more is required than 'a communication from a patent owner to another party, merely identifying its patent and the other's product line," "[h]ow much more is required is determined on a case-by-case analysis."  *3M*, 673 F.3d at 1378–79.  In recognition of this broad, case-by-case approach, courts in the Northern District of California have previously stated that there are at least thirteen factors which can be relevant: (1) the strength of threatening language in communications between the parties; (2) the depth and extent of infringement analysis conducted by the patent holder; (3) whether the patent holder imposed a deadline to respond; (4) any prior litigation between the parties; (5) the patent holder's history of enforcing the patent at issue; (6) whether the patent holder's threats have induced the alleged infringer to change its behavior; (7) the number of times the patent holder has contacted the alleged infringer; (8) whether the patent holder is a holding company with no income other than enforcing patent rights; (9) whether the patent holder refused to give assurance it will not enforce the patent; (10) whether the patent holder has identified a specific patent and specific infringing products; (11) the extent of the patent holder's familiarity with the product prior to suit; (12) the length of time that transpired after the patent holder asserted infringement; and (13) whether communications initiated by the plaintiff appear as an attempt to create a controversy. *ActiveVideo*, 975 F. Supp. 2d at 1087–88 (citing *Cepheid v. Roche Molecular Systems, Inc.*, Case No C-12-4411 EMC, 2013 WL 184125, at *6 (N.D. Cal. Jan. 17, 2013)).

Despite the wide variety of factors that may be relevant, the Federal Circuit has held that, if the defendant previously has asserted patents against the plaintiff, the plaintiff typically may seek a declaration regarding related patents.  In *Arkema Inc. v. Honeywell Intern., Inc.*, 706 F.3d 1351 (2013), the Federal Circuit considered whether Arkema Inc. could seek a declaratory judgment

14

that a certain product did not infringe two U.S. patents owned by Honeywell International, Inc. *Id.* at 1354. Before Arkema had filed its declaratory judgment action, Honeywell had asserted two related U.S. patents and a European patent covering similar technologies against Arkema's sale of the product in question. *Id.* at 1355. The Federal Circuit held that the case presented a "quintessential example of a situation in which declaratory relief is warranted" because Honeywell's previous assertion of related patents "made it clear that [Honeywell] will protect its patent rights against" Arkema's sale of the product. *Id.* at 1357. In a subsequent case, the Federal Circuit reiterated that "a history of patent litigation between the same parties involving related technologies, products, and patents is another circumstance to be considered, which may weigh in favor of the existence of subject matter jurisdiction." *Danisco U.S. Inc. v. Novozymes A/S*, 744 F.3d 1325 (Fed. Cir. 2014).

Given this precedent, Defendant's previous actions asserting the '815 and '005 patents against Twitter strongly support Twitter's claim that there is an active controversy regarding the '872 patent. The '872 patent is a direct descendant of the '815 and '005 patents. The three patents have the same title, identical figures, nearly identical specifications, and similar claims. In 2016, Defendant filed an action against Twitter alleging that the same Twitter products that are the subject of the instant case infringed the '815 and '005 patents. *See VoIP-Pal.Com*, 375 F. Supp. 3d at 1121–22; Compl. ¶ 21. Defendant pursued those infringement claims until May 2020, at which point the Federal Circuit rejected Defendant's request to have the en banc Federal Circuit adjudicate the validity of the '815 and '005 patents. *VoIP-Pal.Com, Inc. v. Twitter*, Case No. 19-1808, ECF No. 99 (Fed. Cir. May 18, 2020). Indeed, a month before the Federal Circuit denied Defendant's en banc petition, Defendant stated in a press release that it was "undeterred in [its] fight to assert [its] intellectual property rights" and that Defendant "remain[ed] firm in [its] resolve to achieve monetization for [its] shareholders." ECF No. 1-4 at 2–3. By aggressively asserting patents against the Twitter products that are the subject of the instant case, Defendant "made it clear that it will protect its patent rights against" those products. *Arkema*, 706 F.3d at 1357. Accordingly, as the Court explained with respect to Twitter's similar action regarding the '606

15

patent, "Defendant's prior litigation weighs heavily in favor of a finding that Defendant has engaged in an affirmative act related to the enforcement of its patent rights." *Twitter*, 2020 WL 7342733, at *7.

