Lewis E. Hudnell, III (CASBN 218736)
lewis@hudnelllaw.com
Nicolas S. Gikkas (CASBN 189425)
nick@hudnelllaw.com
HUDNELL LAW GROUP P.C.
800 W. El Camino Real Suite 180
Mountain View, California 94040
Telephone: 650.564.7720
Facsimile: 347.772.3034

Attorneys for Defendant
VOIP-PAL.COM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TWITTER, INC., <br><br>         Plaintiff, <br><br> v. <br><br> VOIP-PAL.COM, INC, <br><br>         Defendant. | Case No. 5:21-CV-02769-LHK <br><br> **DEFENDANT VOIP-PAL'S NOTICE OF MOTION AND MOTION TO DISMISS ALL CLAIMS WITHOUT PREJDUICE UNDER FED. R. CIV. P. 12(b)(1); MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Honorable Lucy H. Koh <br><br> Date: March 24, 2022 <br> Time: 1:30p <br> Courtroom 8, 4th Floor |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

  PLEASE TAKE NOTICE that on March 24, 2022 at 1:30p in Courtroom 8, 4th Floor before the Honorable Lucy H. Koh of the United States District Court for the Northern District of California, Defendant VoIP-Pal.com, Inc. ("VoIP-Pal") will move the Court, under Federal Rule of Civil Procedure 12(b)(1), to dismiss all claims in this action without prejudice.  The grounds for this Motion are that VoIP-Pal unconditionally and irrevocably covenants not to sue Plaintiff Twitter, Inc. ("Twitter") for infringement of U.S. Patent No. 9,935,872 ("the '872 patent"), thereby eliminating the possibility of an actual controversy in this case and divesting this Court of jurisdiction under *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995).  Accordingly, this case should be dismissed.

**ISSUE TO BE DECIDED**

  Whether the Court should dismiss this declaratory judgment action because there is no longer an actual controversy, as, with this Motion, VoIP-Pal covenants not to sue Twitter for infringement of the '872 patent for any products and services that Twitter has made, sold, offered for sale, or imported prior to the date of the covenant?

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Under Federal Rule of Civil Procedure 12(b)(1), VoIP-Pal respectfully asks the Court to dismiss all claims in this case, including both Twitter's claims that none of its products and services infringe the '872 patent.  Following Federal Circuit precedent, courts in this District have previously held that where, as here, a defendant in a declaratory judgment action covenants not to sue the plaintiff for infringement of the patent-in-suit, the plaintiff loses standing and this Court loses jurisdiction over the case.  Because this Motion grants Twitter such a covenant, there is not an actual controversy between Twitter and VoIP-Pal, and so this case should be dismissed without prejudice.

### II. RELEVANT FACTS

Twitter filed this declaratory judgment action on April 16, 2021 seeking a declaration of non-infringement of the '872 patent.  *See* Dkt No. 1.  At the time Twitter filed the original complaint, VoIP-Pal had not sued Twitter over the '872 patent, threatened to sue Twitter, or taken any other steps toward enforcing the '872 patent against Twitter.  Subsequently, Twitter moved to relate this case to Case No. 5:18-cv-04523-LHK, which involved two different VoIP-Pal patents, and this Court granted Twitter's motion.  Dkt. No. 18; *see also VoIP-Pal.com, Inc. v. Twitter, Inc.*, Case No. 5:18-cv-04523-LHK, Dkt. No. 96 (N.D. Cal.).

VoIP-Pal moved to dismiss Twitter's Complaint for lack of subject-matter jurisdiction and personal jurisdiction and for improper venue.  Dkt. No. 25.  The Court denied the motion on November 2, 2021. Dkt. No. 38.

### III. ARGUMENT

VoIP-Pal maintains that the Court lacks personal jurisdiction and subject-matter jurisdiction and that venue is improper as to VoIP-Pal under Twitter's Complaint.  But rather than litigate this case to judgment, to conserve the resources of the Court and of the parties, VoIP-Pal moves to dismiss this case under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.

Subject to the Court granting this Motion, VoIP-Pal covenants not to sue Twitter as follows:

2

VoIP-Pal.com, Inc. unconditionally and irrevocably covenants not to sue Twitter, Inc., now or in the future, for infringement of any claim of U.S. Patent No. 9,935,872 based on any products and services that Twitter is currently making, using, selling, offering for sale, or importing as of the date of this covenant or any products and services that Twitter, Inc. made, used, sold, offered for sale, or imported at any time before the date of this covenant.

VoIP-Pal's covenant not to sue divests the Court of subject-matter jurisdiction over Twitter's claims. *See Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1056 (Fed. Cir. 1995); *accord, e.g.*, *Crossbow Technology, Inc. v. YH Technology*, 531 F. Supp. 2d 1117, 1124 (N.D. Cal. 2007). Indeed, VoIP-Pal's covenant not to sue is identical to one that VoIP-Pal granted Twitter as to U.S. 10, 218,606. *See VoIP-Pal.com, Inc. v. Twitter, Inc.*, Case No. 5:20-cv-02397-LHK, Dkt. No. 68 at p. 2 (N.D. Cal.) ("*Twitter I*"). The Court concluded that that covenant was sufficient to divest the Court of subject-matter jurisdiction over *Twitter I*. *See Twitter, Inc. v. VoIP-Pal.com, Inc*, No. 20-CV-02397-LHK, 2021 U.S. Dist. LEXIS 164221, at *26-27 (N.D. Cal. Aug. 30, 2021). The Court should do the same in this case.

