PERKINS COIE LLP
Sarah Fowler (Bar No. 264838)
3150 Porter Drive
Palo Alto, CA 94304-1212
Phone: 650.838.4300
SFowler@perkinscoie.com
AManek@perkinscoie.com

PERKINS COIE LLP
Gene W. Lee (*pro hac vice*)
Thomas Matthew (*pro hac vice*)
1155 Avenue of the Americas, 22nd floor
New York, NY 10112-0015
Phone: 212.262.6900
GLee@perkinscoie.com
TMatthew@perkinscoie.com

*Attorneys for Plaintiff Twitter, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TWITTER, INC.,<br><br>              Plaintiff,<br><br>       v.<br><br>VOIP-PAL.COM, INC.,<br><br>              Defendant. | Case No.  5:21-cv-2769-LHK<br><br>**TWITTER'S OPPOSITION TO VOIP-PAL'S MOTION TO DISMISS ALL CLAIMS WITHOUT PREJUDICE UNDER FED. R. CIV. P. 12(b)(1) (BASED ON COVENANT NOT TO SUE)**<br><br>Honorable Lucy H. Koh<br><br>Date March 24, 2022<br>Time:  1:30 p.m.<br>Courtroom 8, 4th Floor |

# **TABLE OF CONTENTS**

Page

PAGE I

I. INTRODUCTION ................................................................................................................ 1

II. STATEMENT OF FACTS .................................................................................................. 2

    A. The Parties.................................................................................................................. 2

    B. VoIP-Pal's Patent Litigation Campaign..................................................................... 3

        1. VoIP-Pal's 2016 Cases................................................................................. 3

        2. VoIP-Pal's 2018 Cases................................................................................. 3

        3. VoIP-Pal's 2020 Texas Cases And Press Release, And Twitter's, Apple's, AT&T's, And Verizon's 2020 DJ Actions................................... 4

        4. The Present Action...................................................................................... 8

        5. The Texas Mobile Gateway Cases............................................................... 8

        6. VoIP-Pal Files The Present Motion To Dismiss, And Twitter Files A Declaratory Judgment Action For The Mobile Gateway Patents ........... 9

III. ARGUMENT ..................................................................................................................... 10

    A. VoIP-Pal's CNS Does Not Cover Twitter's Customers ......................................... 10

    B. VoIP-Pal's CNS Does Not Cover Third Parties Involved With Twitter's Relevant Products And Services .............................................................................. 12

IV. CONCLUSION .................................................................................................................. 12

VOIP-PAL LITIGATIONS ........................................................................................................... 1

    2016 cases ............................................................................................................................. 1

    2018 Cases ........................................................................................................................... 1

    Cases involving the '606 patent .......................................................................................... 2

    Cases involving the Mobile Gateway patents .................................................................... 2

**Table of Authorities**

CASES                                                                                                                    PAGE

*Apple Inc v. Voip-Pal.com, Inc.*,
   Case No. 20-cv-02460, ECF No. 96 ............................................................................... passim

*ArcelorMittal v. AK Steel Corp.*,
   856 F.3d 1365 (Fed. Cir. 2017) ............................................................................................ 11

*Arkema Inc. v. Honeywell, Int'l, Inc.*,
   706 F.3d 1351 (Fed. Cir. 2013) ............................................................................................ 10

*Arris Grp., Inc. v. British Telecomm. PLC*,
   639 F.3d 1368 (Fed. Cir. 2011) ............................................................................................ 11

*AT&T Corp. v. VoIP-Pal.com, Inc.*,
   Case No. 20-cv-02995-LHK, ECF No. 97 ................................................................... 2, 7, 11

*MedImmune, Inc. v. Genentech, Inc.*,
   549 U.S. 118 (2007) ............................................................................................................ 10

*Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*,
   556 F.3d 1294 (Fed. Cir. 2009) ............................................................................................ 10

*Sandisk Corp. v. Mobile Media Ideas LLC*,
   2011 WL 1990662 (N.D. Cal. May 23, 2011) ..................................................................... 11

*Twitter, Inc. v. VoIP-Pal.com, Inc.*,
   Case No. 20-cv-02397-LHK, ECF No. 89 ...................................................................... passim

*Twitter, Inc. v. VoIP-Pal.com, Inc.*,
   Case No. 21-cv-9773 ............................................................................................................ 10

*VoIP-Pal.com, Inc. v. Twitter, Inc.*,
   No. 18-cv-04523-LHK (N.D. Cal. Dec. 10, 2018), ............................................................. 4

STATUTES

35 U.S.C. § 101 ............................................................................................................................ 3, 4, 7

OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 3, 4

Twitter hereby opposes VoIP-Pal's Motion To Dismiss ("Motion," ECF No. 43).

