Lewis E. Hudnell, III (CASBN 218736)
lewis@hudnelllaw.com
Nicolas S. Gikkas (CASBN 189452)
nick@hudnelllaw.com
HUDNELL LAW GROUP P.C.
800 W. El Camino Real Suite 180
Mountain View, California 94040
Telephone: 650.564.3698
Facsimile: 347.772.3034

Attorneys for Defendant
VOIP-PAL.COM, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| TWITTER, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>VOIP-PAL.COM, INC.,<br><br>    Defendant. | Case No. 5:21-CV-02769-LHK<br><br>**DEFENDANT VOIP-PAL.COM, INC.'S REPLY TO TWITTER'S OPPOSITION TO VOIP-PAL'S MOTION TO DISMISS ALL CLAIMS WITHOUT PREJUDICE UNDER FED. R. CIV. P. 12(b)(1)** |

DEFENDANT VOIP-PAL.COM, INC.'S REPLY TO TWITTER'S OPPOSITION TO VOIP-PAL'S MOTION TO DISMISS ALL CLAIMS WITHOUT PREJUDICE UNDER FED. R. CIV. P. 12(b)(1)
Case No. 5:21-CV-02769-LHK

i

**TABLE OF CONTENTS**

I.   INTRODUCTION ....................................................................................................................1

II.  ARGUMENT.........................................................................................................................2

   A.   VoIP-Pal's CNTS Eliminates this Court's Subject-Matter Jurisdiction. .................................... 2

   B.   The CNTS Does Not Need To Extend To Twitter's Customers to Divest the Court of Jurisdiction. ................................................................................................................................ 2

   C.   The CNTS Does Not Need To Extend To Third Parties To Divest The Court Of Jurisdiction... 6

III. CONCLUSION.....................................................................................................................7

DEFENDANT VOIP-PAL.COM, INC.'S REPLY TO TWITTER'S OPPOSITION TO VOIP-PAL'S MOTION TO DISMISS ALL CLAIMS WITHOUT PREJUDICE UNDER FED. R. CIV. P. 12(b)(1)
Case No. 5:21-CV-02769-LHK

ii

# TABLE OF AUTHORITIES

**Cases**

*Apple Inc. v. Voip-Pal.com, Inc.*, No. 20-CV-02460-LHK, 2021 U.S. Dist. LEXIS 161903 (N.D. Cal. Aug. 26, 2021) .................................................................................................................................. 3

*ArcelorMittal v. AK Steel Corp.*, 856 F.3d 1365 (Fed. Cir. 2017) ............................................... 5

*Arris Grp., Inc. v. British Telecomm. PLC*, 639 F.3d 1368 (Fed. Cir. 2011) ........................ 5, 6

*AT&T Corp. v. VoIP-Pal.com, Inc.*, No. 20-CV-02995-LHK, 2021 U.S. Dist. LEXIS 161191 (N.D. Cal. Aug. 25, 2021) .................................................................................................................................. 3

*Credit Acceptance Corp. v. Westlake Servs.*, No. CV 13-01523 SJO (MRWx), 2015 U.S. Dist. LEXIS 188210 (C.D. Cal. Aug. 24, 2015) ................................................................................................... 5

*Endonovo Therapeutics, Inc. v. KVP Int'l, Inc.*, No. 19-00257-JAK, 2020 U.S. Dist. LEXIS 94949 (C.D. Cal. Mar. 31, 2020) .................................................................................................................... 2

*FedEx Corp. Services, Inc. v. Eclipse IP LLC*, 15 F.Supp.3d 1346 (N.D. Ga. 2013)). .............................. 5

*SanDisk Corp. v. Mobile Media Ideas LLC*, No. C 11-00597 CW, 2011 WL 1990662 (N.D. Cal. May 23, 2011) ......................................................................................................................... 5

*Twitter, Inc. v. VoIP-Pal.com, Inc*, No. 20-CV-02397-LHK, 2021 U.S. Dist. LEXIS 164221 (N.D. Cal. Aug. 30, 2021) .................................................................................................................................. 4

## I.     INTRODUCTION

Far from threatening Twitter with litigation on U.S. Patent No. 9,935,872 ("the '872 patent"), and contrary to what Twitter claims, VoIP-Pal has offered Twitter multiple settlements involving the '872 patent both before and after Twitter filed this suit. VoIP-Pal has never asserted Twitter infringed the '872 patent and VoIP-Pal has not filed a counterclaim of infringement. Consequently, VoIP-Pal contended from the start that Twitter had no basis to bring this action and moved to have it dismissed on jurisdictional grounds. *See* Dkt. No. 25.

