UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWITTER, INC.,<br><br>   Plaintiff,<br><br>  v.<br><br>VOIP-PAL.COM, INC.,<br><br>   Defendant. | Case No. 3:21-cv-02769-JD<br><br>**ORDER RE MOTION TO DISMISS** |

  In this declaratory judgment action, plaintiff Twitter, Inc. seeks a declaration of non-infringement of U.S. Patent No. 9,935,872 (the '872 patent) against patent owner and defendant VoIP-Pal.com, Inc. (VoIP). Dkt. No. 1 (complaint); Dkt. No. 1-1 ('872 patent). A district judge previously assigned to this case denied VoIP's motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue. Dkt. No. 38. VoIP subsequently moved to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) on the grounds that VoIP granted Twitter a covenant not to sue, divesting the Court of jurisdiction. Dkt. No. 43. The parties' familiarity with the record is assumed. Dismissal is granted.

  The reason for dismissal is straightforward. VoIP has now granted Twitter the following covenant not to sue:

> VoIP-Pal.com, Inc. unconditionally and irrevocably covenants not to sue Twitter, Inc., now or in the future, for infringement of any claim of U.S. Patent No. 9,935,872 based on any products and services that Twitter is currently making, using, selling, offering for sale, or importing as of the date of this covenant or any products and services that Twitter, Inc. made, used, sold, offered for sale, or imported at any time before the date of this covenant.

VoIP says that this covenant not to sue is identical to the covenants granted to Twitter, AT&T, and Apple for U.S. Patent 10,218,606 in *Twitter, Inc. v. VoIP-Pal.com, Inc.*, No. 20-cv-2397-JD, *AT&T Corp. v. VoIP-Pal.com, Inc.*, No. 20-cv-2995-LHK; *Apple Inc. v. VoIP-Pal.com, Inc.*, No. 20-cv-2460-LHK.

Twitter's main objection to dismissal is that the covenant does not go far enough. Twitter says that the covenant does not cover Twitter's customers and third parties involved in Twitter's platform, and so dismissal is not warranted. Dkt. No. 45 at 10-12.

The point is not well taken. Whether a court has and maintains jurisdiction in a declaratory judgment action is determined by examining "all the circumstances" to determine whether a substantial controversy exists between the parties. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). A patentee may divest the trial court of jurisdiction over a declaratory judgment case by "filing a covenant not to assert the patent at issue against the putative infringer with respect to any of its past, present, or future acts." *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995) *overruled on other grounds by MedImmune,* 549 U.S. 118 (2007). "Whether a covenant not to sue will divest the trial court of jurisdiction depends on what is covered by the covenant." *Revolution Eyeware, Inc. v. Aspex Eyeware, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2009).

Twitter says that the failure to include Twitter's customers and unspecified third parties involved in Twitter's products means that the covenant not to sue is insufficient to divest the Court of jurisdiction in this case. Dkt. No. 45 at 10-12. Twitter relies on *Apple Inc. v. VoIP-Pal.com, Inc.*, No. 20-cv-2460-LHK, 2021 WL 3810263 (N.D. Cal. Aug. 26, 2021) and *AT&T Corp v. VoIP-Pal.com, Inc.*, No. 20-cv-2995-LHK, 2021 WL 3773611 (N.D. Cal. Aug. 25, 2021) to argue that VoIP's motion to dismiss should be denied. Dkt. No. 45 at 11.

These citations are inapt. Significant factual differences between Twitter and Apple and AT&T in those cases exist that preclude denial of the motion to dismiss in this case.

To start, in *Apple*, the court noted that VoIP had sued Apple in the Western District of Texas and specifically asserted that Apple's customers infringed the patent at issue. *Apple*, 2021 WL 3810263, at *10. The same was true in *AT&T* -- VoIP had accused AT&T's customers of

infringement. *AT&T*, 2021 3773611, at *10. In contrast, VoIP has not sued Twitter on the '872 patent, nor has VoIP alleged that Twitter's customers infringe the '872 patent. Nor has VoIP ever accused Twitter's customers of infringing any other patent owned by VoIP.

So too for Twitter's other case citations. In *ArcelorMittal v. AK Steel Corp.*, although the Federal Circuit found that the patent owner failed to "assure Defendants and their customers that it would never assert" the patent against them again, the court's focus was on the fact that the covenant not to sue was not unconditional. *ArcelorMittal v. AK Steel Corp.*, 856 F.3d 1365, 1370 (Fed. Cir. 2017). The covenant not to sue in that case was granted to both the defendant and customers but was not found to divest the court of jurisdiction because it was conditioned on the resolution of a motion. *Id*. at 1368. Twitter, in contrast, has not claimed that the covenant not to sue in this case is conditional in any way. In *SanDisk Corp. v. Mobile Media Ideas LLC*, the covenant not to sue did not cover SanDisk's customers, and the patent owner had accused those customers of infringement in correspondence with SanDisk. *SanDisk Corp. v. Mobile Media Ideas LLC*, No. 11-cv-597-CW, 2011 WL 1990662, at *2 (N.D. Cal. May 23, 2011). As established, Twitter's customers have never been accused of infringing any patent by VoIP, let alone the '872 patent.

Based on the totality of the circumstances in this case, Twitter has not established that the potential infringement of its customers, which have never been accused of infringement in this or any other case between VoIP and Twitter, create an actual controversy that remains unresolved by the covenant not to sue. Consequently, the covenant not to sue divests the Court of jurisdiction and VoIP's motion to dismiss is granted.

**IT IS SO ORDERED.**

Dated: July 26, 2022

JAMES DONATO
United States District Judge