The Court is not convinced by Defendant's argument that Defendant's previous actions against Twitter happened too long ago to be relevant. Defendant contends that, because Defendant "has not sued Twitter in *five years* and that action closed over two years ago," any prior litigation between the parties is too old to create an actual controversy with respect to the '872 patent. Mot. at 9–10 (emphasis in original). The premise of Defendant's argument is not accurate. As discussed, Defendant's previous action against Twitter did not terminate until May 2020, when the Federal Circuit rejected Defendant's petition for en banc rehearing. *See VoIP-Pal.Com, Inc. v. Twitter*, Case No. 19-1808, ECF No. 99 (Fed. Cir. May 18, 2020). Moreover, although the Court agrees that Twitter's claim would be stronger if Defendant's actions against Twitter still were pending, Defendant has provided no authority which suggests that the Court cannot take those actions into account. Indeed, the relevant authority suggests the opposite. The Federal Circuit has explained that the "*history* of patent litigation between the same parties" supports declaratory judgment jurisdiction. *Danisco*, 744 F.3d at 1331 (emphasis added). Similarly, other courts in the Northern District of California have stated that "*prior* litigation between the parties" supports jurisdiction. *ActiveVideo*, 975 F. Supp. 2d at 1087–88 (emphasis added). Given these clear statements about the relevance of "histor[ic]" and "prior" litigation, the termination of Defendant's previous actions asserting the '005 and '815 patents against Twitter does not make those actions less relevant.

Additionally, Defendant's recent actions against other telecommunications and internet companies, some of which remain pending, bolster Twitter's claim. The '872 patent is directly related to the '762, '330, '002, '549, and '606 patents. Those six patents have the same title, identical figures, nearly identical specifications, and similar claims. In 2018, Defendant asserted claims of the '762, '330, '002, and '549 patents against Amazon and Apple. *See VoIP-Pal.Com, Inc. v. Apple Inc.*, 411 F. Supp. 3d 926, 934 (N.D. Cal. 2019). After this Court concluded that the

16

United States District Court
Northern District of California

asserted claims were unpatentable, Defendant appealed to the Federal Circuit.  *VoIP-Pal.Com, Inc. v. Apple, Inc.*, 828 F. App'x 717, 717 (Fed. Cir. 2020).  On November 3, 2020, the Federal Circuit affirmed this Court's decision.  *Id.*  Undeterred, Defendant litigated the patentability of those claims all the way to the United States Supreme Court.  *See VoIP-Pal.com, Inc. v. Apple, Inc.*, Case No. 20-1809 (U.S. Oct. 4, 2021).  It was not until October 4, 2021 that the Supreme Court denied Defendant's petition for a writ of certiorari and terminated Defendant's actions asserting the '762, '330, '002, and '549 patents.  *See id.*, 2021 WL 4507874, at *1.

Meanwhile, in April 2020, Defendant asserted the '606 patent against Apple, AT&T, Verizon, Amazon, Facebook, and Google.  *See VoIP-Pal.Com, Inc. v. Apple Inc.*, Case No. 20-CV-00275-ADA, ECF No. 1 (W.D. Tex. Apr. 7, 2020); *VoIP-Pal.Com, Inc. v. AT&T Inc.*, Case No. 20-CV-00325-ADA, ECF No. 1 (W.D. Tex. Apr. 24, 2020); *VoIP-Pal.Com, Inc. v. Verizon Comms., Inc.*, Case No. 20-CV-00327-ADA, ECF No. 1 (W.D. Tex. Apr. 24, 2020); *VoIP-Pal.Com, Inc. v. Amazon.Com, Inc..*, Case No. 20-CV-00272-ADA, ECF No. 1 (W.D. Tex. Apr. 6, 2020); *VoIP-Pal.Com, Inc. v. Facebook, Inc.*, Case No. 20-CV-00267-ADA, ECF No. 1 (W.D. Tex. Apr. 2, 2020); *VoIP-Pal.Com, Inc. v. Google LLC*, Case No. 20-CV-00269-ADA, ECF No. 1 (W.D. Tex. Apr. 3, 2020).  Defendant's actions against Amazon, Facebook, and Google remain pending.  *VoIP-Pal.Com, Inc. v. Facebook, Inc.*, Case No. 20-CV-00267-ADA, ECF No. 49 (W.D. Tex. Sept. 29, 2021).

Although the Court does not find Defendant's 2018 and 2020 actions against other telecommunications and internet companies sufficient to demonstrate a live controversy between Defendant and Twitter on their own, these actions show that Defendant has repeatedly, aggressively, and recently enforced the patent family to which the '872 patent belongs.  All these actions were pending when Twitter filed its Complaint in the instant case and three of these actions are still pending.  Accordingly, these actions bolster Twitter's claim that there is a substantial risk Defendant will enforce the '872 patent against Twitter in the future.