As other courts in this District have explained, in federal cases, an "actual controversy must be present at all times in the litigation." *Enplas Display Device Corp. v. Seoul Semiconductor Co.*, No. 13-cv-05038 NC, 2015 U.S. Dist. LEXIS 163116, at *8-9 (N.D. Cal. Dec. 3, 2015) (citing *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)); *see also* 28 U.S.C. § 2201(a) (requiring an "actual controversy" for the remedy of declaratory judgment). Further, "[w]hen a defendant in a patent infringement declaratory judgment action covenants not to sue, generally, the defendant removes the possibility that the parties have adverse legal interests. As a result, a covenant not to sue can divest the court of jurisdiction to adjudicate the plaintiff's claims." *Enplas*, 2015 U.S. Dist. LEXIS 163116, at *5. Such is the case here: as VoIP-Pal has granted Twitter the covenant not to sue, there is no longer an actual controversy between the parties, and this Court lacks subject-matter jurisdiction over Twitter's claims. *See Arris Group, Inc. v. British Telecomm. PLC*, 639 F.3d 1368, 1373 (9th Cir. 2011) ("In a line of cases beginning with *Super Sack* . . . we have held that a patentee's grant of a covenant not to sue a supplier for infringement can eliminate the supplier's standing to bring a declaratory judgment action.").

DEFENDANT VOIP-PAL'S NOTICE OF MOTION AND MOTION TO DISMISS ALL CLAIMS WITHOUT PREJUDICE UNDER FED. R. CIV. P. 12(b)(1); MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:21-CV-02769-LHK

VoIP-Pal's covenant not to sue is sufficiently broad and divests the Court of jurisdiction over Twitter's claim of noninfringement. *See Jacobsen v. Katzer*, 609 F. Supp. 2d 925, 930 (N.D. Cal. 2009) (quoting *Super Sack*, 57 F.3d at 2015) ("A patentee defending an action for a declaratory judgment of invalidity can divest the trial court of jurisdiction over the case by filing a covenant not to assert the patent at issue against the putative infringer with respect to any of its past, present, or future acts."). "Where the patentee had not brought an infringement lawsuit or engaged in a course of conduct that showed a willingness to enforce its patent rights, the Federal Circuit has concluded that a covenant not to sue was sufficient to divest the court of subject matter jurisdiction." *See Twitter*, 2021 U.S. Dist. LEXIS 164221, at *26-27 (citing *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1347-48 (Fed. Cir. 2007)). "If the court determines at any time that it lack subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Accordingly, VoIP-Pal respectfully requests that the Court grant this motion to dismiss all claims without prejudice, with each party to bear their own costs, expenses, and attorney's fees.

## IV. CONCLUSION

For the foregoing reasons, VoIP-Pal respectfully requests that the Court grant this Motion to Dismiss Twitter's claims for declaratory judgment of non-infringement without prejudice with each party to bear their own costs, expenses, and attorney's fees.

Dated: December 9, 2021              Respectfully submitted,

                                     */s/ Lewis E. Hudnell, III*
                                     Lewis E. Hudnell, III (CASBN 218746)
                                     lewis@hudnelllaw.com
                                     Nicolas S. Gikkas (CASBN 189425)
                                     nick@hudnelllaw.com
                                     HUDNELL LAW GROUP P.C.
                                     800 W. El Camino Real Suite 180
                                     Mountain View, California 94040
                                     T: 650.564.7720
                                     F: 347.772.3034

                                     Attorneys for Defendant
                                     VOIP-PAL.COM, INC.

DEFENDANT VOIP-PAL'S NOTICE OF MOTION AND MOTION TO DISMISS ALL CLAIMS WITHOUT PREJUDICE UNDER FED. R. CIV. P. 12(b)(1); MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:21-CV-02769-LHK

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the forgoing DEFENDANT VOIP-PAL'S NOTICE OF MOTION AND MOTION TO DISMISS ALL CLAIMS WITHOUT PREJUDICE UNDER FED. R. CIV. P. 12(b)(1); MEMORANDUM OF POINTS AND AUTHORITIES via the Court's CM/ECF system pursuant to the Federal Rules of Civil Procedure this 9th day of December, 2021.

By: */s/Lewis E. Hudnell, III*
    Lewis E. Hudnell, III
    Hudnell Law Group P.C.
    800 W. El Camino Real Suite 180
    Mountain View, California 94040
    T: 650.564.7720
    F: 347.772.3034
    lewis@hudnelllaw.com

DEFENDANT VOIP-PAL'S NOTICE OF MOTION AND MOTION TO DISMISS ALL CLAIMS WITHOUT PREJUDICE UNDER FED. R. CIV. P. 12(b)(1); MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 5:21-CV-02769-LHK