## I.   INTRODUCTION

Since 2016, VoIP-Pal and Twitter have been embroiled in a series of lawsuits involving VoIP-Pal's patents in the field of routing communications in a packet-switched network such as an Internet Protocol network.  The dispute between VoIP-Pal and Twitter concerning VoIP-Pal's patent portfolio is part of a large litigation campaign that began in 2016, when VoIP-Pal sued Twitter, Apple, AT&T, and Verizon.  VoIP-Pal filed subsequent waves of lawsuits in 2018, 2020, and 2021 against major technology companies such as Apple, AT&T, Verizon, Amazon, Facebook, WhatsApp, Google, T-Mobile, Samsung Electronics, and Huawei.

The present action involves U.S. Patent 9,935,872 (the "'872 patent") and is the third lawsuit between VoIP-Pal and Twitter.  This action is the second declaratory judgment action that Twitter has filed against VoIP-Pal.  In Twitter's prior and present declaratory judgment actions, this Court denied VoIP-Pal's motions to dismiss for lack of subject matter jurisdiction and determined that the dispute concerning VoIP-Pal's patent portfolio is broader than the two patents that VoIP-Pal asserted in litigation against Twitter.  Since December 2020, Twitter has communicated and maintained the position that it is not willing to enter into piecemeal settlements with VoIP-Pal, and that any settlement must be global in the sense of covering VoIP-Pal's entire patent portfolio.  However, VoIP-Pal has repeatedly declined to offer Twitter a license or covenant not to sue that would cover VoIP-Pal's entire patent portfolio.

In the present case, VoIP-Pal's covenant not to sue ("CNS") Twitter for infringement of the '872 patent, reads as follows:

> VoIP-Pal.com, Inc. unconditionally and irrevocably covenants not to sue Twitter, Inc., now or in the future, for infringement of any claim of U.S. Patent No. 9,935,872 based on any products and services that Twitter is currently making, using, selling, offering for sale, or importing as of the date of this covenant or any products and services that Twitter, Inc. made, used, sold, offered for sale, or imported at any time before the date of this covenant.

ECF No. 43 at 3.  This CNS is substantively identical to CNSs that VoIP-Pal previously gave to Twitter and AT&T for related U.S. Patent 10,218,606 (the "'606 patent," which is a continuation of the '872 patent) and to Apple for the '872 and '606 patents in prior, related declaratory

judgment cases. *Twitter, Inc. v. VoIP-Pal.com, Inc.*, Case No. 20-cv-02397-LHK, ECF No. 89 at 10; *AT&T Corp. v. VoIP-Pal.com, Inc.*, Case No. 20-cv-02995-LHK, ECF No. 97 at 9; *Apple Inc v. VoIP-Pal.com, Inc.*, Case No. 20-cv-02460, ECF No. 96 at 9. This Court found VoIP-Pal's prior CNSs to Apple and AT&T to be insufficient to eliminate subject matter jurisdiction, but found that the CNS to Twitter eliminated subject matter jurisdiction.

In the present case, VoIP-Pal's CNS to Twitter for the '872 patent is insufficient to eliminate subject matter jurisdiction for at least two reasons: First, the CNS does not cover Twitter's customers (i.e., users). The failure to cover customers was a primary reason this Court found VoIP-Pal's prior CNSs to Apple and AT&T to be insufficient. Second, the CNS does not cover third parties that are involved in routing and sending communications from and to Twitter's platform. Twitter respectfully submits that VoIP-Pal's Motion should be denied for these reasons.

## II.     STATEMENT OF FACTS

### A.     The Parties

Twitter operates a global Internet platform for public self-expression and conversation in real time. People with a Twitter account can post "Tweets"—messages of 280 characters or less, sometimes with pictures or video, and those messages can be read by other people using the Twitter platform. They may, in turn, "Re-tweet" those messages to their own followers. Users can include "hashtagged" keywords (indicated by a "#") in their Tweets to facilitate searching for messages on the same topic. People who use Twitter can also send direct messages to other users that can contain images and video. Each day, people post hundreds of millions of Tweets, engaging in public conversation on virtually every conceivable topic.

Defendant VoIP-Pal is the owner of the '872 patent, which is the subject of Twitter's declaratory judgment claims in this action. VoIP-Pal is a patent assertion entity. It is a public company whose stock is traded over the counter as a penny stock. According to VoIP-Pal's most recent Form 10-K filed with the Securities and Exchange Commission for the fiscal year ending September 30, 2021, it has two full-time employees. https://sec.report/Document/0001493152-21-031576/. VoIP-Pal describes itself as follows: "as the Company's stated objective is to

1   monetize its patent suite through the licensing or sale of its intellectual property ('IP'), the
2   Company being forced to litigate or to defend its IP claims through litigation casts substantial
3   doubt on its future to continue as a going concern." *Id.*

### B. VoIP-Pal's Patent Litigation Campaign

VoIP-Pal's litigation campaign has been described in prior filings in this action, including the Complaint (ECF No. 1) and Twitter's Opposition to VoIP-Pal's prior Motion To Dismiss (ECF No. 31). Relevant parts of the litigation history are set forth below. Cases comprising VoIP-Pal's litigation history are listed in the Appendix.