Although VoIP-Pal believes that the Court erred by not granting its previous motion to dismiss, instead of expending more of its and the Court's limited resources litigating this case to judgment, VoIP-Pal decided that the better course of action was to grant Twitter a covenant-not-to-sue ("CNTS") as to the '872 patent. The CNTS removes the present case or controversy that purportedly was the basis for Twitter bringing this action in the first place. Notwithstanding VoIP-Pal's good faith efforts to end this case, Twitter now attempts to drag this case out by finding fault with the CNTS.

In its Opposition, Twitter tries to piggyback on this Court's decision denying VoIP-Pal's motion to dismiss *Apple Inc. v. VoIP-Pal.com, Inc.*, Case No. 5:20-cv-2460-LHK (N.D. Cal.) and *AT&T Corp. v. VoIP-Pal.com, Inc.*, Case No. 5:20-cv-2995-LHK (N.D. Cal.) (collectively "the Apple and AT&T 2020 NDCAL actions"). While VoIP-Pal granted Apple and AT&T a covenant not to sue as to U.S. Patent No. 10,218,606 ("the '606 patent") that is virtually identical to the CNTS that is the subject of this Motion, the facts in the Apple and AT&T 2020 NDCAL actions are significantly different. Unlike Apple and AT&T, VoIP-Pal has never accused Twitter or its customers of infringing the '606 patent. And VoIP-Pal has never accused any party of infringing the '872 patent. Thus, the Court's reasoning that the Apple and AT&T covenants were deficient because they did not cover Apple's and AT&T's customers does not apply to the CNTS in this case. As such, the CNTS is sufficient to divest the Court of jurisdiction over Twitter's declaratory-judgment claims.

Additionally, because Twitter cannot establish that it is a prevailing party, that VoIP-Pal's conduct was exceptional, or that VoIP-Pal has engaged in any conduct that would warrant an award of attorney's fees, the Court should exercise its discretion and decline to entertain any motion for attorney's fees. As such, VoIP-Pal's Motion should be granted in its entirety.

## II.     ARGUMENT

### A.     VoIP-Pal's CNTS Eliminates this Court's Subject-Matter Jurisdiction.

Twitter raises only two issues with the CNTS language: (1) it allegedly does not cover Twitter's unnamed customers and (2) it allegedly does not cover unnamed third parties involved with Twitter's products and services. *See* Dkt. No. 45 at pp. 10, 12. For the reasons discussed below, the CNTS does not need to extend to these parties in order to divest the Court of jurisdiction over Twitter's declaratory-judgment claims. As such, no substantial, actual, and immediate controversy remains between VoIP-Pal and Twitter with respect to the '872 patent.

### B.     The CNTS Does Not Need To Extend To Twitter's Customers to Divest the Court of Jurisdiction.

Twitter's claim that VoIP-Pal's CNTS is insufficient to eliminate subject-matter jurisdiction because it does not cover Twitter's customers lacks merit. Not only does Twitter not identify who its customers are, but Twitter's complaint does not purport to seek relief for its customers; Twitter's complaint contains no allegations that VoIP-Pal would seek to sue any of Twitter's specific customers for patent infringement; Twitter's complaint contains no allegations that such actions would cause Twitter to suffer any injury in fact; and Twitter's complaint contains no allegations that it would have standing to maintain a declaratory-judgment action against VoIP-Pal solely on the basis of unalleged infringing acts by its customers. *See Endonovo Therapeutics, Inc. v. KVP Int'l, Inc.*, No. 19-00257-JAK, 2020 U.S. Dist. LEXIS 94949, at *12 (C.D. Cal. Mar. 31, 2020) (rejecting argument that covenant not to sue was insufficient to divest court of jurisdiction over declaratory-judgment claims of non-