Finally, although Defendant relies heavily on the Federal Circuit's decision in *Cisco Sys., Inc. v. Alberta Telecommunications Rsch. Ctr*, 538 Fed. Appx. 894 (Fed. Cir. 2013), that decision

17

United States District Court
Northern District of California

1    does not provide Defendant with any support.  Defendant points out that Defendant "has not

2    accused Twitter of infringing the '872 patent and . .  has not refused to grant Twitter a covenant

3    not to sue on the '872 patent."  Reply at 3–4.  Citing *Cisco*, Defendant contends that the "Federal

4    Circuit has recognized that both of these facts distinguish the instant circumstances from *Arkema*."

5    Reply at 4.  However, in *Cisco*, the defendant's counsel expressly stated that the defendant had

6    "no basis for suing [the plaintiff] either for direct or indirect infringement."  *Cisco*, 538 Fed.

7    Appx. at 897.  Additionally, the defendant "ha[d] expressly offered to give [the plaintiff] a

8    covenant not to sue."  *Id.* at 898.  In the instant case, Defendant has neither stated that Twitter does

9    not infringe the '872 patent nor offered Twitter a covenant not to sue on the '872 patent.  The mere

10   fact that Defendant has neither affirmatively accused Twitter of infringement nor refused Twitter's

11   request for a covenant not to sue does not divest the Court of jurisdiction over Twitter's action.

12          Assessing "all the circumstances," the Court concludes that Defendant has engaged in

13   affirmative acts which indicate Defendant's intent to enforce the '827 patent against Twitter.  *See*

14   *Monolithic Power Sys.*, No. C 07-2363 CW, 2007 WL 2318924, at *3 (N.D. Cal. Aug. 13, 2007)

15   ("[T]he assertion of rights, evidenced through a prior lawsuit between the same parties regarding

16   the same technology . . . and solidified through the express press release statement indicating an

17   intent to sue alleged patent infringers, presents enough evidence to establish the case or

18   controversy required for declaratory judgment jurisdiction.").  Thus, the Court has subject matter

19   jurisdiction over Twitter's action seeking a declaratory judgment that the '827 patent is not

20   infringed by Twitter's products.

21          **B.  The Court Has Specific Personal Jurisdiction Over Defendant**

22          Defendant argues that the Court lacks personal jurisdiction because Defendant has never

23   enforced the '872 patent in California, Mot. at 14–17, and because Twitter's claim does not arise

24   out of Defendant's contacts with California, *id.* at 17–18.  Additionally, Defendant argues that

25   asserting personal jurisdiction is "not reasonable and fair."  *Id.* at 18–19.  For the reasons below,

26   the Court rejects these arguments.

27          Because the issue of personal jurisdiction in a patent action "is 'intimately involved with

28
18

the substance of the patent laws,'" the Court applies Federal Circuit law to assess Defendant's arguments.  *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1328 (Fed. Cir. 2008) (quoting *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995)).

"Determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries: whether a forum state's long-arm statute permits service of process, and whether the assertion of personal jurisdiction would violate due process."  *Avocent*, 552 F.3d at 1329 (quoting *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359 (Fed. Cir. 2001)).  However, because "California's long-arm statute . . . is coextensive with federal due process requirements, . . . the jurisdictional analyses under state law and federal due process are the same."  *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011); *see also* Cal. Civ. Proc. Code § 410.10 ("[A] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States.").  For a court to exercise personal jurisdiction over a defendant consistent with due process, that defendant must have "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

A court may exercise either general or specific jurisdiction over a defendant.  *Avocent.*, 552 F.3d at 1330.  "To be subject to general jurisdiction, a defendant business entity must maintain 'continuous and systematic general business contacts' with the forum, even when the cause of action has no relation to those contacts."  *Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. de Equip. Medico*, 563 F.3d 1285, 1297 (Fed. Cir. 2009) (quotation omitted).  By contrast, specific jurisdiction is appropriate when a suit "aris[es] out of or relate[s] to the defendant's contacts with the forum."  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984).  To determine whether a court can exercise specific jurisdiction consistent with due process, the court must consider: "(1) whether the defendant 'purposefully directed' its activities at residents of the forum; (2) whether the claim 'arises out of or relates to' the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is 'reasonable and fair.'"  *Xilinx, Inc. v.*

19

*Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1353 (Fed. Cir. 2017) (quoting *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001)).  "The first two factors correspond with the minimum contacts prong of the [International Shoe] analysis, and the third factor corresponds with the 'fair play and substantial justice' prong of the analysis." *Inamed*, 249 F.3d at 1360.