#### 1. VoIP-Pal's 2016 Cases

VoIP-Pal's litigation campaign began in 2016, when it filed lawsuits against Twitter, Apple, AT&T, and Verizon in the District of Nevada alleging infringement of U.S. Patents 8,542,815 (the "'815 patent") and 9,179,005 (the "'005 patent"). Those two patents are part of a patent family that VoIP-Pal refers to as the "Routing, Billing, Rating" or "RBR" patents. All patents in the RBR family share a common specification.

Twitter filed a motion to transfer for improper venue, which sought transfer to this Court. Twitter's motion was granted, after which VoIP-Pal agreed to transfer its actions against Apple, AT&T, and Verizon to this Court. Between August and November of 2018, all four of those actions were transferred to this Court and consolidated for pretrial purposes: Twitter (Case No. 18-cv-04523-LHK), Verizon (Case No. 18-cv-06054-LHK), AT&T (Case No. 18-cv-06177-LHK), and Apple (Case No. 18-cv-06217-LHK) (the "2016 Cases").

In the 2016 Cases, Twitter, Apple, AT&T, and Verizon filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) because the asserted claims of the '815 and '005 patents are invalid under 35 U.S.C. § 101. On March 25, 2019, this Court granted the motion to dismiss and found all asserted claims of the '815 and '005 patents to be invalid. VoIP-Pal appealed. On March 16, 2020, the Federal Circuit affirmed this Court's judgment of invalidity.

#### 2. VoIP-Pal's 2018 Cases

In May and June 2018, VoIP-Pal filed two additional lawsuits against Apple and Amazon in the District of Nevada, alleging infringement of four other RBR patents, U.S. Patents

9,537,762; 9,813,330; 9,826,002; and 9,948,549 (the "2018 Cases"). The asserted claims of those four RBR patents are very similar to the asserted claims of the two RBR patents in the 2016 Cases.

In October and November 2018, VoIP-Pal voluntarily agreed to transfer to this Court the 2018 Cases against Apple (Case No. 18-cv-06216-LHK) and Amazon (Case No. 18-cv-07020-LHK). During the first case management conference in the 2016/2018 Cases, the Court predicted the current situation and asked VoIP-Pal if it would "keep getting more continuations and then" asserting those patents. Transcript of Proceedings at 10, *VoIP-Pal.com, Inc. v. Twitter, Inc.,* No. 18-cv-04523-LHK, (N.D. Cal. Dec. 10, 2018), ECF No. 68; *see Twitter*, Case No. 20-cv-02397-LHK, ECF No. 50 at 13 n.2. VoIP-Pal assured the Court that "there's no intention to assert any of the other patents against any of the other defendants." *Id.*

In the 2018 Cases, Apple and Amazon filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) that the asserted claims of the four asserted patents are invalid under 35 U.S.C. § 101. On November 1, 2019, this Court granted Apple's and Amazon's motion to dismiss and found all asserted claims of the patents in the 2018 Cases to be invalid. VoIP-Pal appealed. On November 3, 2020, the Federal Circuit affirmed this Court's judgment of invalidity.

### 3. VoIP-Pal's 2020 Texas Cases And Press Release, And Twitter's, Apple's, AT&T's, And Verizon's 2020 DJ Actions

Unhappy with the outcome of the 2016 and 2018 Cases in this Court, VoIP-Pal went forum shopping. In April 2020, VoIP-Pal continued its litigation campaign by filing lawsuits asserting a seventh RBR patent, the '606 patent, in the Western District of Texas, Waco Division (the "2020 Texas Cases"). The claims of the '606 patent that VoIP-Pal asserts in the 2020 Texas Cases are very similar to claims of the six patents that VoIP-Pal asserted against Twitter, Apple, AT&T, and Verizon in the 2016 and 2018 Cases and were held to be invalid. VoIP-Pal's infringement allegations in the 2020 Texas Cases are similar to VoIP-Pal's infringement allegations in the 2016 and 2018 Cases (including against all of the same prior defendants except for Twitter) and are directed to accused instrumentalities that are similar to Twitter's products and services (for example, communications involving text, images, and videos).