DEFENDANT VOIP-PAL.COM, INC.'S REPLY TO TWITTER'S OPPOSITION TO VOIP-PAL'S MOTION TO DISMISS ALL CLAIMS WITHOUT PREJUDICE UNDER FED. R. CIV. P. 12(b)(1)
Case No. 5:21-CV-02769-LHK

2

infringement and invalidity because covenant did not extend to customers.).  In fact, Twitter's complaint expressly states multiple times that a case or controversy exists between only Twitter and VoIP-Pal. *See* Dkt. No. 1 at ¶¶1 ("a real, substantial, immediate, and justiciable controversy between *plaintiff Twitter, Inc. ("Twitter"), and defendant VoIP-Pal.com Inc. ("VoIP-Pal")*", 13 ("a real, substantial, and immediate controversy *between VoIP-Pal and Twitter*"), 23 ("there is a real, substantial, live, immediate, and justiciable case or controversy concerning the '872 patent *between VoIP-Pal and Twitter*"), 54 ("there is an actual, substantial, immediate, and justiciable controversy between *Twitter and VoIP-Pal*"), 57 ("there is an actual, substantial, immediate, and justiciable controversy *between Twitter and VoIP-Pal*") (emphasis added).

Twitter's reliance on this Court's decision denying VoIP-Pal's motion to dismiss the Apple and AT&T 2020 NDCAL actions is entirely misplaced.  In those cases, the Court determined that VoIP-Pal's covenant not to sue was insufficient to divest the Court of jurisdiction over Apple's and AT&T's declaratory-judgment claims because VoIP-Pal had asserted in another lawsuit that Apple's and AT&T's customers infringed the '606 patent:

> The omission of Apple's customers [from the covenant not to sue] is particularly significant because Defendant asserted in Defendant's 2020 lawsuit in the Waco Division of the Western District of Texas that Apple's customers infringed the '606 patent.

*Apple Inc. v. Voip-Pal.com, Inc.*, No. 20-CV-02460-LHK, 2021 U.S. Dist. LEXIS 161903, at *28-29 (N.D. Cal. Aug. 26, 2021); *accord AT&T Corp. v. VoIP-Pal.com, Inc.*, No. 20-CV-02995-LHK, 2021 U.S. Dist. LEXIS 161191, at *29 (N.D. Cal. Aug. 25, 2021) ("The omission of AT&T's customers [from the covenant not to sue] is particularly significant because Defendant asserted in Defendant's 2020 lawsuit in the Waco Division of the Western District of Texas that AT&T's customers infringed the '606 patent.").  VoIP-Pal, however, has never asserted that Twitter or its customers infringe the '872 patent in this case or in any other case.  Indeed, VoIP-Pal has not asserted the '872 patent against any party.  VoIP-Pal also has not filed any infringement counterclaims against Twitter or its customers in

DEFENDANT VOIP-PAL.COM, INC.'S REPLY TO TWITTER'S OPPOSITION TO VOIP-PAL'S MOTION TO DISMISS ALL CLAIMS WITHOUT PREJUDICE UNDER FED. R. CIV. P. 12(b)(1)
Case No. 5:21-CV-02769-LHK

3

this case.  Furthermore, Twitter has not and cannot identify a single customer or third party that VoIP-Pal has accused of infringing the '872 patent and who has any "real and immediate threat" of being sued.  Thus, in this case, Twitter has no basis for asserting that VoIP-Pal's CNTS must extend to Twitter's customers in order to divest the Court of subject-matter jurisdiction.

Tellingly, Twitter freely admits that in *Twitter, Inc. v. VoIP-Pal.com, Inc.*, Case No. 5:20-cv-2397-LHK (N.D. Cal.) ("*Twitter I*"), which concerned the '606 patent, Twitter "did not argue that VoIP-Pal's CNS was insufficient because it did not cover Twitter's customers."  Dkt. No. 45 at p. 11.  The reason Twitter did not argue as much is simple: Twitter knew it had no basis to make the argument.  Just as in this case, VoIP-Pal never asserted in *Twitter I* that Twitter or its customers infringe the '606 patent.  VoIP-Pal also did not assert any infringement counterclaims against Twitter or its customers in *Twitter I*.  Twitter merely raises the argument now as a desperate and misplaced attempt to avoid dismissal of this case.