Twitter alleges that the Court has specific jurisdiction over Defendant.  Compl. ¶ 22.  Thus, the Court first considers whether Twitter has adequately alleged that Defendant "purposefully directed" activities at California and whether Twitter's claim arises out of those activities.  The Court then assesses whether personal jurisdiction is "reasonable and fair."

### 1. Defendant Has Purposefully Directed Patent Enforcement Activities at California Residents and Twitter's Claim Arises Out of Those Activities

The Court first must determine whether Defendant has "purposefully directed" activities at California and whether Twitter's claim "arises out of or relates to" those activities.  *Xilinx*, 848 F.3d at 1353.  The burden of establishing these factors is on Twitter.  *Elecs. for Imaging v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003).

Because Twitter's declaratory judgment action "arises out of or relates to the activities of [Defendant] in enforcing the patent . . . in suit," "the relevant inquiry for specific personal jurisdiction" is "to what extent [Defendant] 'purposefully directed [such enforcement activities] at residents of the forum,' and the extent to which the declaratory judgment claim 'arises out of or relates to those activities.'" *Avocent*, 552 F.3d at 1332 (quoting *Breckenridge Pharm., Inc. v. Metabolite Labs*, 444 F.3d 1356, 1363 (Fed. Cir. 2006)).  "A declaratory judgment claim arises out of the patentee's contacts with the forum state only if those contacts 'relate in some material way to the enforcement or the defense of the patent.'" *Maxchief Invs. Ltd. v. Wok & Pan, Ind., Inc.*, 909 F.3d 1134, 1138 (Fed. Cir. 2018) (quoting *Avocent*, 552 F.3d at 1336).

A defendant's previous assertion of patents in the forum easily qualifies as an enforcement activity that is "purposefully directed" at the forum.  *See ActiveVideo*, 975 F. Supp. 2d at 1097–98 (holding that the defendant was subject to personal jurisdiction because the "defendant ha[d] engaged in judicial patent enforcement (with respect to the patents at issue or a related patent)" in

Case No. 21-CV-02769-LHK
ORDER DENYING MOTION TO DISMISS

1   the forum); *see also Avocent*, 552 F.3d at 1338–39 (noting that a lawsuit in the same forum on the

2   same patent "is a significant contact with the forum materially related to the enforcement of the

3   relevant patent").  For example, in *ActiveVideo*, another court in the Northern District of

4   California determined that a defendant had purposefully directed enforcement activities at the

5   forum by litigating six cases in the Northern District of California "regarding the very same or

6   related patents."  975 F. Supp. 2d at 1096–97.  Courts outside the Ninth Circuit have reached

7   similar results.  *See, e.g.*, *Pro Sports Inc. v. West*, 639 F. Supp. 2d 475, 481 (D.N.J. 2009) (finding

8   that a defendant had purposefully directed patent enforcement activities at the forum by bringing

9   patent infringement actions against other parties in the forum); *Neuralstem, Inc. v. StemCells, Inc.*,

10  573 F. Supp. 2d 888, 898 (D. Md. 2008) (concluding that the court had personal jurisdiction over a

11  defendant who had filed "a prior suit against [in the district] with respect to related patents").

12          Thus, Twitter's allegations that Defendant has asserted patents related to the '872 patent in

13  this Court establish that Defendant has purposefully directed patent enforcement activities at the

14  forum.  Specifically, Twitter alleges that Defendant previously asserted the '815 and '005 patents

15  against Twitter in this Court and that Defendant voluntarily transferred actions asserting the '815,

16  '005, '762, '330, '002, and '549 patents against Apple, AT&T, Verizon, and Amazon to this

17  Court.  Compl. ¶ 22; *see also VoIP-Pal.Com*, 375 F. Supp. 3d at 1121–22 (describing Defendant's

18  actions asserting the '815 and '005 patents in this Court); *VoIP-Pal.Com*, 411 F. Supp. at 934

19  (N.D. Cal. 2019) (describing Defendant's actions asserting the '762, '330, '002, and '549 patents

20  in this Court).  Under the relevant precedent, these allegations are more than sufficient to show

21  that Defendant directed patent enforcement activities at the forum.