During April 2-7, 2020, VoIP-Pal filed four new lawsuits against the following defendants:

- Facebook and WhatsApp (Case No. 20-cv-267, filed Thursday, April 2),
- Google (Case No. 20-cv-269, filed Friday, April 3),
- previous defendant Amazon (Case No. 20-cv-272, filed Monday, April 6), and
- previous defendant Apple (Case No. 20-cv-275, filed Tuesday, April 7).

On April 8, 2020, VoIP-Pal issued a press release that announced the filing of those lawsuits. ECF No. 1-4 (Exhibit 4) and https://www.voip-pal.com/voip-pal-new-patent-lawsuits-april-. The press release also mentioned the Federal Circuit's affirmance of this Court's judgment of invalidity in the 2016 Cases against Twitter, Apple, AT&T, and Verizon. The press release states that, in the wake of the Federal Circuit decision, VoIP-Pal is considering taking further action and "planning their next moves." VoIP-Pal's CEO is quoted as saying, "Our legal team is assessing our next moves regarding this Alice decision and we expect to announce our intentions soon. *I can tell you; we are not finished*," and "We remain firm in our resolve to achieve monetization for our shareholders and will continue to see this fight through until a successful resolution is reached. Patience is a virtue." *Id.* (emphasis added).

On April 8, 2020, after seeing VoIP-Pal's lawsuits in Texas against Facebook, WhatsApp, Google, Amazon, and Apple and VoIP-Pal's press release, Twitter filed an action for declaratory judgment of noninfringement of the '606 patent against VoIP-Pal in this Court (Case No. 20-cv-02397).

On April 10, 2020, Apple filed an action for declaratory judgment of noninfringement and invalidity of the '606 patent against VoIP-Pal in this Court (Case No. 20-cv-02460) and later amended its complaint to add claims for declaratory judgment of noninfringement and invalidity of the '872 patent.

On April 24, 2020, VoIP-Pal filed new lawsuits in the same court asserting the '606 patent against previous defendants AT&T (Case No. 20-cv-325) and Verizon Wireless (Case No. 20-cv-327). Soon thereafter, AT&T and Verizon filed declaratory judgment actions against VoIP-Pal

for the '606 patent in this Court. Case No. 20-cv-02995 (AT&T); Case No. 20-cv-03092 (Verizon).[1]

On July 10, 2020, VoIP-Pal filed motions to dismiss Twitter's, Apple's AT&T's, and Verizon's 2020 DJ Actions for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue. In December 2020, this Court denied VoIP-Pal's motions to dismiss, finding that subject matter jurisdiction and personal jurisdiction exist and that venue is proper. *E.g.*, *Twitter*, Case No. 20-cv-02397, ECF No. 50; *Apple*, Case No. 20-cv-02460, ECF No. 60.

Between December 2020 and April 2021, VoIP-Pal and Twitter communicated many times about potential settlement with respect to the '606 patent and VoIP-Pal's other patents. Since December 2020, Twitter's position has been that Twitter is unwilling to enter into a piecemeal settlement with VoIP-Pal that addresses only one or some of VoIP-Pal's patents, and that any settlement must be global in the sense of encompassing VoIP-Pal's entire patent portfolio. Twitter has communicated that position to VoIP-Pal multiple times, and VoIP-Pal has refused to offer Twitter a license or covenant not to sue for VoIP-Pal's entire patent portfolio.

For example, on January 11, 2021, counsel for Twitter and VoIP-Pal had a telephone call in which VoIP-Pal proposed to enter into a settlement for the '606 patent and "all family members" (i.e., all RBR patents, which includes the '872 patent), for a payment by Twitter of $1 million. Twitter observed that VoIP-Pal's proposal would not cover VoIP-Pal's entire patent portfolio and expressly noted that VoIP-Pal had recently touted receiving a U.S. patent and a European patent in another patent family called the "Mobile Gateway" family. Twitter asked if VoIP-Pal would agree to a settlement that would include patents other than those in the RBR family. VoIP-Pal's counsel said he would check with VoIP-Pal, but VoIP-Pal did not respond to that inquiry.

On January 15, 2021, Twitter declined VoIP-Pal's proposed settlement for the RBR patent family. Twitter's reasons for declining VoIP-Pal's offer included that it would not have covered all of VoIP-Pal's patents (including the recently-touted Mobile Gateway patent), Twitter's belief

---

[1] The declaratory judgment actions filed by Twitter, Apple, AT&T, and Verizon are referred to herein as the "2020 DJ Actions."

that VoIP-Pal's RBR patents are invalid under 35 U.S.C. § 101, and VoIP-Pal's demand for a $1 million payment was unreasonable.