Moreover, the Court granted VoIP-Pal's motion to dismiss *Twitter I* based on a covenant not to sue identical to the CNTS.  *See Twitter, Inc. v. VoIP-Pal.com, Inc*, No. 20-CV-02397-LHK, 2021 U.S. Dist. LEXIS 164221, at *26-27 (N.D. Cal. Aug. 30, 2021).  The Court ruled several days after the Court denied a similar motion in the Apple and AT&T 2020 NDCAL actions.  Thus, the Court was already well aware of Apple's and AT&T's argument that the covenant should extend to Apple's and AT&T's customers.  If the Court had thought that the covenant not to sue that VoIP-Pal granted Twitter as to the '606 patent should extend to Twitter's customers, then the Court would have held as much.  The fact that the Court did not shows that the absence of infringement allegations against Twitter's customers is fatal to Twitter's argument in this case.

The other cases that Twitter cites also do not support its arguments.  Dkt. No. 45 at p. 11.  Contrary to what Twitter suggests, the Federal Circuit did not conclude in *ArcelorMittal v. AK Steel Corp.*, 856 F.3d 1365, 1370 (Fed. Cir. 2017) that a covenant not to sue must extend to customers in

DEFENDANT VOIP-PAL.COM, INC.'S REPLY TO TWITTER'S OPPOSITION TO VOIP-PAL'S MOTION TO DISMISS ALL CLAIMS WITHOUT PREJUDICE UNDER FED. R. CIV. P. 12(b)(1)
Case No. 5:21-CV-02769-LHK

4

order to divest a court of subject-matter jurisdiction. Rather, the Federal Circuit found the Arcelor Mittal covenant deficient because it was *not unconditional*: "At no time before the court entered summary judgment did ArcelorMittal *unconditionally* assure Defendants and their customers that it would never assert RE'153 claims 24 and 25 against them." *ArcelorMittal v. AK Steel Corp.*, 856 F.3d 1365, 1370 (Fed. Cir. 2017) (emphasis in original). Moreover, Arcelor Mittal's proposed second amended and supplemental complaint, which contained its infringement allegations regarding the RE'153 patent, expressly alleged that third parties infringe the RE '153 patent. *See* Declaration of Lewis E. Hudnell, III, Ex. 1 at ¶¶24, 33. As discussed above, VoIP-Pal has never asserted that any party infringes the '872 patent, much less Twitter's customers.

In another case cited by Twitter, *SanDisk Corp. v. Mobile Media Ideas LLC*, 2011 WL 1990662, at *2 (N.D. Cal. May 23, 2011), the court found that "MMI accused SanDisk's customers of patent infringement and indicated that they are susceptible to liability." In addition, a declaration was supplied to the court containing evidence that MMI employees were emailing SanDisk to accuse its customers of patent infringement liability. *Id.* at *1. No such facts exist in this case. Other cases have held that "[f]acts regarding litigation threats against an accused infringer's customers or demands for indemnification are 'essential allegations' if the accused infringer wishes to show that an actual case or controversy remains." *Credit Acceptance Corp. v. Westlake Servs.*, No. CV 13-01523 SJO (MRWx), 2015 U.S. Dist. LEXIS 188210, at *10 (C.D. Cal. Aug. 24, 2015) (citing *FedEx Corp. Services, Inc. v. Eclipse IP LLC*, 15 F. Supp. 3d 1346, 1350 (N.D. Ga. 2013)). Twitter does not and cannot show any specific litigation threats to its customers or any demands for indemnification regarding the '872 patent.

Lastly, in *Arris Grp., Inc. v. British Telecomm. PLC*, 639 F.3d 1368 (Fed. Cir. 2011), the Federal Circuit held that there was an actual controversy between Cable One's supplier, Arris, and BT, after BT accused Cable One of infringement. *Id.* at 1374-75. BT in fact "singled out Arris' products in support of its infringement contentions," and was thus identified by BT in the underlying patent action giving

DEFENDANT VOIP-PAL.COM, INC.'S REPLY TO TWITTER'S OPPOSITION TO VOIP-PAL'S MOTION TO DISMISS ALL CLAIMS WITHOUT PREJUDICE UNDER FED. R. CIV. P. 12(b)(1)
Case No. 5:21-CV-02769-LHK

5

rise to Arris' declaratory-judgment complaint. *Id.* at 1377-78. While the Federal Circuit's holding permitted Arris—the supplier—to bring a declaratory-judgment action against BT, that is not the posture of this case because no supplier of Twitter has been identified or filed suit. Moreover, *Arris* said nothing about requiring that a CNTS must cover unidentified suppliers, customers, or third parties in order to divest the court of jurisdiction.