22          Although Defendant contends that these actions are irrelevant because Defendant

23  originally filed them in Nevada, the Court previously has rejected this argument.  Defendant

24  contends that Defendant "never purposely directed its activities to this forum because [Defendant]

25  filed the 2016/2018 cases in the District of Nevada, not in the NDCAL."  Mot. at 15.  However, as

26  the Court previously explained, Defendant purposefully availed itself of California's judicial

27  resources by "stipulat[ing] to transfer its infringement lawsuits against Apple, Verizon, and AT&T

28                                                          21

to this district." *Apple*, 506 F. Supp. 3d at 963. For purposes of personal jurisdiction, voluntarily transferring an action to a court is no different than filing the action in the court to begin with. *Id.* Moreover, Defendant "purposefully availed itself of the courts in California because Defendant continued to prosecute its lawsuits in this district." *Id.* Because Defendant has provided no reason for the Court to revisit this decision, the Court declines to do so.

Indeed, the Federal Circuit endorsed the reasoning behind this Court's previous decision. In *In re VoIP-Pal.Com, Inc.*, 845 Fed. Appx. 940, 942 (Fed. Cir. 2021), the Federal Circuit considered whether this Court erred by refusing to dismiss Apple's, Verizon's, and AT&T's actions against Defendant in the Northern District of California based on the "first-to-file rule." The Federal Circuit affirmed this Court's decision to retain jurisdiction over those actions and expressly noted that "the conclusion that it would be far less efficient for the Western District of Texas to resolve these cases based on the Northern District of California's familiarity with the overlapping issues is particularly well supported." *Id.* Thus, the Federal Circuit agreed with this Court's conclusion that Defendant's prior patent actions in this district created a substantial connection with this district.

Two additional contacts with California bolster Plaintiff's claim that Defendant has directed patent enforcement activities at the forum. "As the Supreme Court has explained, 'physical entry into the State—either by the defendant in person or through an agent, goods, mail, or some other means—is certainly a relevant contact." *Xilinx*, 848 F.3d at 1354 (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)); *see also Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com. de Equip. Medico*, 563 F.3d 1285, 1297–98 (Fed. Cir. 2009) (concluding that a defendant's representatives' entrance into the forum to attend a trade show with products that allegedly infringed the plaintiff's patents constituted a relevant contact for the purposes of personal jurisdiction). Twitter alleges that Defendant has employed at least two agents who have worked in this district to enforce Defendant's patents. First, Twitter points out that Defendant has retained a law firm located in Mountain View, California to litigate all of Defendant's patent cases, including the cases in this district. Compl. ¶ 22. Second, Twitter alleges that, "on or about April 20, 2016,

22

[Defendant's] representative Ray Leon met with representatives of Apple in the Northern District of California in connection with [Defendant's] patent enforcement campaign." *Id.* Although the Court does not find these contacts sufficient to create personal jurisdiction over Defendant on their own, these contacts bolster the contacts created by Defendant's ten patent infringement actions in this Court.

Having determined that Defendant has purposefully directed patent enforcement activities at the forum, there is no question that Twitter's claim arises out of these activities. The primary basis for Twitter's claim that the Court has subject matter jurisdiction over the instant case is Defendant's action asserting the '815 and '005 patents against Twitter in this Court. *See* Compl. ¶ 22; pp. XX, *supra*. Similarly, although Defendant's actions in this Court asserting the '762, '330, '002, and '549 patents do not create subject matter jurisdiction on their own, these actions bolster Twitter's claim that there is an actual controversy between the parties. *See* pp. XX, *supra*. Accordingly, Twitter's claim arises directly out of Defendant's patent enforcement activities in this District. *See ActiveVideo*, 975 F. Supp. 2d at 1097–98 (concluding that there was personal jurisdiction over the defendant based on the defendant's previous infringement lawsuits in the district with respect to the patents at issue or a related patent).

Thus, the Court concludes that Defendant has purposefully directed patent enforcement activities at the forum and that Twitter's claim arises out of those activities.