On March 24, 2021, VoIP-Pal filed additional motions to dismiss Twitter's, Apple's, AT&T's, and Verizon's 2020 DJ Actions—this time based on covenants not to sue that VoIP-Pal granted in the motions. *E.g.*, *Twitter*, Case No. 20-cv-02397, ECF No. 62. Those CNSs were insufficient to eliminate subject matter jurisdiction for reasons explained in Twitter's, Apple's, and AT&T's oppositions. *E.g., id.*, ECF No. 66. Apple's and AT&T's oppositions argued that VoIP-Pal's CNSs were insufficient because they did not cover Apple's and AT&T's customers, but Twitter did not make that argument. On April 9, 2021, VoIP-Pal offered Twitter a broader CNS based on the '606 patent and asked Twitter to stipulate to dismissal of Twitter's declaratory judgment action. Twitter declined to stipulate to dismissal because it believed that VoIP-Pal's broader covenant was insufficient and did not cover VoIP-Pal's entire patent portfolio.

On April 14, 2021, VoIP-Pal filed its reply briefs in support of its motions to dismiss, which granted Twitter, Apple, and AT&T broader CNSs for the '606 patent. *E.g., id.*, ECF No. 68.

On April 15, 2021, Twitter and VoIP-Pal participated in a court-supervised settlement conference pursuant to the court's ADR program, which did not result in settlement.

On August 25, 2021, this Court denied VoIP-Pal's motions to dismiss Apple's and AT&T's 2020 DJ Actions, finding that VoIP-Pal's covenants not to sue to be insufficient to eliminate subject matter jurisdiction. *Apple*, Case No. 20-cv-02460, ECF No. 96 (Declaration of Thomas Matthew "Matthew Declaration" Ex. 1); *AT&T*, Case No. 20-cv-02995, ECF No. 97. A primary reason cited by the Court for finding the CNSs to be insufficient was that they did not cover Apple's and AT&T's customers. *Id.* at 18 (Matthew Declaration Ex. 1). The Court also called out VoIP-Pal's forum shopping and desire not to litigate in this District:

> Defendant's history of litigation against [Apple/AT&T] and the litigation circumstances under which Defendant granted the Motion to Dismiss Covenant Not to Sue and the Reply Brief Covenant Not to Sue thus suggest that, rather than not wanting to litigate against [Apple/AT&T], Defendant merely does not want to litigate against [Apple/AT&T] in this district.

*Id.* at 16 (Matthew Declaration Ex. 1).

On August 30, 2021, the Court granted VoIP-Pal's motion to dismiss Twitter's 2020 DJ Action based on the broader covenant not to sue for the '606 patent and entered judgment but retained jurisdiction to consider Twitter's motion for attorney fees. *Twitter*, Case No. 20-cv-02397, ECF No. 89 at 17.

### 4. The Present Action

Following the unsuccessful settlement conference on April 15, 2021, in Twitter's 2020 DJ Action, Twitter filed the present action on April 16, 2021. Twitter seeks a declaratory judgment of noninfringement for an eighth RBR patent, the '872 patent. ECF No. 1. The claims of the '872 patent are very similar to claims of the '606 patent and the six patents that VoIP-Pal asserted against Twitter, Apple, AT&T, and Verizon in the 2016 and 2018 Cases and were held to be invalid (for example, claim 74 of the '005 patent).

On June 21, 2021, VoIP-Pal filed a motion to dismiss Twitter's DJ action for the '872 patent for lack of subject matter jurisdiction, lack of personal jurisdiction, and for improper venue. ECF No. 25. That motion rehashed the same arguments that the Court had previously rejected in denying VoIP-Pal's first motion to dismiss in the 2020 DJ Actions. On November 2, 2021, the Court denied VoIP-Pal's motion to dismiss. ECF No. 38.

### 5. The Texas Mobile Gateway Cases

Two months after Twitter filed the present action, on June 25, 2021, VoIP-Pal filed new lawsuits in the Western District of Texas against Apple, AT&T, Verizon, Amazon, Facebook, WhatsApp, Google, and T-Mobile to assert the two Mobile Gateway patents, U.S. Patents 8,630,234 and 10,880,721 (the "Texas Mobile Gateway Cases").

The Mobile Gateway patents are not members of the RBR family, but they are very similar to the eight RBR patents that were or are at issue in the 2016 and 2018 Cases, the 2020 Texas Cases, and the 2020 DJ Actions. The Mobile Gateway patents concern the same technology as the previously-asserted RBR patents—namely, routing of communications in a packet-switched network.

The claims of the Mobile Gateway patents are very similar to the claims of the RBR patents. Like the invalidated claims of the RBR patents, the claims of the Mobile Gateway patents describe (in purely functional terms with functions generic to a computer): sending/receiving data (e.g., IP addresses) between generic telecommunications devices; retrieving data from storage; determining whether data matches certain characteristics; and routing a call based on the determining step. Also like the claims of the RBR patents, the claims of the Mobile Gateway patents fail to describe *how* to achieve these results.