In sum, VoIP-Pal has no need to extend the CNTS to Twitter's customers to divest this Court of jurisdiction over Twitter's declaratory-judgment claims because there is no case or controversy regarding Twitter's customers. Thus, Twitter's objection to the CNTS, under the facts in this case, is meritless.

**C.     The CNTS Does Not Need To Extend To Third Parties To Divest The Court Of Jurisdiction.**

Twitter's claim that VoIP-Pal's CNTS is insufficient to eliminate subject-matter jurisdiction because it does not cover third parties allegedly involved in routing and sending communications from and to Twitter's platform also lacks merit. Dkt. No. 45 at p. 12. Not only does Twitter not identify who these third parties are, but Twitter's complaint does not purport to seek relief for any third parties; Twitter's complaint contains no allegations that VoIP-Pal would seek to sue any specific third party for patent infringement; Twitter's complaint contains no allegations that such actions would cause Twitter to suffer any injury in fact; and Twitter's complaint contains no allegations that it would have standing to maintain a declaratory-judgment action against VoIP-Pal solely on the basis of unalleged infringing acts by third parties. Indeed, as noted above, Twitter's complaint expressly states multiple times that a case or controversy exists between only Twitter and VoIP-Pal. *See* Dkt. No. 1 at ¶¶1, 13, 23, 54, 57.

Twitter's reliance on VoIP-Pal's infringement allegations in VoIP-Pal's 2016 case against Twitter are irrelevant. Not only did that case concern different patents, but VoIP-Pal has never asserted the '872 patent against any party, much less third parties involved in routing and sending

DEFENDANT VOIP-PAL.COM, INC.'S REPLY TO TWITTER'S OPPOSITION TO VOIP-PAL'S MOTION TO DISMISS ALL CLAIMS WITHOUT PREJUDICE UNDER FED. R. CIV. P. 12(b)(1)
Case No. 5:21-CV-02769-LHK

6

communications from and to Twitter's platform.  As such, Twitter's argument that VoIP-Pal's CNTS is deficient because it does not extend to third parties should be rejected.

### III. CONCLUSION

For all the reasons set forth above and in its opening brief, VoIP-Pal respectfully requests that the Court grant VoIP-Pal's motion to dismiss this action for lack of case or controversy based on the CNTS contained in VoIP-Pal's Motion and order that each side bear its own attorney's fees, costs, and expenses.

Dated: December 30, 2021	Respectfully submitted,

*/s/ Lewis E. Hudnell, III*
Lewis E. Hudnell, III (CASBN 218736)
lewis@hudnelllaw.com
Nicolas S. Gikkas (CASBN 189452)
nick@hudnelllaw.com
HUDNELL LAW GROUP P.C.
800 W. El Camino Real Suite 180
Mountain View, California 94040
T: 650.564.3698
F: 347.772.3034

Attorneys for Defendant
VOIP-PAL.COM, INC.

# CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the forgoing DEFENDANT VOIP-PAL.COM'S REPLY TO TWITTER'S OPPOSITION TO VOIP-PAL's MOTION TO DISMISS ALL CLAIMS WITHOUT PREJUDICE UNDER FED. R. CIV. P. 12(b)(1) via the Court's CM/ECF system pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5(b)(1) this 30th day of December, 2021.

By: */s/ Lewis E. Hudnell, III*
Lewis E. Hudnell III
Hudnell Law Group P.C.
800 W. El Camino Real Suite 180
Mountain View, California 94040
T: 650.564.3698
F: 347.772.3034
lewis@hudnelllaw.com

DEFENDANT VOIP-PAL.COM, INC.'S REPLY TO TWITTER'S OPPOSITION TO VOIP-PAL'S MOTION TO DISMISS ALL CLAIMS WITHOUT PREJUDICE UNDER FED. R. CIV. P. 12(b)(1)
Case No. 5:21-CV-02769-LHK

8