### 2. Asserting Personal Jurisdiction over Defendant is Reasonable and Fair

The Court also must determine whether asserting personal jurisdiction over Defendant is "reasonable and fair." *Xilinx*, 848 F.3d at 1353. The burden of establishing that jurisdiction is not reasonable and fair is on Defendant, who must "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable under the five-factor test articulated by the Supreme Court in *Burger King* [*Corporation v. Rudewicz*, 471 U.S. 462, 475–77 (1985)]." *Breckenridge*, 444 F.3d 1356, 1363 (Fed. Cir. 2006). The five factors outlined in *Burger King* are: (1) the burden on the defendant; (2) the forum State's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate

23

United States District Court
Northern District of California

1  judicial system's interest in obtaining the most efficient resolution; and (5) the shared interest of

2  the several States in furthering fundamental substantive social policies.  *Avocent*, 552 F.3d at 1331

3  (citing *Burger King*, 471 U.S. at 475–77).  The Court addresses each factor in turn.

4      First, litigating in this District imposes a minimal burden on Defendant.  The Federal

5  Circuit has explained that a defendant's previous lawsuits in a forum demonstrate that litigating in

6  that forum does not place an undue burden on the defendant.  *See Xilinx*, 848 F.3d at 1357–58

7  (explaining that "[t]he lack of significant burden on [the defendant] is also evidenced by [the

8  defendant's] prior litigations in California itself," including seven patent infringement lawsuits

9  there); *Acorda Therapeutics Inc. v. Mylan Pharma. Inc*, 817 F.3d 755, 764 (Fed. Cir. 2016)

10  (concluding that the burden on defendant "will be at most modest, as [the defendant] . . . has

11  litigated many . . . lawsuits" in the forum); *Viam Corp. v. Iowa Exp.-Imp. Trading Co.*, 84 F.3d

12  424, (Fed. Cir. 1996) (concluding that litigation in California was not unduly burdensome because

13  the defendant had filed previous lawsuits in California).  Thus, because Defendant has litigated at

14  least ten cases in this district related to the relevant family of patents, litigating the instant case in

15  this district will not impose an undue burden on Defendant.

16      Second, California has an interest in having California courts adjudicate this dispute.  In

17  general, "California has a substantial interest in protecting its residents from unwarranted claims

18  of patent infringement."  *Elecs. for Imaging*, 340 F.3d at 1352.  Thus, because Twitter has its

19  principal place of business in California, Compl. ¶ 14, California has an interest in having

20  California courts adjudicate the instant case.

21      Third, litigating the instant case in California will further Twitter's interest in obtaining

22  convenient and effective relief.  Plaintiff, which has its principal place of business in California,

23  Compl. ¶ 14, "indisputably has an interest in protecting itself from patent infringement by

24  obtaining relief 'from a nearby federal court' in its home forum."  *Xilinx*, 848 F.3d at 1356.

25      Fourth, litigating the instant case in this Court will allow for the most efficient resolution

26  of the parties' dispute.  This Court already has issued substantive decisions in six cases alleging

27  infringement of Defendant's related patents, all of which were affirmed by the Federal Circuit. *See*

28

24

*VoIP-Pal.Com*, 375 F. Supp. 3d at 1110, *aff'd*, 798 F. App'x at 645; *VoIP-Pal.Com, Inc*, 411 F. Supp. 3d at 926, *aff'd*, 828 F. App'x at 717.

Finally, "[t]here does not appear to be any conflict between the interests of California and any other state, because 'the same body of federal patent law would govern the patent invalidity claim irrespective of the forum.'" *Xilinx*, 848 F.3d at 1356 (quoting *Elecs. for Imaging*, 340 F.3d at 1352). Thus, the fifth factor does not weigh against a finding of personal jurisdiction.

In sum, Defendant has "failed to convince [this Court] that this is one of the 'rare' situations in which sufficient minimum contacts exist but where the exercise of jurisdiction would be unreasonable." *Elecs for Imaging*, 340 F.3d at 1352. Accordingly, the Court concludes that it has personal jurisdiction over Defendant.

**C. Venue Is Proper in the Instant Case**

Finally, Defendant argues that venue is improper. Mot. at 19. However, under the general federal venue statute, which governs actions for declaratory judgments of noninfringement, venue is proper in any judicial district where a defendant resides. *Id.* § 1391(b)(1). A corporate defendant "reside[s] . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2). Moreover, Twitter's principal place of business is in California and specifically in this district. Compl. ¶ 14. Thus, because the Court has personal jurisdiction over Defendant in the instant case, venue is proper in this district.

**IV.   CONCLUSION**

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss Twitter's complaint.

**IT IS SO ORDERED.**

Dated: November 2, 2021

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

Case No. 21-CV-02769-LHK
ORDER DENYING MOTION TO DISMISS

United States District Court
Northern District of California