VoIP-Pal's infringement allegations in the Texas Mobile Gateway Cases are very similar to VoIP-Pal's infringement allegations in the 2016 and 2018 Cases and/or 2020 Texas Cases against Twitter, Apple, AT&T, Verizon, and/or Amazon. For example, VoIP-Pal's infringement allegations for the Mobile Gateway patents are directed to some of the same accused instrumentalities that VoIP-Pal accused of infringement in VoIP-Pal's prior lawsuits against Twitter, Apple, AT&T, and/or Verizon, such as messaging involving text, images, and videos.

On November 30, 2021, VoIP-Pal filed lawsuits in the Western District of Texas against Samsung Electronics and Huawei Technologies alleging infringement of the two Mobile Gateway patents.

### 6.     VoIP-Pal Files The Present Motion To Dismiss, And Twitter Files A Declaratory Judgment Action For The Mobile Gateway Patents

On December 9, 2021, VoIP-Pal filed the present Motion based on a covenant not to sue for the '872 patent (ECF No. 43), which Twitter opposes here.

VoIP-Pal has sued every defendant from the 2016 and 2018 Cases for infringement of the Mobile Gateway patents other than Twitter. Twitter believes that the reason VoIP-Pal has not sued Twitter for infringement of the Mobile Gateway patents to date is strategic—for example, concern that, if VoIP-Pal filed a lawsuit to assert the Mobile Gateway patents against Twitter while Twitter's 2020 and/or 2021 DJ Actions were pending, they might be deemed to be first-filed cases such that VoIP-Pal would end up litigating the Mobile Gateway patents in this Court.

Based on VoIP-Pal's litigation history against Twitter and other companies and the events described above, Twitter expected that VoIP-Pal would sue Twitter for infringement of the

1  Mobile Gateway patents after the conclusion of Twitter's 2021 DJ Action.  Based on VoIP-Pal's
2  filing of the present Motion, Twitter believes that VoIP-Pal planned to sue Twitter for
3  infringement of the Mobile Gateway patents soon after Twitter's 2021 DJ Action has concluded.
4  Therefore, on December 17, 2021, Twitter filed a lawsuit seeking declaratory judgment of
5  noninfringement for the Mobile Gateway patents.  *Twitter, Inc. v. VoIP-Pal.com, Inc.*, Case
6  No. 21-cv-9773.

**III.    ARGUMENT**

Subject matter jurisdiction in a declaratory judgment action exists where "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal citation omitted); *see*, *e.g.*, *Arkema Inc. v. Honeywell, Int'l, Inc.*, 706 F.3d 1351, 1356 (Fed. Cir. 2013).  In denying VoIP-Pal's prior motion to dismiss (ECF No. 31), the Court found that subject matter jurisdiction exists based on Twitter's pleadings (ECF No. 50).  Accordingly, the only question for purposes of VoIP-Pal's present Motion is whether the CNS is sufficient to eliminate subject matter jurisdiction.  The answer is that it does not.

"Whether a covenant not to sue will divest the trial court of jurisdiction depends on what is covered by the covenant."  *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2009).

VoIP-Pal's CNS is insufficient to eliminate subject matter jurisdiction in at least two respects.

**A.    VoIP-Pal's CNS Does Not Cover Twitter's Customers**

VoIP-Pal's CNS is insufficient to eliminate subject matter jurisdiction because it does not cover Twitter's customers (i.e., users).  Twitter's customers include individuals and companies that use Twitter's platform to communicate "Tweets" and messages such as "Re-Tweets" and "Reply Tweets."

In the 2020 DJ Actions, Apple and AT&T argued that VoIP-Pal's CNSs for the '606 patent were insufficient because they did not cover Apple's and AT&T's customers.  This Court

agreed and denied VoIP-Pal's motions to dismiss Apple's and AT&T's 2020 DJ actions. *Apple*, Case No. 20-cv-02460, ECF No. 96 at 18; *AT&T*, Case No. 20-cv-02995-LHK, ECF No. 97 at 18. *See ArcelorMittal v. AK Steel Corp.*, 856 F.3d 1365, 1370 (Fed. Cir. 2017) (concluding that subject matter jurisdiction existed because "[a]t no time before the court entered summary judgment did ArcelorMittal unconditionally assure Defendants and their customers that it would never assert [the asserted patent's] claims 24 and 25 against them"); *Sandisk Corp. v. Mobile Media Ideas LLC*, 2011 WL 1990662, at *3 (N.D. Cal. May 23, 2011) ("Until MMI expressly covenants not to sue SanDisk's customers for infringement of any of the patents-in-suit based upon past or current versions of SanDisk's media player products, this case will not be dismissed."); *see generally Arris Grp., Inc. v. British Telecomm. PLC*, 639 F.3d 1368, 1378 (Fed. Cir. 2011) (stating that, "where a patent holder accuses customers of direct infringement based on the sale or use of a supplier's equipment, the supplier has standing to commence a declaratory judgment action if (a) the supplier is obligated to indemnify its customers from infringement liability, or (b) there is a controversy between the patentee and the supplier as to the supplier's liability for induced or contributory infringement based on the alleged acts of direct infringement by its customers").

In Twitter's 2020 DJ action, Twitter did not argue that VoIP-Pal's CNS was insufficient because it did not cover Twitter's customers.

In the present action, Twitter contends that VoIP-Pal's CNS for the '872 patent is insufficient to eliminate subject matter jurisdiction because it does not cover Twitter's customers. VoIP-Pal's CNS for the '872 patent is substantively identical to VoIP-Pal's prior CNSs for the '606 patent, which this Court found to be a primary reason why those prior CNSs were insufficient with respect to Apple and AT&T. *Apple*, Case No. 20-cv-02460, ECF No. 96 at 18; *AT&T*, Case No. 20-cv-02995-LHK, ECF No. 97 at 18. For the same reason, VoIP-Pal's covenant not to sue Twitter for the '872 patent is insufficient.

**B. VoIP-Pal's CNS Does Not Cover Third Parties Involved With Twitter's Relevant Products And Services**

Similarly, VoIP-Pal's CNS is insufficient to eliminate subject matter jurisdiction because it does not cover third parties that are involved in routing and sending communications from and to Twitter's platform.  In VoIP-Pal's 2016 Case against Twitter, VoIP-Pal's infringement contentions cited the routing and sending communications via the Internet and external network operators such as cellular service providers.  Matthew Declaration Ex. 2.  In the present action, VoIP-Pal's declaratory judgment claim of noninfringement for the '872 patent similarly involves the Internet and external network operators, which necessarily implicates equipment and activities of third parties.

For the reasons explained above, VoIP-Pal's CNS is insufficient because it does not cover customers, which are third parties.  By parity of reasoning, VoIP-Pal's CNS is also insufficient because it does not cover third parties that are involved in routing and sending communications from and to Twitter's platform.

## IV. CONCLUSION

For at least the foregoing reasons, Twitter respectfully requests that the Court deny VoIP-Pal's Motion (ECF No. 43).

DATED:  December 23, 2021          **PERKINS COIE LLP**

By: */s/ Gene Lee*
      Gene W. Lee

*Attorneys for Plaintiff Twitter, Inc.*

# APPENDIX
# VoIP-Pal Litigations

**2016 cases**

- *VoIP-Pal.com, Inc. v. Twitter, Inc.*, Case Nos. 2:16-cv-02338 (D. Nev.) and 5:18-cv-04523-LHK (N.D. Cal.)

- *VoIP-Pal.com, Inc. v. Verizon Wireless LLC*, Case Nos. 2:16-cv-00271 (D. Nev.) and 5:18-cv-06054-LHK (N.D. Cal.)

- *VoIP-Pal.com, Inc. v. AT&T Corp.*, Case Nos. 2:16-cv-00271 (D. Nev.) and 5:18-cv-06177-LHK (N.D. Cal.)

- *VoIP-Pal.com, Inc. v. Apple Inc.*, Case Nos. 2:16-cv-02604 (D. Nev.) and 5:18-cv-06217-LHK (N.D. Cal.)

VoIP-Pal filed the cases listed above in 2016 and asserted the '815 and '005 patents. The 2016 cases were resolved by judgment that the '815 and '005 patents are invalid under Section 101. The judgments were affirmed in the following appeals:

- *VoIP-Pal.com, Inc. v. Twitter, Inc.*, Appeal No. 2019-1808 (Fed. Cir.)

- *VoIP-Pal.com, Inc. v. Verizon Wireless LLC*, Appeal No. 2019-1812 (Fed. Cir.)

- *VoIP-Pal.com, Inc. v. AT&T Corp.*, Appeal No. 2019-1813 (Fed. Cir.)

- *VoIP-Pal.com, Inc. v. Apple Inc.*, Appeal No. 2019-1814 (Fed. Cir.)

**2018 Cases**

- *VoIP-Pal.com, Inc. v. Apple Inc.*, Case Nos. 2:18-cv-0953 (D. Nev.) and 5:18-cv-06216-LHK (N.D. Cal.)

- *VoIP-Pal.com, Inc. v. Amazon.com, Inc.*, Case Nos. 2:1-cv-01076 (D. Nev.) and 5:18-cv-07020-LHK (N.D. Cal.)

VoIP-Pal filed the cases listed above in 2018 and asserted U.S. Patents 9,537,762; 9,813,330; 9,826,002; and 9,948,549. The 2018 cases were resolved by judgment that the four asserted patents were invalid under Section 101. The judgments were affirmed in the following appeals.

- *VoIP-Pal.com, Inc. v. Apple Inc.*, No. 2020-1241 (Fed. Cir.)

- *VoIP-Pal.com, Inc. v. Amazon.com, Inc.*, No. 2020-1 (Fed. Cir.)

**Cases involving the '606 patent**

- *VoIP-Pal.com, Inc. v. Facebook, Inc.*, Case No. 2:20-cv-00267 (W.D. Tex.)

- *VoIP-Pal.com, Inc. v. Google LLC*, Case No. 2:20-cv-00269 (W.D. Tex.)

- *VoIP-Pal.com, Inc. v. Amazon.com, Inc.*, Case No. 2:20-cv-00272 (W.D. Tex.)

- *VoIP-Pal.com, Inc. v. Apple Inc.*, Case No. 2:20-cv-00275 (W.D. Tex.) (dismissed without prejudice)

- *VoIP-Pal.com, Inc. v. AT&T Inc.*, Case No. 2:20-cv-00325 (W.D. Tex.) (dismissed without prejudice)

- *VoIP-Pal.com, Inc. v. Verizon Communications Inc.*, Case No. 2:20-cv-00327 (W.D. Tex.) (dismissed without prejudice)

VoIP-Pal filed the cases listed above in April 2020 and asserts or asserted the '606 patent. Those cases have all been dismissed or stayed pending declaratory judgment actions involving the '606 patent that were filed in this District in April 2020. The declaratory judgment action filed by Apple also involved the '872 patent. Those declaratory judgment actions are:

- *Twitter, Inc. v. VoIP-Pal.com*, Case No. 5:20-cv-02397 (N.D. Cal.) (dismissed)

- *Apple Inc. v. VoIP-Pal.com*, Case No. 5:20-cv-02460 (N.D. Cal.) (dismissed without prejudice)

- *AT&T Corp. v. VoIP-Pal.com*, Case No. 5:20-cv-02995 (N.D. Cal.) (dismissed without prejudice)

- *Cellco Partnership v. VoIP-Pal.com*, Case No. 5:20-cv-03092 (N.D. Cal.) (dismissed without prejudice)

**Cases involving the Mobile Gateway patents**

- *VoIP-Pal.com, Inc. v. Facebook, Inc.*, Case No. 2:21-cv-00665 (W.D. Tex.)

- *VoIP-Pal.com, Inc. v. Google LLC*, Case No. 2:21-cv-00667 (W.D. Tex.)

- *VoIP-Pal.com, Inc. v. Amazon.com, Inc.*, Case No. 2: 21-cv-00668 (W.D. Tex.)

- *VoIP-Pal.com, Inc. v. Apple Inc.*, Case No. 2: 21-cv-00670 (W.D. Tex.) (dismissed without prejudice)

- *VoIP-Pal.com, Inc. v. AT&T Inc.*, Case No. 2: 21-cv-00671 (W.D. Tex.) (dismissed without prejudice)

- *VoIP-Pal.com, Inc. v. Verizon Communications Inc.*, Case No. 2: 21-cv-00672 (W.D. Tex.)

- *VoIP-Pal.com, Inc. v. T-Mobile US, Inc.*, Case No. 2: 21-cv-00674 (W.D. Tex.)

- *VoIP-Pal.com, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 6:21-cv-01246 (W.D. Tex.)

- *VoIP-Pal.com, Inc. v. Huawei Technologies Co., Ltd.*, Case No. 6-21-cv-01247 (W.D. Tex.)

VoIP-Pal filed the cases listed above in June 2021. VoIP-Pal asserts U.S. Patents Nos. 8,630,234 and 10,880,721. Those cases are pending. In response, AT&T, Apple, Verizon, and Twitter filed declaratory judgment actions involving the mobile gateway patents. Those declaratory judgment actions are:

- *AT&T Corp. v. VoIP-Pal.com*, Case No. 5:21-cv-05078 (N.D. Cal.) (dismissed without prejudice)

- *Apple Inc. v. VoIP-Pal.com*, Case No. 5: 21-cv-05110 (N.D. Cal.) (dismissed without prejudice)

- *Cellco Partnership v. VoIP-Pal.com*, Case No. 5:21-cv-05275 (N.D. Cal.) (stayed)

- *Twitter, Inc. v. VoIP-Pal.com, Inc.*, Case No. 21-cv-9773 (N.D. Cal.)